**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SMONE HONEYCUTT, JERESA WHITE, and SHANTEL SAGO, individually and on behalf of similarly situated individuals,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TEA DATING ADVICE, INC.<br><br>　　　　Defendant. | Case No. 1:25-cv-10885 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Tea Dating Advice, Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

**I.　Threshold Requirements**

1.　On August 6, 2025, Plaintiffs Smone Honeycutt, Jeresa White, and Shantel Sago ("Plaintiffs") filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, Chancery Division, captioned *Honeycutt v. Tea Dating Advice, Inc.*, No. 2025CH08182 (the "State Court Action").

2.　Plaintiffs served Defendant on August 12, 2025.

3.　This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Plaintiffs served Defendant.

4.　Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit A**.

5. Plaintiffs bring a single count Complaint for a single cause of action: a violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA").

6. Plaintiffs allege that Defendant violated BIPA by scanning a user's facial geometry to verify the user's identity. (Compl., ¶ 21). Specifically, Plaintiffs allege that Defendant "collected, stored, possessed, and analyzed" their "facial geometry," from uploaded "selfies" or driver's licenses, and, allegedly in violation of BIPA, failed to "obtain proper consent" to collect such biometrics, "make publicly available any BIPA compliant written policy as to Defendant's retention and deletion practices," to inform Plaintiff and the Class "in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used," and obtain consent to disclose or otherwise disseminate biometrics. (Compl., ¶¶ 21, 28, 41, 43.)

7. Plaintiffs seek to represent a putative class of "[a]ll individuals whose facial biometric identifiers or biometric information were collected, captured, stored, possessed, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period." (Compl., ¶ 31).

**II.    Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)**

8. Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v.*

*Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[1] Here, all three conditions are satisfied.

9. Plaintiffs estimate that the putative class includes "thousands of members." (Compl., ¶ 32.)

10. The class must contain at least two thousand people to constitute "thousands" of persons. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

11. According to the allegations in the Complaint, Plaintiffs are residents and citizens of Illinois. (Compl., ¶¶ 4-6).

12. Defendant is a Delaware corporation. (Compl. ¶ 7.) Plaintiffs did not allege Defendant's principal place of business in the Complaint, but Defendant represents that its principal place of business is in San Francsico, California. Therefore, Defendant is a citizen of Delaware and California.

13. Because Plaintiffs are citizens of Illinois and Defendant is a citizen of Delaware and California, at least one member of the class of plaintiffs is a citizen of a State different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

14. Because Defendant is not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. §§ 1332(d)(3)-(4).

15. For purposes of assessing the amount in controversy, Plaintiffs' allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim.").

---

[1] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

16. Plaintiffs seek declaratory relief, "injunctive and equitable relief," "statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS § 14/20(2)", or "statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS § 14/20(1)," "reasonable attorneys' fees, costs and other litigation expenses pursuant to 740 ILCS § 14/20(3)" and "pre-and post-judgment interest." (Compl., pp. 10-11).

17. Because Plaintiffs are seeking statutory damages of $5,000.00 for each alleged violation, in addition to attorney's fees and unspecific injunctive and equitable relief, and they allege that the number of persons within the class amount to "thousands" of persons—which must be at least two thousand people—the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).[2]

18. This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

**III.   Venue**

19. Venue is proper in the Eastern Division of the Northern District of Illinois because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

20. Defendant will provide written notice of the filing of this Notice of Removal to plaintiff the Circuit Court of Cook County, Illinois, Chancery Division.

**WHEREFORE,** Defendant Tea Dating Services, Inc. hereby removes this civil action to this Court on the bases identified above.

---

[2] If damages are calculated on a per-person basis and there are at least 2,000 class members, the amount in controversy would be $10,000,000, plus attorneys' fees and the value of other unspecific relief that Plaintiff seeks.

Dated: September 10, 2025

Respectfully submitted,

By: */s/ Katharine H. Walton*
Joel C. Griswold
Bonnie Keane DelGobbo
Katharine H. Walton
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700
Chicago, Illinois 60606
Telephone: (312) 416-6200
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com
kwalton@bakerlaw.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing Notice of Removal to be served on counsel of record via email and first-class mail on September 10, 2025, to:

Eugene Y. Turin
Jordan R. Frysinger
McGuire Law, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com

*/s/ Katharine H. Walton*