# EXHIBIT A

Case: 1:25-cv-10885 Document #: 1-1 Filed: 09/10/25 Page 2 of 31 PageID #:28

FILED
8/6/2025 1:18 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08182
Calendar, 9
33899118

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |
|---|---|
| SMONE HONEYCUTT, JERESA WHITE, and SHANTEL SAGO individually and on behalf of similarly situated individuals, <br><br> *Plaintiffs,* <br><br> v. <br><br> TEA DATING ADVICE, INC, a Delaware corporation, <br><br> *Defendant.* | ) ) ) ) ) ) ) ) ) ) ) ) ) |

No.  **2025CH08182**

Hon.

## <u>CLASS ACTION COMPLAINT</u>

Plaintiffs Smone Honeycutt, Jeresa White, and Shantel Sago (collectively "Plaintiffs"), individually and on behalf of other similarly situated individuals, bring this Class Action Complaint against Defendant Tea Dating Advice, Inc. ("Defendant" or "Tea") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") and to obtain redress for all persons injured by Defendant's conduct. Plaintiffs allege as follows based on personal knowledge as to their own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by their attorneys.

## <u>INTRODUCTION</u>

1.      Plaintiffs seek to represent a class of individuals who had their unique facial biometrics unlawfully collected, retained, disclosed and used without their consent or authorization by Defendant when they interacted with the identity verification process as part of registration for Defendant's Tea App.

2.      On behalf of themselves and the proposed Class defined below, Plaintiffs seek an

1

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

## PARTIES

4.      At all relevant times, Plaintiff Smone Honeycutt has been a citizen of Illinois and resident of Will County.

5.      At all relevant times, Plaintiff Jeresa White has been a citizen of Illinois and resident of Cook County.

6.      At all relevant times, Plaintiff Shantel Sago has been a citizen of Illinois and resident of Will County.

7.      Defendant Tea Dating Advice, Inc. is a Delaware corporation that conducts business throughout Illinois, including in Cook County, Illinois.

## JURISDICTION AND VENUE

8.      This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conducts business within this state and because Plaintiffs' claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiffs' biometric identifiers and/or biometric information in this state.

9.      Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Cook County, Illinois, and thus resides there under § 2-102, and because the biometric transactions out of which this cause of action arises occurred in Cook County, Illinois.

## THE BIOMETRIC INFORMATION PRIVACY ACT

10.      "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google*

2

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

*Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296.

11.     BIPA was enacted in 2008 in order to safeguard individuals' biometrics as the result of the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA is codified as Act 14 in Chapter 740 of the Illinois Compiled Statutes.

12.     As set forth in BIPA, biologically unique identifiers, such as a person's unique facial geometry, cannot be changed. 740 ILCS 14/5(c). The inalterable nature of biologically unique identifiers presents a heightened risk when an individual's biometrics are not protected in a secure and transparent fashion. 740 ILCS 14/5(d)–(g).

13.     As a result of the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities that collect or maintain individuals' biometrics, including those obtained through facial scans.

14.     Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)-(e).

15.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

16.     "Biometric information" is defined by BIPA as "any information, regardless of

3

FILED DATE: 8/6/2025 1:18 PM    2025CH08182

how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id*. This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics."

17.     In BIPA, the Illinois General Assembly identified five distinct activities that may subject private entities to liability:

   a.    possessing biometrics without a proper publicly available policy, 740 ILCS 14/15(a);

   b.    collecting, capturing, purchasing, receiving, or obtaining biometrics, 740 ILCS 14/15(b);

   c.    selling, leasing, trading, or profiting from biometrics, 740 ILCS 14/15(c);

   d.    disclosing or disseminating biometrics, 740 ILCS 14/15(d); and

   e.    failing to secure biometric data using a reasonable standard of care, 740 ILCS 14/15(e).

18.     As the Illinois Supreme Court has held, BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 33, 129 N.E.3d 1197, 1206 (Ill. 2019). The Illinois Supreme Court further held that when a private entity fails to comply with BIPA "that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Id.*

## FACTUAL BACKGROUND

19.     Defendant is the owner and operator of the viral mobile phone dating application "Tea" (hereinafter the "Tea App.").

