IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SMONE HONEYCUTT, JERESA WHITE, and SHANTEL SAGO, individually and on behalf of similarly situated individuals, )<br><br>Plaintiffs, )<br><br>v. )<br><br>TEA DATING ADVICE, INC. )<br><br>Defendant. ) | Case No. 1:25-cv-10885<br><br>Hon. Martha Pacold |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS UNOPPOSED LOCAL RULE 40.4 AND FEDERAL RULE OF CIVIL PROCEDURE 42(A) MOTION FOR FINDING OF RELATEDNESS AND CONSOLIDATION**

This is one of four putative class action cases filed against Defendant Tea Dating Advice, Inc. ("Defendant") which purports to assert claims under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), in connection with allegations that Defendant extracted facial data from photos without making the proper disclosures or obtaining written consent. The complaints in all four cases define the putative classes in materially the same manner. To avoid wastefully duplicative litigation, and pursuant to Local Rule 40.4 and Fed. R. Civ. P. 42(a), all four cases should be deemed related, assigned to this Court's docket, and consolidated for further proceedings, including ordering the filing of a single consolidated complaint.

**BACKGROUND**

Plaintiffs Smone Honeycutt, Jeresa White, and Shantel Sago filed a putative class action in the Circuit Court of Cook County on August 6, 2025. Defendant removed the case to this Court on September 10, 2025. (**Exhibit A**, *Honeycutt v. Tea Dating Advice, Inc.*, No. 1:25-cv-10885 (N.D. Ill.) at ECF No. 1-1.) ("*Honeycutt*"). The *Honeycutt* Plaintiffs allege violations of the Illinois

Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA") in connection with Defendant's alleged use of the *Honeycutt* Plaintiffs' photos. They allege that Defendant violated BIPA by collecting, capturing, possessing, storing, and disclosing their facial data extracted from their photos without making the proper disclosures or obtaining written consent. (Ex. A ¶¶ 26-29.) The *Honeycutt* Plaintiffs seek to represent a class defined as "[a]ll individuals whose facial biometric identifiers or biometric information were collected, captured, stored, possessed, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period." (Ex. A ¶ 31.)

Plaintiffs Eric Diaz, Mark Sullivan, and Craig Hatfield filed a putative class action in the Circuit Court of the Twelfth Judicial Circuit, Will County, on August 7, 2025. Defendant removed the case to this Court on September 10, 2025. (**Exhibit B**, *Diaz v. Tea Dating Advice, Inc.*, No. 1:25-cv-10895 (N.D. Ill.) at ECF No. 1-1.) ("*Diaz*"). The *Diaz* Plaintiffs allege counts for violation of BIPA and violation of the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq.* in connection with Defendant's alleged use of the *Diaz* Plaintiffs' photos. For their BIPA count, they allege that Defendant violated BIPA by collecting, capturing, possessing, storing, and disclosing their facial data without making the proper disclosures or obtaining written consent. (Ex. B ¶¶ 31-33.). The *Diaz* Plaintiffs seek to represent a BIPA class defined as "[a]ll individuals whose facial biometric identifiers or biometric information were collected, captured, stored, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period." (Ex. B ¶ 43.) *Diaz* is pending before the Honorable Lindsay C. Jenkins.

Plaintiff Rodneka Perry filed a putative class action in the Circuit Court of Cook County on August 20, 2025. Defendant removed the case to this Court on October 2, 2025. (**Exhibit C**, *Perry v. Tea Dating Advice, Inc.*, No. 1:25-cv-12045 (N.D. Ill.) at ECF No. 1-1.) ("*Perry*").

Plaintiff Perry alleges counts for violations of BIPA in connection with Defendant's alleged use of her photos. She alleges that Defendant violated BIPA by collecting, capturing, possessing, storing, and disclosing her facial data without making the proper disclosures or obtaining written consent. (Ex. C ¶ 11.). She seeks to represent a class defined as "[a]ll individuals in the State of Illinois who had their biometric identifiers and/or biometric information collected, captured, received, obtained, maintained, stored or disclosed by Defendant during the applicable statutory period." (Ex. C ¶ 49.) *Perry* is pending before the Honorable Georgia N. Alexakis.

Plaintiff Jasmine Valdez filed a putative class action in the Circuit Court of Cook County on August 29, 2025. Defendant removed the case to this Court on October 2, 2025. (**Exhibit D**, *Valdez v. Tea Dating Advice, Inc.*, No. 1:25-cv-12050 (N.D. Ill.) at ECF No. 1-1.) ("*Valdez*"). Plaintiff Valdez alleges counts for violations of BIPA in connection with Defendant's alleged use of her photos. She alleges that Defendant violated BIPA by collecting, capturing, possessing, and storing her facial data without making the proper disclosures or obtaining written consent. (Ex. C ¶ 38.). She seeks to represent a class defined as "[a]ll Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used, by Defendant in Illinois." (Ex. D ¶ 49.) *Valdez* is pending before the Honorable April M. Perry.

