# EXHIBIT C

FILED
8/20/2025 2:38 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34100627

FILED DATE: 8/20/2025 2:38 PM  2025CH08668

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| **RODNEKA PERRY, individually, and** <br> **on behalf of all others similarly situated,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **TEA DATING ADVICE, INC.** ) <br> ) <br> **Defendant.** ) | **Case No.** 2025CH08668 <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Rodneka Perry ("Perry" or "Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), by and through her attorneys, brings this Class Action Complaint ("Complaint") pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802, against Tea Dating Advice, Inc. ("Defendant" or "Tea"), to redress and curtail Defendant's unlawful collection, obtainment, use, storage, and disclosure of Plaintiff's sensitive and proprietary biometric identifiers and biometric information (collectively referred to herein as "biometric data"). Plaintiff alleges as follows upon personal knowledge as to herself, her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. Defendant owns and operates a female-only mobile phone dating application, "Tea" (hereinafter the "Tea App"), which Defendant claims makes dating "safe, informed, and empowering."[1]

---

[1] https://www.teaforwomen.com/about (last visited Aug. 15, 2025).

2. Plaintiff seeks to represent a class of individuals who had their biometric data unlawfully collected, retained, disclosed and used without their consent or authorization by Defendant when they completed the identity verification process as part of creating an account on Defendant's Tea App.

3. Specifically, to create an account for Defendant's Tea App, female users are required to submit a photograph of their face and a photo identification card, from which Defendant collects scans of the user's facial geometry to verify the user's identity and gender.

4. Defendant uses artificial intelligence program(s) through third-party vendor(s) for its identity and gender verification process.

5. Once a Tea App user's identity and gender are verified, users may post (either anonymously or not) information and pictures about dating experiences with other male or female partners.

6. The information obtained by Defendant, including but not limited to Plaintiff's and other users' biometric identifiers and/or biometric information, is stored in Defendant's database.

7. Defendant also unlawfully discloses Plaintiff's and other Tea App users' biometric data to its third-party vendor(s).

8. The unlawful collection and disclosure of Plaintiff's and other Tea App users' biometric data poses a significant risk of identity theft for the Plaintiff and Class members similarly situated.

9. In fact, Defendant's Tea App was recently the subject of a wide-scale data breach wherein thousands of Tea App users' profiles were exposed, including their biometric data. The data breach leaked "72,000 images, including approximately 13,000 selfies and photo

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

identification submitted by users during account verification and approximately 59,000 images publicly viewable in the app from posts, comments and direct messages."[2]

10.     Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.* in 2008, specifically to regulate companies that collect, obtain, store, use and/or disseminate Illinois citizens' biometrics, such as facial geometry scans.

11.     Notwithstanding the clear and unequivocal requirements of the law, Defendant disregarded Plaintiff's and other similarly situated Tea App users' statutorily protected privacy rights by unlawfully collecting, obtaining, storing, disseminating, and using their biometric identifiers and/or biometric information in violation of BIPA. Specifically, the Defendant violated BIPA because it did not and continues not to:

   a.     Properly inform Plaintiff and others similarly situated in writing of the specific purpose and length of time for which their biometric identifiers and/or biometric information were being collected, stored, and used, as required by BIPA;

   b.     Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated workers' biometric identifiers and/or biometric information, as required by BIPA;

   c.     Obtain a written release from Plaintiff and others similarly situated to collect, store, disseminate, or otherwise use their biometric identifiers and/or biometric information, as required by BIPA; and

   d.     Obtain consent from Plaintiff and others similarly situated to disclose, redisclose, or otherwise disseminate their biometric identifiers and/or biometric information to third parties, as required by BIPA.

12.     Defendant also improperly discloses Plaintiff's and other similarly situated Tea App users' biometric identifiers and/or biometric information to a third-party vendor that uses an

---

[2]https://web.archive.org/web/20250726215626/https://www.teaforwomen.com/cyberincident?fbclid=PAZ Xh0bgNhZW0CMTEAAacvNl0gW1jrGNwyBdg7sen81IiEboBOMone2sUFRfREnJ53Jf7sTbC4LxvGV g_aem_mGuvOBI29mcD4Q-PCGQJHQ (last visited August 19, 2025).

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

Artificial Intelligence ("AI") program during the registration and identity authorization process required to enroll in and access Defendant's Tea App.

13.     Accordingly, Plaintiff, on behalf of herself as well as the putative Class Members, seeks an Order: (1) declaring that Defendant's conduct violates BIPA; (2) requiring Defendant to cease the unlawful activities discussed herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

## PARTIES

14.     Plaintiff Rodneka Perry is a natural person and at all times relevant was a resident of the State of Illinois.

15.     Defendant Tea Dating Advice, Inc. is a Delaware corporation that conducts business throughout Illinois, including in Cook County.

## JURISDICTION AND VENUE

16.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2 -209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conducts business within this state and because the Plaintiffs' claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this state.

17.     Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Cook County, Illinois, and thus resides there under § 2-102, and because the biometric transactions out of which this cause of action arises occurred in Cook County, Illinois.

4

FILED DATE: 8/20/2025 2:38 PM 2025CH08668

## FACTUAL BACKGROUND

### I. The Biometric Information Privacy Act.

18.    In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS § 14/5.

19.    In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because suddenly, there was a serious risk that millions of fingerprint records—which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who used the company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

20.    Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

21.    Additionally, to ensure compliance, BIPA provides that, for each violation, the prevailing party may recover $1,000 or actual damages, whichever is greater, for negligent

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

violations and $5,000, or actual damages, whichever is greater, for intentional or reckless violations. 740 ILCS § 14/20.

22. BIPA is an informed consent statute, which achieves its goal by making it unlawful for a company to, among other things, collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

   a. Informs the subject in writing that a biometric identifier or biometric information is being collected, otherwise obtained, stored and used;

   b. Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, otherwise obtained, stored, and used; and

   c. Receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/15(b).

23. Biometric identifiers include retina and iris scans, fingerprints, voiceprints, hand scans, and—most importantly here—scans of facial geometry. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id*.

24. BIPA establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS § 14/15(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for such disclosure. *See* 740 ILCS § 14/15(d)(1).

25. BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS § 14/15(c)) and requires companies to

develop and comply with a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS § 14/15(a).

26.     The Illinois legislature enacted BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and—most significantly—the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual is at a heightened risk for identity theft and left without any recourse.

27.     BIPA provides individuals with a private right of action, protecting their right to privacy regarding their biometrics as well as protecting their rights to know the precise nature for which their biometrics are used and how they are being stored and ultimately destroyed. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, use, and disseminate biometrics and creates a private right of action for lack of statutory compliance.

28.     Plaintiff, like the Illinois legislature, recognizes how imperative it is to keep biometric identifiers and biometric information secure. Biometric information, unlike other personal identifiers such as a social security number, cannot be changed or replaced if hacked or stolen.

## II.     Defendant Violates the Biometric Information Privacy Act.

29.     By the time BIPA passed through the Illinois legislature in mid-2008, most companies who had experimented with using individuals' biometric data stopped doing so.

7

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

30.     However, Defendant has failed to take note of Illinois law governing the collection, obtainment, use, storage, and dissemination of biometric data. As a result, Defendant continues to collect, obtain, store, use and disseminate Illinois Tea App users' biometric data in violation of BIPA.

31.     In order to verify the gender and identity of potential users of the Tea App, Defendant collects, stores, and analyzes potential users' facial geometry. Specifically, the Tea App requires users to upload a "selfie" picture of their face as well as a photo identification card. Defendant then scans users' biometric identifiers—namely, scans of their facial geometry—to analyze and verify their gender and identity before allowing them to create an account and access the Tea App.

32.     Each time users were required to upload a "selfie" or picture of a photo identification card to verify identity and gender, Defendant collected, captured, obtained, used, and stored their biometric identifiers and biometric information, in the form of scans of facial geometry.

33.     However, prior to collecting, capturing, possessing and storing Tea App users' biometric data, Defendant fails to obtain proper written informed consent as required by BIPA to collect such biometrics.

34.      In addition, prior to collecting, capturing, possessing and storing Tea App users' biometric data, Defendant fails to publish a written, publicly available policy identifying retention schedules and guidelines for permanently destroying Tea App users' biometric data when the initial purpose for collecting or obtaining it is no longer relevant, as required by BIPA.

35.     The Pay by Touch bankruptcy that catalyzed the passage of BIPA, as well as the recent data breach, highlights why such conduct—where individuals are aware that they are

8

providing a face scan, but not aware of to whom or for what purposes they are doing so—is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers, such as a face scan, who exactly is collecting their biometric data, where it will be transmitted, for what purposes, and for how long. Defendant disregarded these obligations and user's statutory rights and instead unlawfully collects, obtains, stores, uses and discloses Tea App users' biometric identifiers and information, without first receiving the individual's informed written consent, as required by BIPA.

36.     By and through the actions detailed above, Defendant's disregard Plaintiff's and other similarly situated Tea App users' legal rights in violation of BIPA.

### III.    Plaintiff Rodneka Perry's Experience

37.     Plaintiff, like many women, was interested in the Tea App's mission to make online dating safer.

38.     In approximately July 2025, Plaintiff downloaded the Tea App and created an account.

39.     During the account creation and registration process, Plaintiff was required to upload a "selfie" picture of her face and her Illinois Driver's License.

40.     Defendant used facial geometry scans captured from Plaintiff's "selfie" to compare the facial geometry scans captured from Plaintiff's Illinois Driver's License and used a third-party AI program to confirm her identity and gender.

41.     Defendant subsequently stored Plaintiff's biometric identifiers and biometric information (*i.e.*, scans of facial geometry) on its database.

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

42.    Before first collecting Plaintiff's biometric data, Defendant failed to inform her in writing or otherwise of the purposes and length of time for which her biometric identifiers and biometric information were being collected or obtained.

43.    Defendant did not receive a written release from Plaintiff to collect, obtain, store, use, or disclose her biometric identifiers and biometric information.

44.    Before first collecting Plaintiff's biometric data, Defendant failed to publish any publicly available retention schedules and guidelines for permanently destroying Plaintiff's biometric data.

45.    A showing of actual damages is not necessary in order to state a claim under BIPA. *See Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act").

46.    As the Plaintiff is not required to allege or prove actual damages in order to state a claim under BIPA, he seeks statutory damages under BIPA as compensation for the injuries caused by Defendant. *Rosenbach*, 2019 IL 123186, ¶ 40.

## CLASS ALLEGATIONS

47.    Pursuant to the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, Plaintiff brings claims on her own behalf and as a representative of all other similarly situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

48.    As discussed *supra*, Section 14/15(b) of BIPA prohibits a private entity from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it **first**

10

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

(1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose(s) and length of time for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information. 740 ILCS § 14/15.

49.     Plaintiff seeks class certification under the Illinois Code of Civil Procedure, 735 ILCS § 5/2-801, for the following class of similarly situated individuals under BIPA:

> All individuals in the State of Illinois who had their biometric identifiers and/or biometric information collected, captured, received, obtained, maintained, stored or disclosed by Defendant during the applicable statutory period.

50.     This action is properly maintained as a class action under 735 ILCS § 5/2-801 because:

A.     The class is so numerous that joinder of all members is impracticable;

B.     There are questions of law or fact that are common to the class;

C.     Plaintiff's claims are typical of the claims of the class; and,

D.     Plaintiff will fairly and adequately protect the interests of the class.

### Numerosity

51.     There are thousands of members of the Class, making the Class so numerous that joinder of all members is impracticable. The exact number of class members can easily be determined from Defendant's records.