20.     During the relevant period, Defendant claims to have had 5.7 million users register

4

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

for its Tea App., including thousands of users residing within the State of Illinois.[1]

21.     In order to verify the gender and identity of potential users of the Tea App. Defendant collected, stored, possessed, and analyzed potential users' facial geometry. Specifically, the Tea App required potential users to upload a "selfie" picture of their face. Some users were also required to upload photos of their Illinois Driver's License. These photos were then used to biometrically analyze potential users' facial geometry to verify their gender and identity before granting them access to Defendant's services.

22.     In or about July of 2025, Plaintiff Smone Honeycutt registered as a user of the Tea App. During the registration process Plaintiff was required to upload a "selfie" picture of her face so that Defendant could biometrically analyze her facial geometry to verify her gender.

23.     In or about July of 2025, Plaintiff Jeresa White registered as a user of the Tea App. During the registration process Plaintiff was required to upload a "selfie" picture of her face as well as a photo of her Illinois Driver's License so that Defendant could biometrically analyze her facial geometry to verify her gender and identity.

24.     On information and belief, Defendant used Plaintiff White's "selfie" picture of her face so that it could biometrically compare the "selfie" with Plaintiff White's picture on her Illinois Driver's License and confirm that the images match.

25.     In or about July of 2025, Plaintiff Shantel Sago registered as a user of the Tea App. During the registration process Plaintiff was required to upload a "selfie" picture of her face so that Defendant could biometrically analyze her facial geometry to verify her gender.

26.     Thus, each time Plaintiffs were required to upload a "selfie" or picture of their Illinois Driver's License to verify their gender or identity, Defendant collected, captured,

---

[1] https://www.teaforwomen.com/about (last accessed July 31, 2025).

5

possessed, and stored their biometrics in the form of facial geometry.

27.     However, even though Defendant collected, captured, possessed, and stored Plaintiffs' and Class members' facial biometrics, Defendant failed to obtain proper written consent as required by BIPA to collect such biometrics.

28.     In addition, at the time Defendant collected and came into possession of Plaintiffs' facial biometrics, Defendant failed to make publicly available any BIPA compliant written policy as to Defendant's retention and deletion practices regarding the biometrics in its possession.

29.     On information and belief, Defendant uses third-party biometric services in order to verify the gender and identity of individuals registering for its Tea App. Thus, by using a third-party vendor to biometrically analyze Plaintiffs' facial biometrics, Defendant also unlawfully disclosed Plaintiffs' and other Class members' facial biometric data to third-party biometric vendors and data storage vendors without Plaintiffs' and Class members' consent.

30.     By failing to comply with BIPA, Defendant has violated Plaintiffs' substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

31.     Plaintiffs bring this action on behalf of themselves and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiffs seek to represent a Class defined as follows:

> **Class**: All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, possessed, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period.

32.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

33.     There are thousands of members of the Class, making the members of the Class so

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through Defendant's records.

34.     Plaintiffs' claims are typical of the claims of the Class they seek to represent, because the basis of Defendant's liability to Plaintiffs and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiffs and to the Class.

35.     There are many questions of law and fact common to the claims of the Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a.     Whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from Illinois residents;

b.     Whether Defendant obtained valid written consent from the Class members before capturing, collecting, or otherwise obtaining their facial biometric identifiers or biometric information;

c.     Whether Defendant disseminates or otherwise discloses the biometric information of Class members without their consent;

d.     Whether Defendant had a publicly available policy regarding its use of biometrics that was compliant with BIPA;

e.     Whether Defendant's conduct violates BIPA;

f.     Whether Defendant's BIPA violations are willful or reckless; and

g.     Whether Plaintiffs and the Class are entitled to damages and injunctive relief.

36.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

37.     Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class they seek to represent. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

38.     Defendant has acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## <u>COUNT I</u>
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.**
**(On behalf of Plaintiffs and the Class)**

39.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

40.     Defendant is a private entity under BIPA.

41.     BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and

FILED DATE: 8/6/2025 1:18 PM   2025CH08182

(3) receives a written release executed by the subject of the biometric identifier or biometric information " 740 ILCS 14/15(b).

42.     Plaintiffs and the other Class members have had their "biometric identifiers," namely scans of their facial geometry collected, captured, or otherwise obtained by Defendant when they registered as users for Defendant's service. 740 ILCS 14/10.