## ARGUMENT

### I. The Cases Are Related And Should Be Transferred To This Court's Docket Under Local Rule 40.4.

Local Rule 40.4 specifies that "[t]wo or more civil cases may be related if … the cases involve some of the same issues of fact or law… or … in class action suits, one or more of the classes involved in the cases is or are the same." L.R. 40.4(a). The rule further specifies that a later-filed case may be reassigned to the judge presiding over the earlier-filed case if "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result

3

in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." L.R. 40.4(b).

*Diaz*, *Perry*, and *Valdez* (collectively, "*Tea Dating Cases*") are related to this case under Local Rule 40.4(a) and should be transferred to this Court's docket under Local Rule 40.4(b). This case and the *Tea Dating Cases* are all matters where the plaintiffs assert claims against Defendant for alleged violation of BIPA based on allegations that Defendant extracted their facial data from their photos. (Ex. A ¶¶ 19-30; Ex. B ¶¶ 25-34; Ex. C ¶¶ 29-46; Ex. D ¶¶ 18-39). Although Defendant disputes the allegations and disputes that a class can be certified in any of the four cases, all four cases are putative class action suits in which the named plaintiffs seek to represent putative classes defined in materially the same manner:

| **Action** | **Class** |
|---|---|
| Instant Action | "All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, possessed, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period. (Ex. A ¶ 31) |
| *Diaz* Action | "All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period." |
| *Perry* Action | "All individuals in the State of Illinois who had their biometric identifiers and/or biometric information collected, captured, received, obtained, maintained, stored or disclosed by Defendant during the applicable statutory period." (Ex. C ¶ 49.) |
| *Valdez* Action | "All Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used, by Defendant in Illinois." (Ex. D ¶ 40.) |

Consequently, the requirements of Local Rule 40.4(a) are met.

4

Furthermore, the conditions for reassigning *Diaz*, *Perry*, and *Valdez* to this Court's calendar under Local Rule 40.4(b) are met. All four cases are pending in the U.S. District Court for the Northern District of Illinois. Because each case seeks to assert BIPA claims against Defendant based on allegations that Defendant extracted facial data from photos, and the named Plaintiffs in each case all seek to represent a putative class defined in materially the same manner in each of the four complaints, having a single judge handle all cases will likely result in a substantial saving of judicial time and effort. Defendant has not yet filed its responsive pleading in any case, so designating the *Tea Dating Cases* as related to this case will not cause any substantial delay. Finally, the cases are susceptible of disposition in a single proceeding.

## II. The Cases Should Be Consolidated Under Fed. R. Civ. P. 42(a)(2).

Federal Rule of Civil Procedure 42(a) authorizes the consolidation of cases that "involve a common question of law or fact." "Whether to consolidate cases is within the court's discretion." *Rongere v. City of Rockford, Illinois*, No. 19 C 50133, 2022 WL 2355908, at *1 (N.D. Ill. Jan. 7, 2022). "For consolidation to be appropriate, the claims do not need to 'neatly overlap,' and the issues of fact or law do not need to be identical." *Id.*

All four cases should be consolidated under Fed. R. Civ. P. 42(a)(2). As explained above, all four cases purport to assert putative class action claims under BIPA, and the complaints in all four cases include materially the same proposed class definition. Although Defendant's position is that a class cannot be certified in any of the four cases, "'[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge.'" *Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238, at *3 (N.D. Ill. Oct. 8, 2019) (quoting *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999)). Indeed, courts in this District have recognized that consolidation is appropriate under these

5

circumstances. *See Johnson v. Ford Motor Co.*, No. 1:23-CV-14027, 2024 WL 1328829, at *3 (N.D. Ill. Mar. 28, 2024) (ordering Local Rule 40.4 reassignment and Fed. R. Civ. P. 42(a) consolidation of putative class actions which alleged violation of the same laws in relation to the defendant's camera system); *Brunner v. Jimmy John's, LLC*, No. 14 C 5509, 2016 WL 7232560, at *2 (N.D. Ill. Jan. 14, 2016) (consolidating cases that "both involve FLSA claims for unpaid overtime based on highly similar allegations asserted on behalf of nationwide FLSA collectives of Jimmy John's assistant store managers").

## CONCLUSION

The *Tea Dating Cases* should all be deemed related and transferred to this Court's docket pursuant to Local Rule 40.4. Additionally, to avoid wastefully duplicative litigation in these overlapping putative class actions, all four cases should be consolidated, and the named Plaintiffs in all four cases should be ordered to file a consolidated complaint, pursuant to Fed. R. Civ. P. 42.

Dated: October 6, 2025                                  Respectfully submitted,

By: */s/ Katharine H. Walton*
Joel C. Griswold
Bonnie Keane DelGobbo
Katharine H. Walton
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700
Chicago, Illinois 60606
Telephone: (312) 416-6200
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com
kwalton@bakerlaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all Counsel of Record. I further certify that I caused a true copy of the foregoing document to be served via email and first-class mail on October 6, 2025, to:

Eugene Y. Turin
Jordan R. Frysinger
McGuire Law, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
jfrysinger@mcgpc.com

Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

Jay Kumar
211 W. Wacker Dr, Suite 200B
Chicago, IL 60606
Tel: 312-767-7903
Jay@jaykumarlaw.com

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Katharine H. Walton*