### Commonality

52.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Plaintiff and all members of the Class have been harmed by Defendant's failure to comply with BIPA. The common questions of law and fact include, but are not limited to the following:

11

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

A. Whether Defendant collected, captured, maintained, stored or otherwise obtained Plaintiff's and the Class Members' biometric identifiers or biometric information;

B. Whether Defendant properly informed Plaintiff and the Class Members of the purposes for collecting, obtaining, using, storing and disseminating their biometric identifiers or biometric information;

C. Whether Defendant properly obtained a written release (as defined in 740 ILCS § 14/10) to collect, use, store and disseminate Plaintiff's and the Class Members' biometric identifiers or biometric information;

D. Whether Defendant disclosed or redisclosed Plaintiff's and the Class members' biometric identifiers or biometric information;

E. Whether Defendant developed a BIPA-compliant written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied, or within three years of their last interaction with the individual, whichever occurs first;

F. Whether Defendant complied with any such written policy (if one exists);

G. Whether Defendant's violations of BIPA have raised a material risk that Plaintiff's and the putative Class Members' biometric identifiers and biometric information will be unlawfully accessed by third parties;

H. Whether Defendant used Plaintiff's and the Class Members' face geometry scans to identify them;

I. Whether the violations of BIPA were committed negligently; and

J. Whether the violations of BIPA were committed intentionally or recklessly.

53. Plaintiff anticipates that Defendant will raise defenses that are common to the class.

## **Adequacy**

54. Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel who are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

**Typicality**

55.     The claims asserted by Plaintiff are typical of the class members she seeks to represent. Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

56.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS § 5/2-801.

**Predominance and Superiority**

57.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

58.     Additionally, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of inconsistent

13

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## FIRST CAUSE OF ACTION

**Violation of 740 ILCS § 14/15(a): Failure to Institute, Maintain and Adhere to Publicly Available Retention Schedule**

59.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

60.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention—and, importantly, deletion—policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS § 14/15(a).

61.     Defendant failed to comply with these BIPA mandates.

62.     Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

63.     Plaintiff and the Class Members are individuals who have had their "biometric identifiers" collected or otherwise obtained by Defendant (in the form of their facial geometry scans), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

64.     Plaintiff's and the Class Members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

65.     Defendant failed to publish a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS § 14/15(a).

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

14

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

66.     Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and Class Members' biometric data, leaving them with no indication as to whether or when Defendant will destroy their biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

67.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class Members by requiring Defendant to comply with BIPA's requirements for the collection, obtainment, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## SECOND CAUSE OF ACTION
**Violation of 740 ILCS § 14/15(b): Failure to Obtain Informed Written Consent and Release Before Obtaining Biometric Identifiers or Information**

68.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

69.     BIPA requires companies to obtain informed written consent from individuals when acquiring their biometric identifiers and biometric information. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used;

FILED DATE: 8/20/2025 2:38 PM   2025CH08668

*and* (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS § 14/15(b) (emphasis added).

70.     Defendant fails to comply with these BIPA mandates.

71.     Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

72.     Plaintiff and the Class Members are individuals who have had their "biometric identifiers" collected or otherwise obtained by Defendant (in the form of their facial geometry scans), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

73.     Plaintiff's and the Class Members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

74.     Defendant systematically and automatically collected, obtained, used, stored and disseminated Plaintiff's and Class Members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS § 14/15(b)(3).

75.     Defendant did not properly inform Plaintiff and Class Members in writing that their biometric identifiers and/or biometric information were being collected, otherwise obtained, stored, used and disseminated, nor did Defendant properly inform Plaintiff and Class Members in writing of the specific purposes and length of term for which their biometric identifiers and/or biometric information were being collected, obtained, stored, used, and disseminated by Defendant, as required by 740 ILCS § 14/15(b)(1)-(2).

76.     By collecting, obtaining, storing, and using Plaintiff's and Class Members' biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class Members' rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq*.

77.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and Class Members by requiring Defendant to comply with BIPA's requirements for the collection, obtainment, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## THIRD CAUSE OF ACTION
### Violation of 740 ILCS § 14/15(d): Disclosure of Biometric Identifiers and Information Before Obtaining Consent

78.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

79.     BIPA prohibits private entities from disclosing a person's or customer's biometric identifiers or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS § 14/15(d)(1).

80.     Defendant fails to comply with this BIPA mandate.

81.     Defendant qualifies as a "private entity" under BIPA. *See* 740 ILCS § 14/10.

82.     Plaintiff and the Class Members are individuals who have had their "biometric identifiers" collected or otherwise obtained by Defendant (in the form of their facial geometry scans), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS § 14/10.

83.     Plaintiff's and Class Members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS § 14/10.

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

17

FILED DATE: 8/20/2025 2:38 PM 2025CH08668

84. Defendant systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and Class Members' biometric identifiers and/or biometric information to third-party vendors without first obtaining the consent required by 740 ILCS § 14/15(d)(1).

85. By disclosing, redisclosing, or otherwise disseminating Plaintiff's and Class Members' biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class Members' rights to privacy in their biometric identifiers or biometric information as set forth in BIPA. *See* 740 ILCS § 14/1, *et seq.*

86. On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, obtainment, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3).

## PRAYER FOR RELIEF

Wherefore, Plaintiff Rodneka Perry respectfully requests that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Rodneka Perry as Class Representative, and appointing Stephan Zouras, LLC as Class Counsel;

B. Declaring that Defendant's actions, as set forth above, violate BIPA;

C. Awarding statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS § 14/20(1);

D. Declaring that Defendant's actions, as set forth above, were intentional and/or reckless;

18

FILED DATE: 8/20/2025 2:38 PM    2025CH08668

E.    Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class Members, including an Order requiring Defendant to comply with BIPA when collecting, obtaining, storing, using, and disseminating biometric identifiers and/or biometric information;

F.    Awarding Plaintiff and the Class Members their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS § 14/20(3);

G.    Awarding Plaintiff and the Class Members pre- and post-judgment interest, to the extent allowable; and

H.    Awarding such other and further relief as equity and justice may require.


Date:   August 20, 2025                    Respectfully Submitted,

                                           */s/Catherine Mitchell Duffy*

                                           Ryan F. Stephan
                                           James B. Zouras
                                           Catherine Mitchell Duffy
                                           **STEPHAN ZOURAS, LLC**
                                           222 W. Adams Street, Suite 2020
                                           Chicago, Illinois 60606
                                           312.233.1550
                                           312.233.1560 *f*
                                           rstephan@stephanzouras.com
                                           jzouras@stephanzouras.com
                                           cmitchell@stephanzouras.com
                                           Firm ID: 43734

                                           **ATTORNEYS FOR PLAINTIFF**

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

FILED
8/21/2025 2:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34122459

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |
|---|---|
| RODNEKA PERRY, individually and on behalf of all others similarly situated, | Case No. 2025CH08668 |
| Plaintiff, |  |
| *v.* | CLASS ACTION |
| TEA DATING ADVICE, INC. |  |
| Defendant. | JURY TRIAL DEMANDED |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **THE COURT STAMPED DATE ABOVE** or as soon thereafter as counsel may be heard, I shall appear before the Honorable Alison Conlon or any judge sitting in her stead, via Zoom conference, (Zoom Meeting ID: 974 5431 3798, Meeting Password: 501494, and present **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES.**

Respectfully Submitted,

*/s/ Catherine Mitchell Duffy*
Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com
Firm ID: 43734
**ATTORNEYS FOR PLAINTIFF**

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on August 21, 2025, I electronically filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

/s/ *Catherine Mitchell Duffy*

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
8/21/2025 2:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34122459

| | |
|---|---|
| RODNEKA PERRY, individually, and on behalf of all others similarly situated, | ) ) ) |
| **Plaintiff,** | ) ) |
| **v.** | )   Case No. 2025CH08668 ) |
| TEA DATING ADVICE, INC. | )   **JURY TRIAL DEMANDED** ) |
| **Defendant.** | ) |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION
AND REQUEST FOR DISCOVERY ON CERTIFICATION ISSUES**

Plaintiff Rodneka Perry ("Perry" or "Plaintiff") alleges that Tea Dating Advice, Inc. ("Defendant" or "Tea") systematically violated the Illinois Biometric Information Privacy Act ("BIPA") 740 ILCS § 14/1, *et seq*. Consistent with the rulings of federal and state courts overseeing BIPA actions, this case is well suited for class certification under 735 ILCS § 5/2-801. *See Johns v. Paycor, Inc.*, No. 3:20-CV-264-DWD (S.D. Ill. Mar. 28, 2025); *Thornton v. Generations at Peoria, LLC et al,* No. 2021-CH-03481 (Cir. Ct. Cook Cty. Nov. 15, 2024)*; Palacios v. H&M Hennes & Mauritz, LP,* No. 18-CH-16030 (Cir. Ct. Cook Cty. Mar. 16, 2023); *Morris v. Wow Bao LLC, et al., Case No.* 17 CH 12029 (Cir. Ct. Cook Cty. Dec. 14, 2021); *Roberson v. Symphony Post Acute Care*, Case No. 17-L-733 (Cir. Ct. St. Clair County, Mar. 12, 2019) (granting class certification when the case involved a single statutory scheme – BIPA – and the primary issues were whether defendant captured biometric information and, if so, did they comply with BIPA while doing so), modified, in part, on other grounds by 2019 IL App (5th) 190144-U (Nov. 2, 2019); *Thompson v. Matcor Metal Fabrication (Illinois) Inc.*, Case No. 2020- CH-00132 (Tazewell Cty. Jun. 28, 2022); *Howe v. Speedway*, No. 1:19-CV-01376, 2024 WL 4346631 (N.D.

1

FILED DATE: 8/21/2025 2:54 PM    2025CH08668

Ill. Sept. 29, 2024); *Svoboda v. Amazon.com, Inc.*, No. 21-C-5336, 2024 WL 1363718 (N.D. Ill. Mar. 30, 2024); *Tapia-Rendon v. United Tape & Finishing Co., Inc., et al.*, No. 21-C-3400 (N.D. Ill. Aug. 15, 2023); *Rogers v. BNSF Railway Co.*, Case No. 19-cv-3083, 2022 WL 854348 (N.D. Ill. Mar. 22, 2022); *Alvarado v. Int'l Laser Prods.*, Case No. 18-cv-7756, 2019 WL 3337995 (N.D. Ill. June 19, 2019); *see also In re Facebook Biometric Info. Privacy Litig.*, 326 F.R.D. 535, 542 (N.D. Cal. 2018), *aff'd sub nom. Patel v. Facebook, Inc.*, 932 F.3d 1264, 1277 (9th Cir. Aug. 8, 2019) (holding, in a BIPA case, that "a class action is superior to individual actions").

Specifically, Plaintiff seeks to certify a class consisting of thousands of similarly situated people who had their biometric identifiers and biometric information (collectively referred to as "biometric data") unlawfully collected, retained, disclosed and used without their consent or authorization by Defendant when they completed the identity verification process as part of creating an account on Defendant's Tea App. As Plaintiff's claims and the claims of similarly situated individuals all arise from Defendant's uniform policies and practices, they satisfy the requirements of 735 ILCS § 5/2-801, and the proposed class should be certified.