43.     Defendant's practice with respect to capturing, collecting, storing, possessing, disclosing and using biometrics fails to comply with applicable BIPA requirements:

a.     Defendant failed to make publicly available a written biometric retention and destruction policy detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a);

b.     Defendant failed to inform Plaintiffs and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

c.     Defendant failed to inform Plaintiffs and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d.     Defendant failed to inform Plaintiffs and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

e.     Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3); and

f.     Defendant failed to obtain informed consent to disclose or disseminate the

9

FILED DATE: 8/6/2025 1:18 PM    2025CH08182

Class's biometrics, as required by 740 ILCS 14/15(d)(1).

44.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

45.     Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

46.     Accordingly, with respect to Count I, Plaintiffs, individually and on behalf of the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf the proposed Class, respectfully requests that this Court enter an Order:

a.    Certifying the Class as defined above, appointing Plaintiffs as class representatives and the undersigned as class counsel;

b.    Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.    Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA;

d.    Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e.    Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f.    Awarding reasonable attorneys' fees, costs, and other litigation expenses,

10

FILED DATE: 8/6/2025 1:18 PM    2025CH08182

pursuant to 740 ILCS 14/20(3);

g.     Awarding pre- and post-judgment interest, as allowable by law; and

h.     Awarding such further and other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

DATED: August 6, 2025                     Respectfully submitted,

                                          SMONE HONEYCUTT, JERESA WHITE, and SHANTEL SAGO, individually and on behalf of similarly situated individuals

                                          By: /s/ *Jordan R. Frysinger*
                                          One of Plaintiffs' Attorneys

Eugene Y. Turin
Jordan R. Frysinger
McGuire Law, P.C. (Firm ID 56618)
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*

FILED
8/11/2025 11:42 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08182
Calendar, 9
33955086

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |  |
|---|---|---|
| SMONE HONEYCUTT, JERESA WHITE, and SHANTEL SAGO individually and on behalf of similarly situated individuals, | ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 2025-CH-08182 |
| v. | ) ) ) | Hon. Cecilia A. Horan |
| TEA DATING ADVICE, INC, a Delaware corporation | ) ) ) | |
| *Defendant.* | ) ) ) | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiffs Smone Honeycutt, Jeresa White, and Shantel Sago ("Plaintiffs"), by and through their undersigned counsel, pursuant to 735 ILCS 5/2-801, move for entry of an order certifying the Class proposed below, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' attorneys as Class Counsel. Alternatively, Plaintiffs request, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g.*, *Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of their Motion, Plaintiffs submit the following Memorandum of Law.

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

Dated: August 11, 2025

Respectfully submitted,

SMONE HONEYCUTT, JERESA WHITE,
and SHANTEL SAGO, individually
and on behalf of similarly situated
individuals,

By:      /s/ *Jordan R. Frysinger*
         *One of Plaintiffs' Attorneys*

Eugene Y. Turin
Jordan R. Frysinger
MCGUIRE LAW, P.C. (Firm ID 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*

2

FILED DATE: 8/11/2025 11:42 AM  2025CH08182

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
<u>A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY</u>**

This Court should certify a class of individuals whose biometric information was collected, retained, disclosed and used without their consent or authorization by Defendant Tea Dating Advice, Inc. ("Defendant" or "Tea") in Illinois (the "Class").

Defendant is the owner and operator of the viral mobile phone dating application "Tea" (hereinafter the "Tea App.") which has garnered over 5.7 million users including thousands within Illinois. In order to verify Plaintiffs' and Class Members' identity and gender, Defendant collected, stored, possessed, and analyzed Plaintiffs' and Class Members' facial geometry without adequate consent. As part of the registration process Defendant required Plaintiffs and Class Members to upload a "selfie" picture of their face; some were also required to upload photos of their Illinois Driver's License. These photos were then used to biometrically analyze Plaintiffs' and Class Members' facial geometry to verify their gender and identity before granting them access to Defendant's services

## I.      <u>INTRODUCTION: BIPA</u>

Recognizing the power of biometric information to identify people, and the evolving understanding of the ways in which biometric identifiers can be used, the Illinois Legislature enacted BIPA to provide heightened biometric privacy rights. As a result of the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities that collect or maintain individuals' biometrics, including those obtained through facial scans. Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

"information." 740 ILCS 14/15(a)-(e). The Illinois General Assembly has identified five distinct activities that may subject private entities to liability:

a.  possessing biometrics without a proper publicly available policy, 740 ILCS 14/15(a);

b.  collecting, capturing, purchasing, receiving, or obtaining biometrics, 740 ILCS 14/15(b);

c.  selling, leasing, trading, or profiting from biometrics, 740 ILCS 14/15(c);

d.  disclosing or disseminating biometrics, 740 ILCS 14/15(d); and

e.  failing to secure biometric data using a reasonable standard of care, 740 ILCS 14/15(e).

BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10. (Compl., ¶ 15.)

"Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10. This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics." (Compl., ¶ 16.)

## II.   FACTUAL BACKGROUND

### A.   The Underlying Misconduct.

As part of the registration process for use of their service, Defendant collected, stored, possessed, and analyzed Plaintiffs' and Class Members' facial geometry without adequate consent.

4

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

(Compl., ¶ 21.) Specifically, Defendant required Plaintiffs and Class Members to upload a "selfie" picture of their face; some Plaintiffs and Class Members were required to upload a photo of their Illinois Driver's License. (*Id.* at ¶ 21.) Facial geometry illegally collected from these photos was then used to biometrically analyze potential users' facial geometry to verify their gender and identity before granting them access to Defendant's services. (*Id.*) Defendant engaged third-party biometric vendors to facilitate this verification process unlawfully disclosing Plaintiffs' and other Class members' facial biometric data to third-party biometric vendors and data storage vendors without Plaintiffs' and Class members' consent. (*Id.* at ¶ 29.)

## B.    The Proposed Class

Plaintiffs bring this action on behalf of themselves and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiffs seek to represent a Class defined as follows:

> All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, possessed, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period.

(Compl., ¶ 31.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## III.   <u>ARGUMENT</u>

### A.    Standards for Class Certification

To obtain class certification, it is not necessary for plaintiffs to establish that they will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the

5

merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movants must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)  The class is so numerous that joinder of all members is impracticable.
> (2)  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)  The representative parties will fairly and adequately protect the interest of the class.
> (4)  The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard*

6

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

*RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiffs have not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B.    The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement plaintiffs need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiffs allege that there are at least one hundred members of the Class. (Compl., ¶ 33.) Because definitive evidence of numerosity can only come from the records of Defendant and their agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records. (Compl., ¶ 33.) Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, because each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

## C.      Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984). These common questions include: whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from Illinois residents; whether Defendant obtained valid written consent from the Class members before capturing, collecting, or otherwise obtaining their facial biometric identifiers or biometric information; whether Defendant disseminates or otherwise discloses the biometric information of Class members without their consent; whether Defendant had a publicly available policy regarding its use of biometrics that was compliant with BIPA; whether Defendant's conduct violates BIPA; whether Defendant's BIPA violations are willful or reckless; and whether Plaintiffs and the Class are entitled to damages and injunctive relief. (Compl., ¶ 35.)

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiffs have satisfied this hurdle to certification.

### D.      Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representatives' interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiffs have the exact same interest as the members of the proposed Class. Plaintiffs have alleged that, like the other members of the Class, their biometric information was obtained by Defendant. Plaintiffs have also alleged that Defendant did so in violation of BIPA. Plaintiffs' pursuit of this matter against Defendant demonstrates that they will be zealous advocates for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and has been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representatives and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

### E.       Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of…protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations, which can involve significant injury to those affected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometric information are sufficiently protected, and to compensate those individuals who have had their statutorily protected biometric privacy rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.   **CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiffs respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiffs as Class Representatives, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: August 11, 2025                              Respectfully submitted,

SMONE HONEYCUTT, JERESA WHITE, and SHANTEL SAGO, individually and on behalf of similarly situated individuals,

By:      /s/ *Jordan R. Frysinger*
              *One of Plaintiffs' Attorneys*

Eugene Y. Turin
Jordan R. Frysinger
MCGUIRE LAW, P.C. (Firm ID 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com
*Attorneys for Plaintiffs and the Putative Class*

11

FILED DATE: 8/11/2025 11:42 AM   2025CH08182

## **<u>CERTIFICATE OF FILING</u>**

I hereby certify that on August 11, 2025, I caused the foregoing *Plaintiffs' Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* to be electronically filed with the Clerk of Court using the Cook County E-filing system.