Plaintiff moves for class certification to protect members of the proposed class: individuals whose proprietary and legally protected personal and private biometric data was invaded by Defendant. Plaintiff believes that the evidence and arguments submitted within this motion are sufficient to allow the class to be certified now. However, in the event the Court (or Defendant) wishes for the parties to undertake formal discovery prior to the Court's consideration of this motion, Plaintiff requests that the Court allow them to supplement this briefing and defer the response and reply deadlines.

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

## I.      RELEVANT BACKGROUND

### A.      <u>The Biometric Information Privacy Act</u>

Major national corporations started using Chicago and other locations in Illinois in the early 2000s to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS § 14/5(c). Given its relative infancy, an overwhelming portion of the public became wary of this then-growing, yet unregulated, technology. *See* 740 ILCS § 14/5.

BIPA was enacted in 2008, arising from concerns that these experimental uses of finger-scan technologies created a "very serious need of protections for the citizens of Illinois when it comes to biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. Under the Act, it is unlawful for a private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier[s] or biometric information," unless it <u>first</u>:

> (1)      Informs the subject in writing that a biometric identifier or biometric information is being collected, obtained or stored;
>
> (2)      Informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, obtained, stored, and used; and
>
> (3)      Receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS § 14/15(b).

Although there may be benefits to using biometrics, there are also serious risks. Facial geometry scans are unique, permanent biometric identifiers associated with an individual, are biologically unique, and if compromised, the individual has no means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this information. Thus, the

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

unauthorized collection of biometric identifiers exposes individuals to serious and irreversible privacy risks. For example, if a biometric database is hacked, breached, or otherwise exposed, individuals have no means to prevent the misappropriation and theft of their proprietary biometric makeup.

A showing of actual damages is not necessary in order to state a claim under BIPA. When an entity "fails to adhere to the statutory procedures … the right of the individual to maintain [his or] her biometric privacy vanishes into thin air." *Rosenbach v. Six Flags Ent. Corp.*, 2019 IL 123186, ¶ 34 (internal quotations omitted) (quoting *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 953 (N.D. Cal. 2018)); *see also Patel v. Facebook Inc.*, 932 F.3d 1264, 1275 (9th Cir. 2019) ("Because we conclude that BIPA protects the plaintiffs' concrete privacy interests and violations of the procedures in BIPA actually harm or pose a material risk of harm to those privacy interests … the plaintiff has alleged a concrete and particularized harm, sufficient to confer Article III standing.").  Recognizing the need to protect its citizens from harm like these, Illinois enacted BIPA specifically to regulate the collection, use, safeguarding, handling, storage, retention, dissemination and destruction of biometric data.

### B.     Factual Allegations

Plaintiff filed this class action against Defendant on August 20, 2025, to redress Defendant's alleged unlawful collection, use, storage, and disclosure of Tea App users' biometric data under BIPA. In her Complaint, Plaintiff provides detailed allegations that, during account registration, Defendant used artificial intelligence programming through third-party vendor(s) to collect, use, store, and disseminate her and other Tea App users' biometric data to verify their identity and gender. However, Defendant did so without <u>first</u>: (1) developing and adhering to a publicly available retention schedule or guidelines for permanent destruction of the biometric data,

as required by BIPA; (2) obtaining from Plaintiff and class members a written release for Defendant to collect, store, or use their biometric data, as required by BIPA; and (3) asking for consent before disclosing, redisclosing, or otherwise disseminating their biometric data to a third party, including but not necessarily limited to third-party vendors that host the data, as required by BIPA. *See* Compl. ¶¶ 18-22, 46, 49, 51, 57, 68-69, 74-76, 85-86.

Plaintiff created an account on Defendant's Tea App in July 2025. Before creating her account, Plaintiff did not receive any notice about Defendant's collection, use, storage, or disclosure of her biometric data. *Id.* at ¶ 31. Upon creating an account, Defendant required Plaintiff to upload a "selfie" and her Illinois Driver's License, from which Defendant collected scans of Plaintiff's facial geometry to verify her identity and gender. This account creation process is the same for all Tea App users.

Defendant failed to provide Plaintiff and other Tea App users with written disclosures about the collection, use, storage, or dissemination of their biometric data, nor did Defendant obtain informed written consent, before Plaintiff and other Tea App users created accounts. Defendant also failed to inform Tea App users, including Plaintiff, that it discloses or disclosed their biometric data to third-party vendor(s). Defendant failed to develop and adhere to written, publicly available policies identifying retention schedule(s) and guidelines for permanently destroying Tea App users' biometric data when the initial purpose for collecting or obtaining their biometric data is no longer relevant, as required by BIPA. *Id.* at ¶¶ 18, 48, 51, 64. Defendant also failed to secure a written release from Plaintiff and other Tea App users permitting Defendant to collect, obtain, store, use, and disseminate their biometric data, as required by BIPA prior to collecting their data. *Id.* at ¶¶ 19, 21, 46, 49.

FILED DATE: 8/21/2025 2:54 PM    2025CH08668

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

Accordingly, Defendant's practices violate BIPA. As a result of Defendant's violations, Plaintiff and similarly situated Tea App users are subject to Defendant's common and uniform policies and practices and are victims of its scheme to unlawfully collect, obtain, store, use, disseminate from Plaintiff and all other similarly situated individual's biometric data in direct violation of BIPA. As a result of Defendant's multiple violations of BIPA, Plaintiff and all other similarly situated individuals suffered an invasion of privacy and other damages.

Plaintiff now seeks certification of a class of similarly situated individuals initially defined as:

> All individuals in the State of Illinois who had their biometric identifiers and/or biometric information collected, captured, received, obtained, maintained, stored or disclosed by Defendant during the applicable statutory period.

Compl. ¶ 49. Given Defendant's standard practices defined above, and the straightforward and common legal questions presented in this case, Plaintiff now moves for class certification. Notably, this motion is being filed shortly after the Complaint was filed and before Defendant has responded. The parties have not discussed settlement, neither settlement offers nor demands have been made, and a scheduling order has not been issued. For the reasons discussed herein, Plaintiff's request should be granted.

## II.   STANDARD FOR CLASS CERTIFICATION

"The basic purpose of a class action is the efficiency and economy of litigation." *CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App (1st) 131465, ¶ 9 (citing *Miner v. Gillette Co.*, 87 Ill.2d 7, 14 (1981)). "In determining whether to certify a proposed class, the trial court accepts the allegations of the complaint as true and should err in favor of maintaining class certification." *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 9 (citing *Ramirez v. Midway Moving & Storage, Inc.*,

6

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

378 Ill. App. 3d 51, 53 (1st Dist. 2007)). Under Section 2-801 of the Code of Civil Procedure, a

class may be certified if the following four requirements are met:

(1)  the class is so numerous that a joinder of all members is impracticable;

(2)  there are questions of fact or law common to the class that predominate over any questions affecting only individual members;

(3)  the representative parties will fairly and adequately protect the interest of the class; and

(4)  the class action is an appropriate method for the fair and efficient adjudication of the controversy.

*See Smith v. Illinois Cent. R.R. Co.*, 223 Ill.2d 441, 447 (2006) (citing 735 ILCS § 5/2-801).

Notably, "[a] trial court has broad discretion in determining whether a proposed class meets the

requirements for class certification." *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 9 (citing

*Ramirez*, 378 Ill. App. 3d at 53). Here, the allegations and facts in this case amply demonstrate

that the four certification factors are met.

## III.   ARGUMENT

Plaintiff's claims here are especially suited for class certification because Defendant treated

Plaintiff and putative class members identically for purposes of applying BIPA. All the putative

class members in this case were uniformly subjected to the same illegal and unlawful collection,

storage, use, and dissemination of their biometric data throughout the class period. Plaintiff meets

each of the statutory requirements for maintenance of this suit as a class action. Thus, the class

action device is ideally suited and is far superior to burdening the Court with many individual

lawsuits to address the same issues, undertake the same discovery, and rely on the same testimony.

### A.   <u>The Class is So Numerous that Joinder of All Members is Impracticable.</u>

Numerosity is not dependent on a plaintiff setting forth a precise number of class members

or a listing of their names. *See Cruz v. Unilock Chicago*, 383 Ill. App. 3d 752, 771 (2d Dist. 2008)

("Of course, plaintiffs need not demonstrate a precise figure for the class size, because a good-faith, non-speculative estimate will suffice; rather, plaintiffs need demonstrate only that the class is sufficiently numerous to make joinder of all of the members impracticable.") (internal citations omitted); *Hayna v. Arby's, Inc.*, 99 Ill. App. 3d 700, 710-11 (1st Dist. 1981) ("It is not necessary that the class representative name the specific individuals who are possibly members of the class."). Courts in Illinois generally find numerosity when the class is comprised of at least 40 members. *See Wood River Area Dev. Corp. v. Germania Fed. Sav. Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990).

In the present case, there can be no serious dispute that Plaintiff meets the numerosity requirement. The class of potential plaintiffs is sufficiently large to make joinder impracticable, as there are at least hundreds of Tea App users in Illinois. Plaintiff and all similarly situated individuals were subjected to Defendant's common and uniform policies and practices and were victims of Defendant's scheme to unlawfully collect, store, use, and disseminate from their extremely personal and private biometric data in direct violation of BIPA. As a result, Plaintiff and all other similarly situated individuals suffered an infringement of the rights afforded them under the law. *Rosenbach*, 2019 IL 123186, ¶ 38. The precise number in the class cannot be determined until discovery records are obtained from Defendant. Nevertheless, class membership will easily be determined by reviewing Defendant's records of Illinois Tea App users who created an account during the class period. *See*, *e.g., Chultem v. Ticor Title Ins. Co.*, 401 Ill. App. 3d 226, 233 (1st Dist. 2010) (reversing the trial court's denial of class certification and holding that class was certifiable over defendant's objection that "the proposed class was not ascertainable, because the process of reviewing defendant's transaction files to determine class membership would be burdensome"); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 539-40 (6th Cir. 2012) (rejecting

8

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

FILED DATE: 8/21/2025 2:54 PM    2025CH08668

the argument that manual review of files should defeat certification, agreeing with district court's reasoning that, if manual review was a bar, "defendants against whom claims of wrongful conduct have been made could escape class-wide review due solely to the size of their businesses or the manner in which their business records were maintained," and citing numerous courts that are in agreement, including *Perez v. First Am. Title Ins. Co.*, 2009 WL 2486003, at *7 (D. Ariz. Aug. 12, 2009) ("Even if it takes a substantial amount of time to review files and determine who is eligible for the [denied] discount, that work can be done through discovery")).[1] Once Defendant's records are obtained, the Court will know the precise number of persons affected.

Absent certification of this class action, Tea App users may never know that their legal rights have been violated, and as a result, may never obtain the redress to which they are entitled under BIPA. Illinois courts have noted that denial of class certification where members of the putative class have no knowledge of the lawsuit may be the "equivalent of closing the door of justice" on the victims. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Assn.*, 198 Ill. App. 3d 445, 452 (5th Dist. 1990). Further, recognizing the need to protect its citizens from harms such as identity theft, Illinois enacted BIPA specifically to regulate the collection, obtainment, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information. A class action would help ensure that Plaintiff and all other similarly situated individuals have a means of redress against Defendant for its widespread BIPA violations.