/s/ *Jordan R. Frysinger*

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 9

FILED DATE: 8/11/2025 12:06 PM    2025CH08182

FILED
8/11/2025 12:06 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08182
Calendar, 9
33955816

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons - Alias Summons**      **(12/01/20) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

SMONE HONEYCUTT et al., on behalf of a class,

_____

Plaintiff(s)

v.

TEA DATING ADVICE, INC., a Delaware corporation

_____

Defendant(s)

Case No. 2025-CH-08182

TEA DATING ADVICE INC.
c/o LEGALINC CORPORATE SERVICES INC.
131 CONTINENTAL DRIVE, SUITE 305
NEWARK, DE 19713

Address of Defendant(s)

Please serve as follows (check one): ○ Certified Mail ○ Sheriff Service ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE**. You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/ appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Summons - Alias Summons** (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

- Atty. No.: 56618

Pro Se 99500

Name: McGuire Law, P.C.

Atty. for (if applicable):

Plaintiff

Address: 55 West Wacker Drive, 9th Floor

City: Chicago

State: IL    Zip: 60601

Telephone: (312)-893-7002

Primary Email: jfrysinger@mcgpc.com

Witness date

8/11/2025 12:06 PM Mariyana T. Spyropoulos

IRIS Y. MARTINEZ, Clerk of Court

Service by Certified Mail: _____

Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 8/11/2025 12:06 PM 2025CH08182

FILED DATE: 8/11/2025 12:06 PM   2025CH08182

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**  CivCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**  CntyCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**  DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**  DVCourtDate@cookcountycourt.com
Gen. Info:     (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**  LawCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**  ProbCourtDate@cookcountycourt.com
Gen. Info:     (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:**  D2CourtDate@cookcountycourt.com
Gen. Info:     (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**  D3CourtDate@cookcountycourt.com
Gen. Info:     (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:**  D4CourtDate@cookcountycourt.com
Gen. Info:     (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:**  D5CourtDate@cookcountycourt.com
Gen. Info:     (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:**  D6CourtDate@cookcountycourt.com
Gen. Info:     (708) 232-4551

FILED
8/12/2025 12:05 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08182
Calendar, 9
33976175

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 9

FILED DATE: 8/12/2025 12:05 PM    2025CH08182

Appearance and Jury Demand *                                      (12/01/20) CCG 0009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_____ COUNTY    DEPARTMENT/ __CH__ DISTRICT

SMONE HONEYCUTT, JERESA WHITE, et al.,
_____
                                    Plaintiff

              v.

TEA DATING ADVICE, INC,
_____
                                    Defendant

| | |
|---|---|
| Case No. | 2025 CH 08182 |
| Claimed $: | _____ |
| Return Date: | _____ Time: _____ |
| Court Date: | _____ Room No.: _____ |

Address of Court District for Filing

### APPEARANCE AND JURY DEMAND *

- [x] General Appearance
- [ ] Jury Demand *

- [x] 0900 - Fee Paid
- [ ] 0908 - Trial Lawyers Appearance - No Fee
- [ ] 1900 - Appearance and Jury Demand/Fee Paid
- [ ] 1904 - Appearance and Jury Demand/No Fee Paid

- [ ] 0904 - Fee Waived

- [ ] Twelve-person Jury
- [ ] Six-person Jury

The undersigned enters the appearance of:  ( ) Plaintiff  (•) Defendant

Litigant's Name: __Tea Dating Advice, Inc.__

Signature: /s/  __Bonnie Keane DelGobbo__

- [x] Initial Counsel of Record
- [ ] Pro Se (Self-represented)
- [ ] Additional Appearance
- [ ] Substitute Appearance

- [ ] 2810 Rule 707 Out-of-State Counsel
      (pro hac vice)

(•) Atty. No.: __6309394__    ( ) Pro Se 99500

Name: __Bonnie Keane DelGobbo__

Atty. for (if applicable):

__Defendant, Tea Dating Advice, Inc.__

Address: __Baker & Hostetler, LLP, One N. Wacker Dr., S-3700__

City: __Chicago__

State: __IL__  Zip: __60606__  Phone: __312-416-8185__

Primary Email: __bdelgobbo@bakerlaw.com__

**IMPORTANT**

*Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:
- [ ] I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**
I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ __Bonnie Keane DelGobbo__
_____
Attorney for  ( ) Plaintiff  (•) Defendant

### Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois

**cookcountyclerkofcourt.org**

Date: 8/26/2025

CIRCUIT COURT OF COOK COUNTY
CHANCERY DIV., RM. 802 DALEY CENTER.
CHICAGO IL-60602

Tea Dating Advice, Inc.