---

[1] "Section 2-801 is patterned after Rule 23 of the Federal Rules of Civil Procedure and, because of this close relationship between the state and federal provision, 'federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois.'" *Cruz*, 383 Ill. App. 3d at 761 (quoting *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill.2d 100, 125 (2005)).

FILED DATE: 8/21/2025 2:54 PM    2025CH08668

**B.**     **Common Questions of Law and Fact Exist that Predominate Over any Questions Solely Affecting Individual Members of The Class.**

Courts analyze commonality and predominance under Section 2-801 by identifying the substantive issues that will control the outcome of the case. *See Bemis v. Safeco Ins. Co. of Am.*, 407 Ill. App. 3d 1164, 1167 (5th Dist. 2011); *Cruz*, 383 Ill. App. 3d at 773. The question then becomes whether those issues will predominate and whether they are common to the class, meaning that a "favorable adjudication of the claims of the named plaintiffs will establish a right of recovery in other class members." *Cruz*, 383 Ill. App. 3d at 773. As stated by the Court of Appeals, the question is will "common … issues be the subject of the majority of the efforts of the litigants and the court[?]" *Bemis*, 407 Ill. App. 3d at 1168. The answer here is "yes."

At the heart of this litigation is the legality of Defendant's collection, obtainment, storage, use, and dissemination of Plaintiff and the putative class's biometric data. The key issues in this case are simple and straightforward legal questions that plainly lend themselves to class-wide resolution. For example, did Defendant violate BIPA by failing to: (1) develop and adhere to a publicly available retention schedule or guidelines for permanent destruction of the biometric data; (2) provide (and obtain from) Plaintiff and class members a written release for the Defendant to collect, store, or use their biometric data, as required by BIPA; and/or (3) ask for consent before disclosing, redisclosing, or otherwise disseminating their biometric data to a third party? These common questions create common issues of law and fact.

Indeed, once this Court determines whether Defendant's practices of collecting, obtaining, storing, using and disseminating individual's biometric data without adhering to the specific requirements of BIPA constitute violations thereof, liability for the claims of class members will be determined in one stroke. The material facts and key issues of law are substantially the same for all members of the class, and therefore the common issues could be tried in a single proceeding

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

because proof as to one claimant would be proof for all members of the class. This alone establishes predominance. The only remaining questions will be the proper measure of damages and injunctive relief, which in and of themselves are questions common to the class. A showing of actual damages is not necessary to state a claim under BIPA. *See Rosenbach*, 2019 IL 123186, ¶ 40 ("[A]n individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an 'aggrieved' person and be entitled to seek liquidated damages and injunctive relief pursuant to the Act"). Accordingly, a favorable adjudication of the Plaintiff's claims in this case will establish a right of recovery to all other class members, and thus the commonality and predominance requirements weigh in favor of certification of the class.

### C.    The Named Plaintiff and Class Counsel are Adequate Representatives of The Class.

When evaluating adequacy, courts look to whether the named plaintiff has the same interests as those of the class and whether she will fairly represent them. *See CE Design Ltd.*, 2015 IL App (1st) 131465, ¶ 16. In this case, Plaintiff's interests arise from enforcing the protections set forth in BIPA. The class representative is a member of the proposed class and will fairly and adequately protect the class's interests. Plaintiff had their biometric data obtained so Defendant could use it as an authentication method to verify her identity and gender, and Defendant subsequently stored Plaintiff's biometric data in its own database(s). Prior to the collection of her biometric identifiers and/or biometric information, Plaintiff was not informed of the specific limited purposes or length of time for which Defendant collected, obtained, stored, used, or disseminated her biometric data. Nor was Plaintiff informed of any biometric data retention policy developed by Defendant or when, if ever, Defendant would permanently delete her biometric information. Furthermore, Plaintiff was not provided a written release allowing Defendant to collect, obtain, store, use, or disseminate her biometric data. Thus, Plaintiff was the victim of the

11

same uniform policies and practices of Defendant as the individuals she seeks to represent, and she is not seeking any relief that is potentially antagonistic to other members of the class. Indeed, Plaintiff has the interests of those class members in mind, as demonstrated by her willingness to sue on a class-wide basis and step forward as class representative, which subjects her to discovery. *See* Exhibit A – Affidavit of Rodneka Perry. This qualifies her as conscientious representative plaintiff and satisfies the adequacy of representation requirement.

Proposed Class Counsel, Stephan Zouras, LLC, will also fairly and adequately represent the class. Proposed Class Counsel is highly qualified and are experienced attorneys. *See* Exhibit B – Affidavit of Catherine Mitchell Duffy and the Firm Resume attached thereto as Exhibit B-1. The attorneys of Stephan Zouras, LLC, are recognized in class action lawsuits and have been designated as class counsel in numerous class actions in state and federal courts, including pioneering efforts on behalf of individuals whose rights under BIPA were violated. (*Id.*). Thus, proposed Class Counsel is also adequate and has the ability and resources to manage this lawsuit.

**D.** **A Class Action is the Appropriate Method for Fair and Efficient Adjudication of this Controversy.**

Finally, a class action is the most appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results. "It is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner toward an entire class." *P.J.'s Concrete Pumping Serv., Inc. v. Nextel West Corp.*, 345 Ill. App. 3d 992, 1003 (2d Dist. 2004). "The purported class representative must establish that a successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members." *Id.*

Here, Plaintiff's claims stem from Defendant's common and uniform policies and practices, resulting in common violations of BIPA for all members of the class. Thus, class

FILED DATE: 8/21/2025 2:54 PM 2025CH08668

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

certification will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. *Wenthold v. AT&T Technologies, Inc.*, 142 Ill. App. 3d 612 (1st Dist. 1986). Without a class, the Court would have to hear dozens of additional individual cases raising identical questions of liability. Moreover, class members are better served by pooling resources rather than attempting to litigate individually. *CE Design Ltd.*, 2015 IL App (1st) 131465, ¶¶ 28-30 (certifying TCPA class where statutory damages were alleged and rejecting arguments that individual lawsuits would be superior). In the interests of justice and judicial efficiency, it is desirable to concentrate the litigation of all class members' claims in a single forum. For all of these reasons, a class action is the most appropriate mechanism to adjudicate the claims in this case.

    **E.**    **Should the Court or Defendant Seek Additional Factual Information Regarding this Motion, the Court Should Allow Supplemental and Deferred Briefing Following Discovery.**

    Plaintiff is moving for class certification now because the class should be certified and because no meaningful discovery is necessary to establish that fact. Defendant's practices and policies are uniform and affect Plaintiff and the class in a uniform manner. If, however, the Court wishes for the parties to engage in discovery, the Court should keep the instant motion pending during the discovery period, allow Plaintiff to file a supplemental brief, and defer Defendant's response and Plaintiff's reply. Plaintiff is also moving as early as possible for class certification in part to avoid the "buy-off problem," which occurs when a defendant seeks to settle with a class representative on individual terms to moot the class claims asserted by the class representative. The instant motion is far more than a placeholder or barebones memorandum. Rather, Plaintiff's full arguments are set forth based on the facts alleged at this extremely early stage of litigation.

Should the Court wish for more detailed factual information, the briefing schedule should be extended.

## V.     CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court center an Order: (1) certifying Plaintiff's claims as a class action; (2) appointing Plaintiff Rodneka Perry as Class Representative; (3) appointing Stephan Zouras, LLC as Class Counsel; and (4) authorizing court-facilitated notice of this class action to the class. In the alternative, this Court should allow discovery, allow Plaintiffs to supplement this briefing, and defer response and reply briefs.

Date:   August 21, 2025                    Respectfully Submitted,

*/s/Catherine Mitchell Duffy*

Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com
Firm ID: 43734

**ATTORNEYS FOR PLAINTIFF**

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

FILED DATE: 8/21/2025 2:54 PM    2025CH08668

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2025, a copy of the foregoing was filed electronically via the court's electronic filing system. Notice of this filing will be sent by email to counsel of record by operation of the court's electronic filing system.

*/s/ Catherine Mitchell Duffy*

# EXHIBIT A

FILED
8/21/2025 2:54 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34122459

FILED DATE: 8/21/2025 2:54 PM    2025CH08668

Docusign Envelope ID: 517CD256-68CD-46C1-B8F7-F72160EB0E22

FILED DATE: 8/21/2025 2:54 PM 2025CH08668

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

RODNEKA PERRY, individually and on
behalf of all others similarly situated,

                Plaintiff,

*v.*

TEA DATING ADVICE, INC.

                Defendant.

Case No.2025CH08668

CLASS ACTION

JURY TRIAL DEMANDED

### AFFIDAVIT OF RODNEKA PERRY

I, Rodneka Perry, being first duly cautioned, swear, and affirm as follows:

1. I am over the age of 18 and competent to testify.

2. I am the Named Plaintiff and proposed Class Representative in this case.

3. I understand what it means to be a class representative. As a class representative, I am looking out for the interests of the other class members.

4. I do not have any conflicts with the class members because they were treated like I was with respect to this lawsuit.  I have their interests in mind, as well as my own, in bringing this lawsuit.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: 8/21/2025

Rodneka Perry

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

# EXHIBIT B

FILED DATE: 8/21/2025 2:54 PM 2025CH08668

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| RODNEKA PERRY, individually and on behalf of all others similarly situated, | Case No. 2025CH08668 |
| Plaintiff, | |
| v. | CLASS ACTION |
| TEA DATING ADVICE, INC. | |
| Defendant. | JURY TRIAL DEMANDED |

## AFFIDAVIT OF CATHERINE MITCHELL DUFFY

I, Catherine Mitchell Duffy, being first duly cautioned, swear, and affirm as follows:

1. I am one of Plaintiff's Counsel in the above-referenced matter.

2. I submit this Affidavit in support of Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues.

3. I am a Partner of the law firm of Stephan Zouras, LLC. Attached hereto as Exhibit B-1 is a true and correct copy of the firm's resume.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: August 21, 2025

*/s/ Catherine Mitchell Duffy*
Catherine Mitchell Duffy

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

# EXHIBIT B-1

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

# FIRM RESUME



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## Fighting for the Rights of People. Driven by Justice. Dedicated to You.

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## FIRM PROFILE

**STEPHAN ZOURAS, LLC** has pioneered groundbreaking class actions that deliver real results – **$500 million to date –** for real people across the United States.



**Stephan Zouras, LLC** has "substantial class action experience [and] have secured multi-million-dollar class recoveries…."

*Bhattacharya v. Capgemini North America, Inc.*, 324 F.R.D. 353, 363 (N.D. Ill. 2018) (Kennelly, J.)



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## FIRM PROFILE

**STEPHAN ZOURAS, LLC** is a national law firm that represents ordinary people in complex class actions. Our diverse team of professionals are widely recognized for their vigorous advocacy, skill, integrity and experience litigating wage and hour and other employment disputes, biometric and other data privacy, cybersecurity, consumer protection, and other complex litigation. Federal and state courts routinely appoint our attorneys to lead class actions in high-stakes, groundbreaking, rapidly-developing areas with far-reaching impact. We try cases to verdict. We establish favorable precedent for employees and consumers on appeal, including two groundbreaking privacy decisions before the Illinois Supreme Court.

Outside the courtroom, our attorneys testify before legislative bodies and work on legislation designed to protect worker's rights.

Our Chicago-based firm is recognized for its leadership, its zealous, thorough and efficient prosecution of class actions, and for achieving outstanding results at both the trial and appellate levels throughout the United States.