 -

DelGobboBonnie LuAnn Keane
bdelgobbo@bakerlaw.com

CASE: 2025CH08182 / CALENDAR: 09

Honeycutt, Smone -vs- Tea Dating Advice, Inc.,

YOUR COURT DATE IS ON Monday October 06 2025 AT 09:30 AM
** PLEASE DO NOT COME DOWN TO THE COURTHOUSE **
IN ORDER TO APPEAR BY TELEPHONE OR VIDEO FOR YOUR
USE THE FOLLOWING ZOOM INFORMATION:

ZOOM ACCESS CODE: 956 5899 1093  PASSWORD: 129359

INSTRUCTIONS FOR ACCESSING ZOOM BY VIDEO ARE AVAILABLE AT
HTTP://WWW.COOKCOUNTYCOURT.ORG/ AND AT HTTPS://ZOOM.US/
TO ACCESS ZOOM BY PHONE, CALL 312-626-6799 THEN ENTER THE
THE ACCESS CODE AND PASSWORD LISTED ABOVE.

IF YOU HAVE ANY QUESTIONS PLEASE CONTACT THE COURT
EMAILING CCC.CHANCERYCALENDAR9@COOKCOUNTYIL.GOV
OR CALLING 312-603-5926

Date: 8/27/2025

CIRCUIT COURT OF COOK COUNTY
CHANCERY DIV.,  RM. 802 DALEY CENTER.
 CHICAGO IL-60602

Tea Dating Advice, Inc.


  -

KeaneBonnie LuAnn
bdelgobbo@bakerlaw.com

CASE: 2025CH08182 / CALENDAR: 09

Honeycutt, Smone  -vs- Tea Dating Advice, Inc.,

YOUR COURT DATE IS ON Monday  October  06  2025 AT 09:30 AM
** PLEASE DO NOT COME DOWN TO THE COURTHOUSE **
IN ORDER TO APPEAR BY TELEPHONE OR VIDEO FOR YOUR
 USE THE FOLLOWING ZOOM INFORMATION:

ZOOM ACCESS CODE: 956 5899 1093  PASSWORD: 129359

INSTRUCTIONS FOR ACCESSING ZOOM BY VIDEO ARE AVAILABLE AT
HTTP://WWW.COOKCOUNTYCOURT.ORG/ AND AT HTTPS://ZOOM.US/
TO ACCESS ZOOM BY PHONE, CALL 312-626-6799 THEN ENTER THE
THE ACCESS CODE AND PASSWORD LISTED ABOVE.

IF YOU HAVE ANY QUESTIONS PLEASE CONTACT THE COURT
EMAILING CCC.CHANCERYCALENDAR9@COOKCOUNTYIL.GOV
OR CALLING 312-603-5926

Date: 8/28/2025

CIRCUIT COURT OF COOK COUNTY
CHANCERY DIV.,  RM. 802 DALEY CENTER.
 CHICAGO IL-60602

Sago Shantel


 -
FrysingerJordan Ruvolo
jfrysinger@mcgpc.com

CASE: 2025CH08182 / CALENDAR: 09

Honeycutt, Smone  -vs- Tea Dating Advice, Inc.,

YOUR COURT DATE IS ON Monday  October  06  2025 AT 09:30 AM
** PLEASE DO NOT COME DOWN TO THE COURTHOUSE **
IN ORDER TO APPEAR BY TELEPHONE OR VIDEO FOR YOUR
 USE THE FOLLOWING ZOOM INFORMATION:

ZOOM ACCESS CODE: 956 5899 1093  PASSWORD: 129359

INSTRUCTIONS FOR ACCESSING ZOOM BY VIDEO ARE AVAILABLE AT
HTTP://WWW.COOKCOUNTYCOURT.ORG/ AND AT HTTPS://ZOOM.US/
TO ACCESS ZOOM BY PHONE, CALL 312-626-6799 THEN ENTER THE
THE ACCESS CODE AND PASSWORD LISTED ABOVE.

IF YOU HAVE ANY QUESTIONS PLEASE CONTACT THE COURT
EMAILING CCC.CHANCERYCALENDAR9@COOKCOUNTYIL.GOV
OR CALLING 312-603-5926