We help deliver justice to ordinary workers and consumers – the ones corporate America loves to abuse and take advantage of.

"[T]he team of attorneys and staff at **Stephan Zouras, LLC**" perform "model work."

*Chatman v. Euromarket Designs, Inc.*, 18 CH 9277 (July 10, 2024 Cir. Ct. Cook Cty.) at p. 6, ¶ 15 (Mullen, J.)

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## OUR STORY

When Ryan and Jim founded **Stephan Zouras, LLC** in 2007, they had a vision. They wanted to create a law firm that *empowers* individuals to band together, level the playing field and take on wealthy and powerful corporations who shirk the law and take advantage of American workers and consumers.

Today, that vision is a REALITY.

### EXPERIENCE

Not only are we passionate about what we do, we know what we are doing. Our nationally-renowned legal team brings decades of experience and expertise fighting for the rights of people in federal and state courts throughout the United States. We have established groundbreaking and precedent-setting court decisions, including winning a landmark victory for employees at the United States Supreme Court and two watershed victories for privacy rights at the Illinois Supreme Court.

### DEDICATION

Because we are passionate about what we do, we don't cut corners. We're in it for the long haul, we won't sell out the class for a quick buck, and we have the resources, skill and determination to take cases through trial and defend favorable judgments on appeal. We don't settle until we've pulled out all the stops, turned over every stone, and maximized the results for the class. That means that the class members we've represented – hundreds of thousands of people and counting – have, on average, received hundreds of dollars each in direct payments, with many receiving several times that amount.

### REPUTATION

We are known throughout the legal community as among the most skilled and experienced practitioners in the data privacy and wage and hour fields.  In 2023, the Illinois Bar Foundation honored Ryan and Jim with its Champion Award, given each year to an attorney "whose professional and public careers set an example to which others aspire."



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

## PRINCIPAL ATTORNEYS



### JAMES ZOURAS

is a founding partner of Stephan Zouras, LLC. Dedicating his entire professional career to combating corporate abuse and injustice, Jim has helped recover hundreds of millions in individual and class actions arising under the federal and state wage and hour laws, biometric privacy and other complex litigation, along with wrongful death and other catastrophic personal injury actions.

He has successfully tried over a dozen major jury trials and argued approximately 20 appeals as lead appellate counsel before federal and state appellate courts, including the Illinois Supreme Court. Jim is frequently invited as a speaker at national class action and trial seminars. In addition to his admission to numerous trial and appellate courts, Jim is a member of the bar of the Supreme Court of the United States.

Jim and his cases have been profiled by numerous media outlets including the Chicago Tribune, the Chicago Sun-Times, WVON Radio, Bloomberg BNA, Billboard Magazine, TMZ and CBS Consumer Watch.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ESTABLISHED ENDOWED SCHOLARSHIP FUND AT UNIVERSITY OF ILLINOIS AT CHICAGO; 2021
- INVITED SPEAKER AT NATIONAL EMPLOYMENT LAWYERS ASSOCIATION (IL); 2021
- INVITED SPEAKER AT ILLINOIS INSTITUTE FOR CONTINUING LEGAL EDUCATION; 2018-2022
- INVITED SPEAKER AT ILLINOIS STATE BAR ASSOCIATION; 2018-2019
- INVITED SPEAKER AT ILLINOIS TRIAL LAWYERS ASSOCIATION; 2016
- INVITED SPEAKER AT THE CHICAGO BAR ASSOCIATION; 2008 AND 2016
- INVITED SPEAKER AT THE PRACTICING LAW INSTITUTE; 2012 AND 2015
- INVITED SPEAKER AT THE BRIDGEPORT CONTINUING EDUCATION WAGE AND HOUR SEMINAR; 2012 AND 2014
- EDITOR, ILLINOIS WAGE HOUR TREATISE; 2022
- CONTRIBUTING AUTHOR, AMERICAN BAR ASSOCIATION FEDERAL LABOR STANDARDS LEGISLATION SUBCOMMITTEE, MIDWINTER REPORT; 2016
- HELLENIC BAR ASSOCIATION OF ILLINOIS; 2001-PRESENT
- CO-CHAIR OF THE CONSUMER PRIVACY COMMITTEE OF THE ILLINOIS TRIAL LAWYERS ASSOCIATION; 2023-2024

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PRINCIPAL ATTORNEYS

- ILLINOIS SUPER LAWYER; 2009-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 1997-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION, BOARD OF MANAGERS; 2022-2023
- ILLINOIS STATE BAR ASSOCIATION; 1997-PRESENT
- NATIONAL EMPLOYMENT LAWYERS ASSOCIATION; 2007-PRESENT
- PUBLIC JUSTICE FOUNDATION; 2018-PRESENT
- CHICAGO FOOD PANTRY VOLUNTEER
- SHIRLEY RYAN ABILITYLAB VOLUNTEER

## EDUCATION

- DEPAUL UNIVERSITY COLLEGE OF LAW, J.D. WITH HONOR, ORDER OF THE COIF, [1995]
- UNIVERSITY OF ILLINOIS CHICAGO, POLITICAL SCIENCE, WITH DISTINCTION [1992]



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## PRINCIPAL ATTORNEYS



### RYAN STEPHAN

is a founding partner of Stephan Zouras, LLC. Throughout his career, Ryan has been a passionate advocate for worker and consumer rights, and has helped hundreds of thousands of everyday people recover damages in unpaid overtime, privacy claims, employment disputes, business litigation, products liability and personal injury cases. Ryan has successfully tried cases to verdict including obtaining a $9,000,000 verdict on behalf of 200 employees who were misclassified and denied overtime pay.

Ryan has also served as lead or co-lead counsel on hundreds of complex class and collective action cases involving privacy issues, wage and hour matters and consumer fraud claims, amongst others, and has helped recover over $250 Million for hundreds of thousands of people. In these cases, Ryan has helped establish precedent in both privacy and wage and hour law, forced major corporations to change unlawful employment practices and helped recover hundreds of millions of dollars for his clients.

Ryan and his cases have been profiled by numerous media outlets including Good Morning America, Fortune, ESPN, Fox News, The Guardian, The New York Times, Think Progress, USA Today and Vice Sports.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- AMERICAN ASSOCIATION FOR JUSTICE; 2020-PRESENT
- AMERICAN BAR ASSOCIATION; 2007-PRESENT
- CHICAGO LIGHTS TUTOR; 2009-2010
- CHICAGO CARES TUTOR; 2008-2009
- FEED MY STARVING CHILDREN VOLUNTEER; 2014-2015
- ILLINOIS STATE BAR ASSOCIATION; 2000-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION BOARD OF ADVOCATES; 2022-PRESENT
- PUBLIC JUSTICE FOUNDATION; 2018-PRESENT

## EDUCATION

- CHICAGO KENT COLLEGE OF LAW, J.D., [2000]
- UNIVERSITY OF ILLINOIS URBANA-CHAMPAIGN, B.A., POLITICAL SCIENCE, [1996]

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## PRINCIPAL ATTORNEYS

FILED DATE: 8/21/2025 2:54 PM 2025CH08668

Ryan and Jim are admitted to the Supreme Court of the United States, the United States Court of Appeals for the First, Third and Seventh Circuits, and the Trial Bar of the United States District Court for the Northern District of Illinois. Ryan and Jim are admitted to practice in the Northern, Central and Southern Districts of Illinois, the United States Bankruptcy Court for the Northern District of Illinois, and are generally admitted to practice in the District Court of Colorado, the Eastern District of Michigan and the Eastern District of Wisconsin.

In addition, they have been admitted pro hac vice in the United States District Courts for the District of Alaska, the District of Arizona, the District of Columbia, the Northern, Central and Southern Districts of California, the Superior Court for the State of California, the District Court of Columbia, the Northern, Middle and Southern Districts of Florida, the Northern District of Georgia, the Southern District of Indiana, the Northern and Southern Districts of Iowa, the Western District of Kentucky, the District Court of Maryland, the District Court of Massachusetts, the District Court of Minnesota, the Eastern and Western Districts of Missouri, the District Court of New Mexico, the Southern and Eastern Districts of New York, the District Court of New Jersey, the Eastern and Middle Districts of Pennsylvania, the First Judicial District of Pennsylvania, the Eastern, Middle and Western Districts of North Carolina, the Southern District of Ohio, the District Court of Oregon, the Eastern and Middle Districts of Pennsylvania, the Middle District of Tennessee, the Northern and Southern Districts of Texas, and the Western District of Washington.

In every consecutive year since 2009, Chicago Magazine's Super Lawyer Section selected both Jim and Ryan as two of the top attorneys in Illinois, a distinction given to no more than 5% of the lawyers in the state.



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PARTNERS



### ANDREW FICZKO

A tireless fighter for working people, Andy has spent his entire professional career focusing on Employment Litigation and has represented thousands of employees in class, collective and individual actions nationwide and has recovered hundreds of thousands of dollars in unpaid minimum wages, overtime compensation, and other benefits.

Andy has been recognized by Chicago Magazine's Super Lawyers section as a Rising Star and Super Lawyer for eight consecutive years, a distinction given to no more than 5% of Illinois lawyer. Andy served as the second chair in two major federal jury trials to verdict on behalf of Plaintiffs in wage and hour matters and one state jury trial to verdict on behalf of Plaintiffs in a breach of contract matter.

Andy is admitted to the United States Supreme Court, the United States District Court for the Seventh Circuit, the United States Bankruptcy Court for the Northern District of Illinois, the Trial Bar of the United States District Court for the Northern District of Illinois, and is generally admitted to the District Court of Colorado. Andy has been admitted pro hac vice to the District of Alaska, the Central and Northern Districts of California, the District of Columbia, the Northern District of Georgia, the Southern District of Indiana, the Northern and Southern Districts of Iowa, the District of Massachusetts, the Western District of Missouri, the Southern District of New York, the Middle and Western Districts of North Carolina, the Southern District of Ohio, the Eastern and Middle Districts of Pennsylvania, the Northern and Southern Districts of Texas, and the Western District of Washington.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION; 2009-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2009-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- NORTHERN DISTRICT OF ILLINOIS TRAIL BAR ASSOCIATION; 2010-PRESENT
- CHICAGO FOOD PANTRY VOLUNTEER; 2012

## EDUCATION

- DRAKE UNIVERSITY LAW SCHOOL, J.D., [2009]
- LAFAYETTE COLLEGE, B.S., PSYCHOLOGY, [2002]

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 8/21/2025 2:54 PM 2025CH08668

## PARTNERS



### TERESA BECVAR

A steadfast advocate for individual rights, Teresa has helped thousands of clients hold corporations accountable in employment and consumer protection cases. Teresa has extensive experience in a wide range of employment cases, including wage and hour class and collective actions and employment discrimination.

Teresa is a 2013 graduate of Chicago-Kent College of Law, where she served as Editor of the Law Review. Since 2019, Teresa has served on the Advocacy Council Leadership Committee for Women Employed, an Illinois nonprofit that advocates for the advancement of working women through fair workplaces and education opportunities. Every year since 2016, Teresa has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

Teresa is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois, the Northern District of Illinois, the United States Court of Appeals for the Third and Seventh Circuits, and is generally admitted to the District Court of Colorado. She has been admitted pro hac vice to the District Court of Arizona, the Northern District of California, the Superior Court for the State of California, the Middle District of Florida, the District Court of New Mexico, the Eastern and Southern Districts of New York, the Western District of North Carolina, the Northern District of Ohio, the Eastern and Middle Districts of Pennsylvania, the Middle District of Tennessee, and the Western District of Washington.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ABA/BNA AGE DISCRIMINATION IN EMPLOYMENT LAW SUPPLEMENT, CHAPTER EDITOR; 2016-PRESENT
- AMERICAN ASSOCIATION FOR JUSTICE; 2019-PRESENT
- CHICAGO BAR ASSOCIATION; 2013-PRESENT
- FEDERAL BAR ASSOCIATION; 2012-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2013-PRESENT
- ILLINOIS TRIAL LAWYER ASSOCIATION; 2017-PRESENT
- PUBLIC JUSTICE FOUNDATION; 2021-PRESENT

## EDUCATION

- CHICAGO-KENT COLLEGE OF LAW, J.D., CUM LAUDE, [2013]
- UNIVERSITY OF CHICAGO, B.A., CINEMA AND MEDIA STUDIES, [2002]

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## PARTNERS



### CATHERINE MITCHELL-DUFFY

is a staunch advocate for individual rights, representing people in a wide-range of legal disputes, including unpaid wages, employee misclassification, improper wage deduction, Employee Retirement Income Security Act (ERISA) violations, antitrust, and consumer fraud. Katie is also a member of the legal team pursuing claims on behalf of employees and consumers for violations of the Illinois Biometric Privacy Act (BIPA). Her broad knowledge in such areas helps clients understand their rights and recover damages when laws are violated.

Katie is admitted to practice in Illinois, the United States District Courts for the Central, Northern and Southern Districts of Illinois, and is generally admitted to the District Court of Colorado and the Eastern District of Wisconsin. She has been admitted pro hac vice to the District of Arizona, the Northern District of California, the Southern District of Iowa, the Middle District of Florida, the District Court of Minnesota, the Fourth Judicial District for the State of Minnesota, the Eastern and Western Districts of North Carolina, the District of New Mexico, the Eastern and Southern Districts of New York, the Eastern District of Pennsylvania, and the United States Court of Appeals for the Seventh Circuit.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHAPTER EDITOR, BUREAU OF NATIONAL AFFAIRS AGE DISCRIMINATION IN EMPLOYMENT ACT TREATISE, 2D ED.; 2016
- CHICAGO BAR ASSOCIATION; 2013-PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2015-PRESENT
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- SAINT MARY'S COLLEGE CHICAGO EAST ALUMNAE CLUB MEMBER; 2012-PRESENT
- VICE CHAIR, YLS MOOT COURT COMPETITION COMMITTEE; 2016-2019
- WOMEN'S BAR ASSOCIATION OF ILLINOIS; 2015-PRESENT
- YOUNG LAWYERS SOCIETY OF THE CHICAGO BAR ASSOCIATION; 2014-PRESENT

## EDUCATION

- THE JOHN MARSHALL LAW SCHOOL, J.D., [2015]
- SAINT MARY'S COLLEGE, B.A., POLITICAL SCIENCE & PSYCHOLOGY, [2012]

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## PARTNERS



### ANNA CERAGIOLI

started her career at Stephan Zouras in 2017 when she worked as a law clerk. Anna is a skilled and dedicated advocate for individuals and groups of people who have been injured, deprived of earned wages or otherwise mistreated by employers. She has worked tirelessly on an array of individual and class actions lawsuits involving unpaid wages, employee misclassification, tip-pool violations, retaliation, biometric privacy violations, and RICO violations. As the assisting attorney in one of the first in-person jury trials for unpaid wages following the COVID-19 pandemic, Anna obtained a verdict and corresponding six-figure damages award on behalf of one of her clients. Anna achieved the first ruling in the state of Illinois awarding treble damages over and above liquidated damages for claims brought under the Illinois Minimum Wage Law and the Fair Labor Standards Act – a landmark ruling for employee rights.

Anna has been recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers. She was one of only twelve graduating students inducted into the Chicago-Kent Bar & Gavel Society.

Anna is admitted to the Trial Bar of the United States District Court for the Northern District of Illinois, the Central and Southern Districts of Illinois, and the United States Court of Appeals for the Seventh Circuit. She has also been admitted pro hac vice to the Northern District of California, the Eastern District of New York, the Northern District of Ohio, the Eastern District of Pennsylvania and Court of Common Pleas for the State of Ohio.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION YLS MOOT COURT COMMITTEE; 2019-2021
- CHICAGO BAR ASSOCIATION; 2018-PRESENT
- CHICAGO-KENT BAR AND GAVEL SOCIETY; 2018 INDUCTEE
- CHICAGO-KENT MOOT COURT HONOR SOCIETY, PRESIDENT AND MEMBER; 2016-2018
- CHICAGO-KENT JUSTINIAN SOCIETY, SECRETARY; 2016-2018
- ILLINOIS TRIAL LAWYERS ASSOCIATION; 2021-PRESENT
- NATIONAL EMPLOYMENT LAWYERS ASSOCIATION; 2022
- WOMEN'S BAR ASSOCIATION OF ILLINOIS; 2018-PRESENT

## EDUCATION

- CHICAGO-KENT COLLEGE OF LAW, J.D., [2018]
- MARQUETTE UNIVERSITY, B.A., CUM LAUDE, ENGLISH [2013]



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 8/21/2025 2:54 PM 2025CH08668

## ASSOCIATES



### MICHAEL CASAS

joined the Stephan Zouras team as a law clerk in 2020, with a passion and dedication for vindicating Illinois citizens' rights under the Illinois Biometric Information Privacy Act (BIPA). Since joining the Stephan Zouras legal team, Michael has assisted in trailblazing actions involving BIPA, employee misclassification, breach of contract, unpaid wages, personal injury, and employment discrimination claims.

Michael graduated cum laude from the University of Illinois – Chicago School of Law, where he was a member of the Dean's List, and a published member of the UIC Law Review. While in law school, Michael served as a Student Attorney for the Community Enterprise & Solidarity Economy Clinic where he consulted small business owners on corporate entity registration and regulatory compliance with Illinois cannabis license applications.

Michael earned his undergraduate degree from the University of Illinois – Urbana/Champaign, where he graduated with a degree in Finance.

Michael is admitted to practice in Illinois and the United States District Court for the Northern and Central Districts of Illinois.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION; 2022 – PRESENT
- AUXILIARY BOARD MEMBER – ONWARD NEIGHBORHOOD HOUSE; 2020 – PRESENT

## EDUCATION

- UNIVERSITY OF ILLINOIS - CHICAGO SCHOOL OF LAW, J.D., CUM LAUDE [2022]
- UNIVERSITY OF ILLINOIS - URBANA-CHAMPAIGN, B.S., FINANCE [2017]



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## ASSOCIATES



### JUSTIN CAPARCO

is an associate at Stephan Zouras, supporting class action litigation across the firm's complex litigation practice. He represents classes of individuals in areas such as privacy, employment, consumer protection, and mass torts.

Before joining Stephan Zouras, Justin was a defense attorney representing clients through all stages of litigation – from pre-suit investigation, to mediation, through trial and appeal. He also significantly assisted in the firm's pro bono practice. Prior to that, he worked at a plaintiff-side firm assisting in cutting-edge litigation in areas such as consumer protection, biometric privacy, data breaches, products liability, and mass torts.

Justin is a member of the Illinois and Indiana Bar Associations, and is admitted to practice in the Northern and Southern Districts of Illinois. He has also been admitted pro hac vice to the Northern District of California, and the District Court of New Mexico.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ILLINOIS STATE BAR ASSOCIATION; 2022 – PRESENT
- CHICAGO BAR ASSOCIATION; 2022 - PRESENT

## EDUCATION

- UNIVERSITY OF WISCOSIN LAW SCHOOL, J.D. [2022]
- RHODE ISLAND COLLEGE, B.A. ECONOMICS & PHILOSOPHY [2018]

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## ASSOCIATES



### DANIELLE SWEET

began her legal career as an attorney with the Louisville Metro Public Defender, where she defended the constitutional rights of her clients. There, she had the unique opportunity to sit second chair in a nationally televised murder trial in her first years of practice. In 2021, Danielle continued her career as defense attorney, shifting her practice to civil litigation.

Danielle is an outstanding litigator who brings her unique background and experience to help Stephan Zouras continue securing justice for people. At Stephan Zouras, Danielle will help continue the SZ legacy of protecting the rights of ordinary workers and consumers, in data privacy, cybersecurity, wage and hour, consumer fraud and complex class actions.

Danielle is a member of the Illinois and Kentucky Bar Associations, the United States District Court for the Eastern and Western Districts of Kentucky and the Northern District of Illinois.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- KENTUCKY BAR ASSOCIATION; 2019 – PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2023 - PRESENT

## EDUCATION

- INDIANA UNIVERSITY MAURER SCHOOL OF LAW, J.D. [2019]
- INDIANA UNIVERSITY, B.S. PYSCHOLOGY [2014]

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## ASSOCIATES



### GILLIAN KIMMONS

After joining the Stephan Zouras team as a law clerk in 2023, Gillian became SZ's newest associate attorney in 2024. Gillian is a dedicated advocate who helps litigate for our clients in state and federal court, with a focus on class actions involving biometric privacy, unpaid wages, cybersecurity, and consumer protection.

Gillian obtained her undergraduate degree at the University of Illinois, Urbana/Champaign. While in law school, Gillian was a member of the Dean's List. Gillian also worked as a research assistant with a focus on international and comparative law, gained experience working in family and personal injury law, and participated as member of the Society of Women in Law.

Gillian is admitted to practice in Illinois and the United States District Court for the Northern District of Illinois.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- CHICAGO BAR ASSOCIATION; 2024 - PRESENT
- ILLINOIS STATE BAR ASSOCIATION; 2024 – PRESENT

## EDUCATION

- CHICAGO-KENT COLLEGE OF LAW, J.D. [2024]

- UNIVERSITY OF ILLINOIS AT URBANA-CHAMPAIGN, B.S. AGRICULTURAL COMMUNICATIONS [2021]



# STEPHAN ZOURAS

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## OF COUNSEL

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



### DAVID J. COHEN

is a highly skilled and successful class-action attorney who joined Stephan Zouras, LLC in 2016. Dave manages our Philadelphia office and has spent his entire career fighting to protect the rights of thousands of healthcare professionals, restaurant workers, transportation workers, IT professionals, shareholders, union members and consumers.

Before joining the private sector, Dave completed a unique clerkship with the Hon. Stephen E. Levin in the Philadelphia Court of Common Pleas, during which he helped to develop a respected and efficient system to resolve the Court's class action cases and contributed to several well-regarded works on class actions.

Dave earned a J.D. from the Temple University School of Law in 1994. While attending law school, Dave was awarded the Barristers Award for excellence in trial advocacy and worked as a teaching assistant for Hon. Legrome Davis (E.D. Pa.) as part of Temple's award-winning Integrated Trial Advocacy program.

Dave is a member of the Pennsylvania and New Jersey Bar Associations, and has been admitted to practice in many courts nationwide, including: the United States Courts of Appeals for the Third and Sixth Circuits and the District Courts of California, Florida, Illinois, Michigan, New Jersey, New York, Pennsylvania, Tennessee and the District of Columbia.

## PROFESSIONAL & COMMUNITY ACTIVITIES

- ILLINOIS STATE BAR ASSOCIATION; 2017-PRESENT
- UNIVERSITY OF CHICAGO ALUMNI INTERVIEWER; 1994-PRESENT
- PENNSYLVANIA BAR ASSOCIATION MEMBER; 1995-PRESENT
- PHILADELPHIA BAR ASSOCIATION MEMBER; 1995-PRESENT
- UNION LEAGUE OF PHILADELPHIA MEMBER; 2001-PRESENT
- STREET TAILS ANIMAL RESCUE FOSTER CARE SPONSOR; 2014-PRESENT
- UNIVERSITY OF CHICAGO "WISR" ALUMNI MENTORING NETWORK; 2017-PRESENT
- PHILADELPHIA BAR ASSOCIATION LEGAL-LINE VOLUNTEER; 2015-2020
- FOUNDATION FOR FIRST RESPONDERS AND FIREFIGHTERS SPONSOR; 1994-2020
- AMERICAN BAR ASSOCIATION MEMBER;1994-2015
- HEAD HOUSE CONSERVANCY BOARD MEMBER; 2008-2015

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## OF COUNSEL

- AIDS SERVICES IN ASIAN COMMUNITIES (ASAIC) SPONSOR; 1994-2014
- FRIENDS OF INGLIS HOUSE VOLUNTEER; 2001-2014
- OLD CITY CIVIC ASSOCIATION BOARD MEMBER, EXECUTIVE COMMITTEE MEMBER AND SECRETARY; 2002-2014
- TEMPLE UNIVERSITY BEASLEY SCHOOL OF LAW MOOT COURT HONOR SOCIETY JUDGE; 2002-2011

## EDUCATION

- TEMPLE UNIVERSITY SCHOOL OF LAW, J.D. [1994]
- UNIVERSITY OF CHICAGO, B.A. CUM LAUDE [1991]



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 8/21/2025 2:54 PM 2025CH08668

## Representative Trials, Verdicts and Judgments

| CASE | COURT | JUDGMENT |
|------|-------|----------|
| Meadows v. NCR Corporation | Northern District of Illinois<br>No. 16-cv-06221 | 5/21/2021 - Jury Verdict (Plaintiff)<br>7/09/2021 - Trial Court Judgment<br>**$225,000** |
| Retaliation Arbitrations | American Arbitration Association<br>Redacted for Confidentiality | 2/2019 & 9/2020 - Arbitration<br>Judgment - **$400,000** |
| Ray v. DISH Network | American Arbitration Association<br>No. 01-15-0003-4651 | 3/17/2019 – Arbitration Judgment<br>**$3,250,000** |
| Franco v. Ideal Mortgage Bankers<br>d/b/a Lend America | Eastern District of New York<br>No. 07-cv-3956 | 12/14/2017 – Trial Court Judgment<br>**$15,200,000** |
| Frisari v. DISH Network | American Arbitration Association<br>No. 18-160-001431-12 | 8/25/2016 - Arbitration Judgment<br>**$2,500,000** |
| Huskey v . Ethicon, Inc. | Southern District of West Virginia<br>No. 2:12-cv-05201 | 9/10/2014 - Jury Verdict (Plaintiff)<br>**$3,270,000** |
| Lee v. THR & Associates, Inc. | Central District of Illinois<br>No. 12-cv-3078 | 5/22/2014 - Trial Court Judgment<br>**$12,200,000** |
| Daniels v. Premium Capital Funding | Eastern District of New York<br>No. 08-cv-4736 | 10/18/2011 - Jury Verdict (Plaintiff)<br>**$9,000,000** |



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

## Representative Resolved Class and Collective Actions

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including;**

| CASE | COURT | SETTLEMENT |
|------|-------|-----------|
| Boyd v. Lazer Spot, Inc. | Northern District of Illinois<br>No. 2018-CV-08173 | 1/31/2024 - Final Approval<br>**$1,750,000** |
| Wagner v. Speedway, LLC | Northern District of Illinois<br>No. 2020-CV-3014 | 1/23/2024 - Final Approval<br>**$583,000** |
| Purnell v. ASG Staffing, Inc. | Circuit Court of Cook County, IL<br>No. 2021-CH-00991 | 1/03/2024 - Final Approval<br>**$4,900,000** |
| Staubus v. Regents of the University of Minnesota | County of Hennepin, MN<br>No. 27-CV-20-8546 | 12/04/2023 - Final Approval<br>**$3,200,000** |
| Valenzuela v. Flexible Staffing | Circuit Court of Cook County, IL<br>No. 2020-CH-06632 | 10/16/2023 - Final Approval<br>**$2,750,000** |
| Tims v. Black Horse Carries, Inc. | Circuit Court of Cook County, IL<br>No. | 10/04/2023 - Final Approval<br>**$803,000** |
| Wilson v. Magna Exteriors Belvidere | Circuit Court of Boone County, IL<br>No. 2020-L-0039 | 8/18/2023 - Final Approval<br>**$2,300,000** |
| Fulton v. SCR Medical Transport, Inc. | Circuit Court of Cook County, IL<br>No. 2020-CH-00927 | 8/16/2023 - Final Approval<br>**$1,400,000** |
| Krause v. Caputo's Fresh Markets | Circuit Court of Cook County, IL<br>No. 2018-CH-11660 | 7/11/2023- Final Approval<br>**$3,400,000** |

FILED DATE: 8/21/2025 2:54 PM    2025CH08668



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

## Representative Resolved Class and Collective Actions

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including;**

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Landa v. MJ Holding Co., LLC | Circuit Court of Cook County, IL No. 2020-CH-05247 | 6/22/2023 - Final Approval **$3,100,000** |
| Figueroa v. Tony's Fresh Market | Circuit Court of Cook County, IL No. 2018-CH-15728 | 5/01/2023 - Final Approval **$6,600,000** |
| Heard v. Omnicell, Inc. | Circuit Court of Cook County, IL No. 2019-CH-06817 | 4/06/2023 - Final Approval **$4,300,000** |
| Jones v. Medical Advantage Group | Northern District of Illinois No. 2020-CV-07128 | 3/27/2023 - Final Approval **$700,000** |
| Dennis v. Greatland Home Health Services, Inc. | Northern District of Illinois No. 2019-CV-05427 | 3/23/2023 - Final Approval **$975,000** |
| Meegan v. NFI Industries, Inc. | Northern District of Illinois No. 2020-CV-00465 | 3/09/2023 - Final Approval **$3,500,000** |
| Pruitt v. Par-A-Dice Hotel Casino | Circuit Court of Tazewell County, IL No. 2020-L-000003 | 2/22/2023 - Final Approval **$825,000** |
| Roper v. Verizon | Eastern District of Pennsylvania No. 2018-CV-5270 | 1/19/2023 - Final Approval **$1,300,000** |
| Figueroa v. Kronos, Inc. | Northern District of Illinois No. 2019-CV-01306 | 12/20/2022 - Final Approval **$15,300,000** |

FILED DATE: 8/21/2025 2:54 PM   2025CH08668



# STEPHAN ZOURAS,LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

## Representative Resolved Class and Collective Actions

**Courts nationwide have appointed the firm as lead or co-lead counsel in numerous class and collective actions in which they have collectively secured over one hundred million dollars in verdicts and settlements including;**

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Brown v. Weathertech | Circuit Court of Cook County, IL No. 2019-CH-00503 | 9/26/2022 - Final Approval **$1,375,000** |
| Bruhn v. Jewel-Osco | Circuit Court of Cook County, IL No. 2018-CH-01737 | 9/08/2022 - Final Approval **$1,575,000** |
| Meier v. Robert Rohrman, et al. | Circuit Court of Cook County, IL No. 2014-CH-11513 | 5/31/2022 - Final Approval **$855,000** |
| Parsons v. Personnel Staffing Group | Circuit Court of Cook County, IL No. 2020-CH-473 | 3/22/2022 - Final Approval **$4,680,000** |
| Mosby v. The Ingalls Memorial Hospital, et al. | Circuit Court of Cook County, IL No. 2018-CH-05031 | 3/14/2022 - Final Approval **$2,420,000** |
| O'Sullivan v. All Star Management, Inc. | Circuit Court of Cook County, IL No. 2019-CH-11575 | 9/02/2021 - Final Approval **$5,850,000** |
| Sanchez v. Visual Pak | Circuit Court of Cook County, IL No. 2018-CH-02651 | 8/10/2021 - Final Approval **$3,500,000** |
| Ramos v. BOX Acquisitions, LLC | Circuit Court of Cook County, IL No. 2020-CH-03887 | 8/05/2021 - Final Approval **$1,380,000** |
| Bedford v. Lifespace Communities, Inc. | Northern District of Illinois No. 2020-CV-04574 | 5/12/2021 - Final Approval **$987,850** |



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 8/21/2025 2:54 PM 2025CH08668

| CASE | COURT | SETTLEMENT |
|------|-------|------------|
| Heard v. THC - Northshore, Inc. | Circuit Court of Cook County, IL No. 2017-CH-16918 | 5/05/2021 - Final Approval **$2,250,000** |
| Thome v. Novatime Technology, Inc. | Northern District of Illinois No. 2019-CV-06256 | 3/08/2021 - Final Approval **$14,100,000** |
| Kusinski v. ADP, LLC | Circuit Court of Cook County, IL No. 2017-CH-12364 | 2/10/2021 - Final Approval **$25,000,000** |
| Trayes v. Mid-Con Hospitality Group, LLC | Circuit Court of Cook County, IL No. 2019-CH-11117 | 2/03/2021 - Final Approval **$616,500** |
| Collier v. Pete's Fresh Market | Circuit Court of Cook County, IL No. 2019-CH-05125 | 12/03/2020 - Final Approval **$4,200,000** |
| Bryant v. Loews Chicago Hotel, Inc. | Northern District of Illinois No. 2019-CV-03195 | 10/30/2020 - Final Approval **$1,000,000** |
| Bigger v. Facebook, Inc. | Northern District of Illinois No. 2017-CV-7753 | 10/22/2020 - Final Approval **$1,600,000** |
| Thomas v. Kik Custom Products, Inc. | Circuit Court of Cook County, IL No. 2019-CH-02471 | 9/30/2020 - Final Approval **$1,000,000** |
| Gauzza v. Prospect Medical Holdings, Inc. | Eastern District of Pennsylvania No. 2020-cv-03599 | 9/15/2020 - Final Approval **$1,900,000** |
| Trottier v. Summit Staffing | Circuit Court of Cook County, IL No. 2019-CH-02731 | 8/04/2020 - Final Approval **$1,000,000** |
| Thome v. Flexicorps. Inc. | Circuit Court of Cook County, IL No. 2018-CH-01751 | 7/02/2020 - Final Approval **$1,000,000** |

.



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL  60606
312-233-1550
**stephanzouras.com**

FILED DATE: 8/21/2025 2:54 PM   2025CH08668

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Stewart v. First Transit, Inc. | Eastern District of Pennsylvania<br>No. 2018-CV-03768 | 12/30/2019 - Final Approval<br>**$1,000,000** |
| Jordan v. Meridian Bank | Eastern District of Pennsylvania<br>No. 2017-CV-05251 | 12/19/2019 - Final Approval<br>**$1,000,000** |
| George v. Schulte Hospitality Group, Inc. | Circuit Court of Cook County, IL<br>No. 2018-CH-04413 | 12/16/2019 - Final Approval<br>**$1,000,000** |
| Watts v. Chicago Lakeshore Hospital | Circuit Court of Cook County, IL<br>No. 2017-CH-12756 | 11/13/2019 - Final Approval<br>**$858,000** |
| Bey v. Walker HealthCare<br>and;<br>Pierce v. Encore Health Resources | Southern District of Texas<br>No. 19-cv-00060<br>No. 18-cv-04736 | 9/19/2019 - Final Approval<br>**$2,400,000** |
| Dixon v. The Washington & Jane Smith Home | Northern District of Illinois<br>No. 2017-CV-08033 | 8/20/2019 - Final Approval<br>**$1,350,000** |
| Bhattacharya v. Capgemini | Northern District of Illinois<br>No. 2016-CV-07950 | 11/13/18 - Final Approval<br>**$990,000** |
| Carver v. Presence Health Network | Northern District of Illinois<br>No. 15-cv-02905 | 7/10/18 – Final Approval<br>**$20,000,000** |
| Brown v. Health Resource Solutions, Inc. | Northern District of Illinois<br>No. 16-cv-10667 | 4/20/18 – Final Approval<br>**$900,000** |
| Eggleston v. USCC Services, LLC | Northern District of Illinois<br>No. 16-cv-06775 | 2/16/18 – Final Approval<br>**$1,250,000** |
| Kaminski v. Bank of America, N.A. | Northern District of Illinois<br>No. 16-cv-10844 | 2/15/18 – Final Approval<br>**$850,000** |



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

FILED DATE: 8/21/2025 2:54 PM 2025CH08668

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Donoghue v. Verizon Communications, Inc. | Eastern District of Pennsylvania No. 16-cv-4742 | 11/16/17 – Final Approval **$800,000** |
| Tompkins v. Farmers Insurance Exchange | Eastern District of Pennsylvania No. 14-cv-3737 | 9/27/17 – Final Approval **$775,000** |
| In re Sears Holdings Corporation Stockholder and Derivative Litigation | Court of Chancery of the State of Delaware, No. 11081-VCL | 5/9/17 – Final Approval **$40,000,000** |
| Hauser v. Alexian Brothers Home Health | Northern District of Illinois No. 15-cv-6462 | 4/06/17 – Final Approval **$1,000,000** |
| Leiner v. Johnson & Johnson | Northern District of Illinois No. 15-cv-5876 | 1/31/17 – Final Approval **$5,000,000** |
| Reed v. Friendly's Ice Cream, LLC | Middle District of Pennsylvania No. 15-cv-00298 | 1/31/17 – Final Approval **$3,500,000** |
| Cook v. Bank of America | Northern District of Illinois No. 15-cv-07718 | 8/2/16 – Final Approval **$3,250,000** |
| Lukas v. Advocate Health Care | Northern District of Illinois No. 14-cv-2740 | 6/29/16 – Final Approval **$4,750,000** |
| Price v. NCR Corporation | American Arbitration Association No. 51-610-908-12 | 3/18/15 – Final Approval **$2,950,000** |
| Jones v. Judge Technical Services Inc. | Eastern District of Pennsylvania No. 11-cv-6910 | 12/15/14 – Final Approval **$1,220,000** |
| Ord v. First National Bank of Pennsylvania | Western District of Pennsylvania No. 12-cv-766 | 6/21/13 – Final Approval **$3,000,000** |



# STEPHAN ZOURAS, LLC

222 W. Adams Street, Suite 2020
Chicago, IL 60606
312-233-1550
**stephanzouras.com**

| CASE | COURT | SETTLEMENT |
|---|---|---|
| Pomphrett v. American Home Bank | Eastern District of Pennsylvania No. 12-cv-2511 | 3/14/13 – Final Approval **$2,400,000** |
| Glatts v. Crozer-Keystone Health System | Philadelphia Court of Common Pleas, No. 0904-1314 | 2/06/13 – Final Approval **$1,200,000** |
| Turner v. Mercy Health System | Philadelphia Court of Common Pleas, No. 0801-3670 | 4/20/11 – Final Approval **$2,750,000** |
| Perez v. RadioShack Corporation | Northern District of Illinois No. 02-cv-7884 | 9/14/07 - Final Approval **$9,000,000** |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| RODNEKA PERRY, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>TEA DATING ADVICE, INC.<br><br>     Defendant. | Case No.2025CH08668 |

## ORDER

  This matter coming to be heard on Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues on August 28, 2025, Counsel for Plaintiff present and the Court being fully advised, IT IS HEREBY ORDERED:

  Plaintiff's motion is entered and continued to the previously-scheduled Case Management Conference, set for October 20, 2025, at 9:30 AM, Zoom Meeting ID Number: 974 5431 3798, Password: 501494.

Judge Alison C. Conlon

AUG 28 2025

Circuit Court - 2140

     The Hon. Alison C. Conlon

     Cal 4 phone number: (312) 603-4158
     CCC.ChanceryCalendar4@CookCountyIL.gov

Prepared by:
Gillian C. Kimmons
Stephan Zouras, LLC
222 W. Adams St., Suite
Chicago, Illinois 60606
312.233.1550 | 312.233.1560 *f*
gkimmons@stephanzouras.com

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 4

FILED
9/3/2025 11:12 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34276523

Appearance and Jury Demand *

(12/01/20) CCG 0009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CHANCERY _____ DEPARTMENT/_____ DISTRICT

Rodneka Perry
_____
Plaintiff

v.

Tea Dating Advice, Inc.
_____
Defendant

Case No.  2025 CH 08668

Claimed $: _____

Return Date: _____ Time: _____

Court Date: _____ Room No.: _____

Address of Court District for Filing

### APPEARANCE AND JURY DEMAND *

- [x] General Appearance
- [ ] Jury Demand *

- [x] 0900 - Fee Paid
- [ ] 0908 - Trial Lawyers Appearance - No Fee
- [ ] 1900 - Appearance and Jury Demand/Fee Paid
- [ ] 1904 - Appearance and Jury Demand/No Fee Paid

- [ ] 0904 - Fee Waived
- [ ] Twelve-person Jury
- [ ] Six-person Jury

The undersigned enters the appearance of:  ○ Plaintiff  ○ Defendant

Litigant's Name: Tea Dating Advice, Inc.

Signature: /s/ Bonnie Keane DelGobbo

- [x] Initial Counsel of Record
- [ ] Pro Se (Self-represented)
- [ ] 2810 Rule 707 Out-of-State Counsel (pro hac vice)

- [ ] Additional Appearance
- [ ] Substitute Appearance

● Atty. No.: 6309394     ○ Pro Se 99500

Name: Bonnie Keane DelGobbo/ Baker & Hostetler LLP

Atty. for (if applicable):

Tea Dating Advice, Inc.

Address: One N. Wacker Drive, Suite 3700

City: Chicago, Illinois

State: IL   Zip: 60606   Phone: 312-416-8185

Primary Email: bdelgobbo@bakerlaw.com

**IMPORTANT**

*Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:
- [ ] I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ Bonnie Keane DelGobbo
_____
Attorney for  ○ Plaintiff  ● Defendant

### Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois

**cookcountyclerkofcourt.org**

Page 1 of 1

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 4

FILED
9/5/2025 11:47 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34320080

FILED DATE: 9/5/2025 11:47 AM   2025CH08668

**Appearance and Jury Demand \***                                    (12/01/20) CCG 0009

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CHANCERY _____ DEPARTMENT/_____ DISTRICT

| | |
|---|---|
| Rodneka Perry | Case No. _2025 CH 08668_ |
| Plaintiff | Claimed $: _____ |
| v. | Return Date: _____ Time: _____ |
| Tea Dating Advice, Inc. | Court Date: _____ Room No.: _____ |
| Defendant | |

Address of Court District for Filing

### APPEARANCE AND JURY DEMAND \*

- ☑ General Appearance
- ☑ 0900 - Fee Paid
- ☐ 0904 - Fee Waived
- ☐ Jury Demand \*
- ☐ 0908 - Trial Lawyers Appearance - No Fee
- ☐ 1900 - Appearance and Jury Demand/Fee Paid
- ☐ Twelve-person Jury
- ☐ 1904 - Appearance and Jury Demand/No Fee Paid
- ☐ Six-person Jury

The undersigned enters the appearance of: ☐ Plaintiff ☐ Defendant

Litigant's Name: _Tea Dating Advice, Inc._

Signature: /s/ _oel C. Griswold_

- ☑ Initial Counsel of Record
- ☐ Pro Se (Self-represented)
- ☐ 2810 Rule 707 Out-of-State Counsel (pro hac vice)
- ☐ Additional Appearance
- ☐ Substitute Appearance

◉ Atty. No.: _6277574_   ○ Pro Se 99500

Name: _oel C. Griswold/ Baker & Hostetler LLP_

Atty. for (if applicable):

_Tea Dating Advice, Inc._

Address: _One N. Wacker Drive, Suite 3700_

City: _Chicago, Illinois_

State: _IL_ Zip: _60606_ Phone: _312-416-6200_

Primary Email: _cgriswold@bakerlaw.com_

> **IMPORTANT**
>
> *Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:
☐ I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ _oel C. Griswold_

Attorney for ☐ Plaintiff ◉ Defendant

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

**cookcountyclerkofcourt.org**

Page 1 of 1

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 4

FILED DATE: 9/5/2025 12:03 PM  2025CH08668

FILED
9/5/2025 12:03 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH08668
Calendar, 4
34320687

Notice and Acknowledgment of
Receipt of Summons and Complaint                     (12/01/24) CCG 0063 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

RODNEKA PERRY

_____
                    Plaintiff(s)     Case No. ___2025CH08668_____

            vs.

_____     Defendant(s)
TEA DATING ADVICE, INC.                              Amount Claimed:   $ _____

_____
                    Defendant(s)

### NOTICE AND ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

To: _Bonnie DelGobbo_____     Address: _1 N Wacker Dr Ste 3700_____
        (Name)

City: _Chicago_____     State: _IL__  Zip: _60606____

The enclosed summons and complaint are served pursuant to section 2--213 of the Code of Civil Procedure.

You must complete the acknowledgment part of this form and return one copy of the completed form to the sender within _____30____ * days.

You must sign and date the acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within _____30____ * days, you (or the party on whose behalf you are being served) may be served a summons and complaint in any other manner permitted by law.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within _____60____ ** days. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare, under penalty of perjury, that this notice and acknowledgment of receipt of summons and complaint will have been mailed on _____9/3/25____ .

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

**Notice and Acknowledgment of**
**Receipt of Summons and Complaint**

**(12/01/24) CCG 0063 B**

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile. illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/ gethelp.asp.**

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the summons and of the complaint in the above captioned matter at:

(Please print or type)

Name: __Bonnie DelGobbo_____

Address: _____

City: _____ State: _____ Zip: _____

Email: __bdelgobbo@bakerlaw.com_____

Relationship to Entity/Authority to Receive Service of Process:  _outside_____

counsel

(Not applicable if your are the named Defendant or Respondent.)

Dated: __9/5/2025_____

_____
Signature

\* (To be completed by the person sending the notice.) Date for return of waiver must be at least 30 days from the date on which the request is sent, or 60 days if the defendant is addressed outside the United States.

\*\* (To be completed by the person sending the notice.) Date for answering complaint must be at least 60 days from the date on which the request is sent, or 90 days if the defendant is addressed outside the United States.

**Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 9/5/2025 12:03 PM  2025CH08668