# EXHIBIT D

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

FILED
8/29/2025 11:07 AM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH09023
Calendar, 11
34236004

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## CHANCERY DIVISION

JASMINE VALDEZ, on behalf of themselves and all others similarly situated,

Plaintiffs,

against

TEA DATING ADVICE, INC.,

Defendant.

Case No. **2025CH09023**

**12-Person Jury**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT FOR BIOMETRIC INFORMATION PRIVACY ACT VIOLATIONS

Plaintiff JASMINE VALDEZ alleges that Defendant TEA DATING ADVICE INC., on knowledge as to their own actions, and otherwise upon information and belief, as follows:

## INTRODUCTION

1. This is a putative class action complaint arising from Defendant's violations of the Illinois Biometric Information Privacy Act.

2. Plaintiff is a user in Illinois who downloaded and uploaded selfies to the Tea mobile application (or "app"), owned and operated by Defendant.

3. The Defendant's app, Tea, available on the Apple play store and is designed for the exclusive use of women who wish to promote each other's safety in the online-dating world by anonymously trading notes on men in their local dating markets.

4. Critical to the app's function is the privacy of its users, who are ostensibly given a safe-space to discuss potential dating red-flags or safety issues with men without retaliation.

5. In order to make the app's use exclusive to women, Defendant requires all users to submit two photos for a verification of their identity and gender: a selfie of themselves, and a photo of their driver's license.

6. The photos are then matched using a facial recognition system to identify biometric information from each submitted user, to verify that the user is a woman before giving her full use of the app.

7. All of the users' submitted verification photos are actually stored for an apparently indefinite time period on an insecure server – long after the verification process had been completed.

8. On July 25th, 2025, a data-breach occurred wherein a hacker posted tens of thousands of user photos and identifications on the anonymous imageboard 4chan – in an express attempt to humiliate, mock, and reveal personal details of Tea's users.

9. On or about July 27th, 2025, a second breach occurred wherein millions of private messages between users were leaked.

10. As a result of Defendant's negligence in acquiring and storing their user data, their misrepresentations for how long they store that data, and the opaque collection of sensitive biometric data - hundreds of thousands of the

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

app's users now have their personal identifying information released on the internet, and specifically within the hands of malicious actors.

11. Consequently, several lawsuits across the country have been filed by users seeking to recover general damages from the data breach.

12. However, aside from liability for general data breach claims, the biometric information of the Plaintiff and the Class was collected and stored in violation of the Illinois Biometric Information Privacy Act ("BIPA").

13. Thus, this lawsuit is filed on behalf of users in Illinois who may have a claim specifically under BIPA in relation to the scanning and storing of their facial geometry.


## PARTIES

14. At all times relevant to this Complaint, Plaintiff Jasmine Valdez was a resident of Illinois who downloaded the Tea app during on or about May 2024, who uploaded a verification selfie and a photo of her drivers license through Defendant's app.

15. At all times relevant to this Complaint, Defendant Tea Dating Advice Inc. is a for-profit corporation headquartered in San Franciso, California.

## JURISDICTION AND VENUE

16. The Court has personal jurisdiction over the Defendant because the face geometry scans that give rise to this lawsuit were provided to Defendant in Illinois. Defendant thus captured, collected, possessed, stored, otherwise obtained, and used the biometrics in Illinois. Defendant also does significant

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

business in Illinois and has purposefully availed itself of the privilege of doing business in Illinois. Further, Defendant consciously designed its Apps as to be usable and/or downloadable in Illinois. And the transactions giving rise to this action arise out of or relate to Defendant's business in Illinois.

17. Venue is proper in this County pursuant to 735 ILCS 5/2-102(a) because Defendant does substantial business in this County and a substantial part of the events giving rise to Plaintiff's claims took place within this County. Plaintiff's biometric information was collected in this County.

## STATEMENT OF FACTS

18. Defendant launched the Tea App sometime in 2023, as a way for women on dating apps to discuss their experiences with men in their local dating market.

19. The name references the expression "spill the tea" – which means to share gossip or salacious information.

20. In order to prevent retaliation from men who may be discussed on the app, Defendant requires that all users be women.

21. Each and every user of the app, from its inception to the filing of this Complaint is required to submit a selfie-verification of themselves, together with a photo of their drivers license or government identification to the app, upon installation and set-up.

22. A facial scan is performed on the uploaded photographs of the users, to use certain biometric measurements to verify that the user is female and is using their own photos as opposed to a stranger's.

23. If a user does not upload those photos, they cannot use the app at all. Thus, the submission of sensitive biometric information that could be used to identify any individual was required as a condition to use the app.

24. Each and every user of the app, including Plaintiff and the proposed class, upon having their photos solicited, is expressly assured by the text on the app's click-flow that their data will only be stored until their account can be verified.

25. However, Defendant actually stored all users' verification selfies and driver's license photos for long after the completion of the verification process.

26. A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, DNA, facial features and voice, among others.

27. The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions."

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

28. In recognition of this legitimate concern over the security of biometric information, the Illinois Legislature enacted the BIPA, which provides, inter alia, that: No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

29. Further, BIPA provides that a private entity must not sell, lease, trade, or otherwise profit from a persons biometrics, must not disclose, redisclose, or otherwise disseminate a person's biometrics, except under certain exceptions, and must store, transmit, and protect an individual's biometric identifiers and biometric information using the same standard of care for its industry and other confidential and sensitive information.

30. BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." 740 ILCS 14/10. A "biometric identifier" includes a "scan of … face geometry." Id.

31. Once a user takes a selfie or uploads a photo including people's faces in the app, Defendant's software extracts (captures, collects, or otherwise obtains) the biometric face geometry of every individual whose face appears in the uploaded photos, from the selfie and from the driver's license or ID. Defendant does so by scanning each user's face and creating a set of biology-based measurements used to identify whether each individual is female. Defendant then possesses, stores, and uses this face geometry and related biometric information to allow or deny the user access to its app.

32. Thus, Defendant captures, collects, possesses, stores, otherwise obtains, and/or uses users' face geometry and related biometric information. But Defendant does so without complying with BIPA's requirements.

33. If Defendant's face geometry scans were to fall into the wrong hands, by data breach or otherwise, then unscrupulous entities could subvert users' expectations of personal privacy, grossly violate their respective senses of dignity, and otherwise flout notions of common decency. Biometrics can be used to glean copious amounts of sensitive information about those who are subject to their collection, including age, gender, ethnicity, socio-economic status, health conditions, and more.

34. BIPA confers on Plaintiff and all other similarly situated Illinois residents a right to know of such risks inherent to the collection and storage of biometrics, and a right to know how long such risks will persist.

**FACTS SPECIFIC TO PLAINTIFF JASMINE VALDEZ**

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

35. Ms. Valdez downloaded the Tea App during the month of May of 2024 while she resided in Chicago, Illinois.

36. After downloading the app, she uploaded the required photos for verification, including a contemporaneous selfie (or photograph of herself) and a photo of her drivers' license, while still in Illinois.

37. After Ms. Valdez uploaded the verifications, Defendant's software automatically and instantly captured, collected, and/or otherwise obtained her biometric face geometry by scanning her faces and creating sets of biology-based measurements used to identify her.

38. But Plaintiff Valdez:

(1) never received a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information from Defendant. See 740 ILCS 14/15(a).

(2) had her biometrics (facial geometry scans) collected, captured, or otherwise obtained by Defendant, through the app, without:

(a) having been informed in writing that these biometric identifiers or information would be collected or stored. See 740 ILCS 14/15(b)(1);

(b) having been informed in writing of the specific purpose and length of term for which such biometric identifiers or biometric information were being collected, stored, and used. See 740 ILCS 14/15(b)(2); and

(c) having furnished his written consent for the collection of this biometric identifiers or information. See 740 ILCS 14/15(b)(3).

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

FILED DATE: 8/29/2025 11:07 AM    2025CH09023

39. By collecting Plaintiff's unique biometrics without his consent, written or otherwise, Defendant invaded Plaintiff's statutorily protected right to privacy in her biometrics.

## CLASS ALLEGATIONS

40. Class Definition: Plaintiff brings this action pursuant to 735 ILCS 5/2-801 on behalf of a class of similarly situated individuals, defined as follows (the "Class"): **All Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used, by Defendant in Illinois**

41. The following are excluded from the Class: (1) any Judge presiding over this action and members of his or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent has a controlling interest (including current and former employees, officers, or directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

42. **Numerosity:** Pursuant to 735 ILCS 5/2-801(1), members of the Class are so numerous that their individual is impracticable. On information and belief, members of the Class number in the thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may

be determined through discovery. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

43. **Commonality and Predominance:** Pursuant to 735 ILCS 5/2-801(2), common and well-defined questions of fact and law exist as to all members of the Class and predominate over questions affecting only individual Class members. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member include, include but are not limited to, the following:

44. (1) whether Defendant collected or otherwise obtained Plaintiff's and the Class's biometric identifiers or biometric information;

(2) whether Defendant published a publicly available written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. See 740 ILCS 14/15(a).

(3) whether Defendant informed users in writing that their biometric identifiers or information would be collected or stored. See 740 ILCS 14/15(b)(1);

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

(4) whether Defendant informed users in writing of the specific purpose and length of term for which such biometric identifiers or biometric information were being collected, stored, and used. See 740 ILCS 14/15(b)(2);

(5) whether Defendant received written consent from users for the collection of their biometric identifiers or information. See 740 ILCS 14/15(b)(3).

(6) whether Defendant used Plaintiff's and the Class's biometric identifiers or biometric information to identify them; and

(7) whether Defendant's violations of BIPA were committed intentionally, recklessly, or negligently.

45. **Adequate Representation**: Pursuant to 735 ILCS 5/2-801(3), Plaintiff has retained competent counsel experienced in prosecuting complex consumer class action. Plaintiff and his counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff and his counsel are able to fairly and adequately represent and protect the interests of such a Class because their interests do not conflict with the interests of the Class members Plaintiff seeks to represent. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class or additional claims as may be appropriate.

FILED DATE: 8/29/2025 11:07 AM    2025CH09023

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

46. **Superiority**: Pursuant to 735 ILCS 5/2-801(4), a class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Moreover, even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for inconsistent or contradictory judgments, and it would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each member of the Class. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compel compliance with BIPA.

## CAUSES OF ACTION

### COUNT I

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

**FOR DAMAGES AGAINST DEFENDANT'S VIOLATION OF 740 ILCS 14/15(A) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE**

47. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

48. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

49. BIPA § 15(a) mandates that companies in possession of biometrics establish and maintain a satisfactory biometric retention – and, importantly, deletion – policy. Specifically, those companies must, at the time they first possess biometrics: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. See 740 ILCS 14/15(a).

50. Defendant failed to comply with these BIPA mandates.

51. Defendant is a corporation that does business in Illinois and thus qualifies as a "private entity" under BIPA. See 740 ILCS 14/10.

52. Plaintiff is an individual who had his "biometric identifiers" (face geometry scans) possessed by Defendant, as explained in detail above. See 740 ILCS 14/10.

53. Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. See 740 ILCS 14/10.

FILED DATE: 8/29/2025 11:07 AM    2025CH09023

54. Defendant failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information at the time of possession, as specified by BIPA § 15(a). See 740 ILCS 14/15(a).

55. Defendant lacked retention schedules and guidelines for permanently destroying Plaintiff's and the Class's biometric data. As such, the only reasonable conclusion is that Defendant has not, and will not, destroy Plaintiff's and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied.

56. On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## COUNT II

### FOR DAMAGES AGAINST DEFENDANT'S VIOLATION OF 740 ILCS 14/15(B) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT

FILED DATE: 8/29/2025 11:07 AM 2025CH09023

**AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS**

**OR INFORMATION**

57. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

58. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

59. BIPA § 15(b) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject … in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject … in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information." 740 ILCS 14/15(b)(1)-(3).

60. Defendant failed to comply with these BIPA mandates.

61. Defendant is a corporation that does business in Illinois and thus qualifies as a "private entity" under BIPA. See 740 ILCS 14/10.

62. Plaintiff and the Class are individuals who have had their "biometric identifiers" collected, captured, stored, and/or otherwise obtained by Defendant, as explained in detail above. See 740 ILCS 14/10.

63. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. See 740 ILCS 14/10.

64. Defendant never informed Plaintiff, and never informed any member of the Class, in writing that their biometric identifiers and/or biometric information were being collected, captured, possessed, stored, otherwise obtained, and/or used, as required by 740 ILCS 14/15(b)(1).

65. Nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used, and/or otherwise obtained, as required by 740 ILCS 14/15(b)(2).

66. Additionally, Defendant collected, captured, stored, used, and/or otherwise obtained Plaintiff's and the Class's biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

67. By collecting, capturing, storing, using, and/or otherwise obtaining Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA § 15(b).

68. On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

FILED DATE: 8/29/2025 11:07 AM    2025CH09023

Plaintiff and the Class by requiring Defendant to comply with BIPA § 15(b)'s requirements for the collection, capture, storage, use, and/or obtainment of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## COUNT III

## FOR DAMAGES AGAINST DEFENDANT'S VIOLATION OF 740 ILCS 14/15(E) – FAILURE TO STORE AND PROTECT BIOMETRIC INFORMATION

69. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

70. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

71. BIPA § 15(e) (1) requires that a private entity in possession of biometric information "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry." 740 ILCS 14/15(e)(1).

72. Here, Defendant failed to store and protect the biometric information of Plaintiff and the Class to a reasonable standard of care within their industry.

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

73. In fact, the biometric information stored by the Plaintiff and the Class were hardly secure at all, and in many cases completely accessible to malicious third parties through public links – falling far below any reasonable standard of care for biometric information for an app developer.

74. By obtaining Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA § 15(e)(1).

75. On behalf of himself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA § 15(b) and (e)(1)'s requirements for the collection, capture, storage, use, and/or obtainment of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

(a) Certifying this case as a class action on behalf of the Class defined

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

above, appointing Plaintiff as the representative of the Class, and

appointing Plaintiff's counsel as Class Counsel;

(b) Declaring that Defendant's actions, as set out above, violate BIPA,

740 ILCS 14/15(a);

(c) Declaring that Defendant's actions, as set out above, violate BIPA,

740 ILCS 14/15(b)(1)-(3);

(d) Declaring that Defendant's actions, as set out above, violate BIPA 740

ILCS 14/15(e)(1);

(e) Awarding statutory damages of $5,000.00 for each and every

intentional and/or reckless violation of BIPA pursuant to 740 ILCS

14/20(2), or alternatively, statutory damages of $1,000.00 for each

and every violation pursuant to 740 ILCS 14/20(1) if the Court

finds that Defendant's violations were negligent;

(f) Awarding injunctive and other equitable relief as is necessary to

protect the interests of the Classes, including, inter alia, an Order

requiring Defendant to collect, store, and use biometric identifiers

and/or biometric information in compliance with BIPA;

(g) Awarding Plaintiff and the Class their reasonable attorneys' fees

and costs and other litigation expenses pursuant to 740 ILCS

14/20(3);

(h) Awarding Plaintiff and the Class pre- and post-judgment interest,

to the extent allowable; and

FILED DATE: 8/29/2025 11:07 AM   2025CH09023

(i) Awarding such other and further relief as equity and justice may

require.

JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all issues so triable.


Respectfully submitted,

/s/ Jay Kumar

**Jay Kumar Law**


Jay Kumar

211 W. Wacker Dr, Suite 200B

Chicago, IL 60606

Tel: 312-767-7903

Jay@jaykumarlaw.com

Attorney No. 60100

ARDC: 6319314

*Counsel for Plaintiff and the Putative Class*

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

FILED DATE: 9/3/2025 2:21 PM   2025CH09023

# SUMMONS

## IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**
*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook
*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Jasmine Valdez
*Who started the case.*                      *First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** Tea Dating Advice, Inc.
*Who the case was filed against.*

*First, Middle, and Last Name, or Business Name*

FILED
9/3/2025 2:21 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH09023
Calendar, 11
34283191

2025CH09023
**Case Number**

## The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/how-to-summons.

Check 1 if this is a 30-day summons or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.

- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

## ☑ 1. 30-DAY SUMMONS

To participate in this case, you must **file** your *Appearance* and *Answer/Response* forms with the court within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: Richard J. Daley Center, 50 W Washington St, Chicago IL 60602
*Courthouse Street Address*

**- or -**

## ☐ 2. DATE CERTAIN SUMMONS

*Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/clerks.*

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

_____ at _____ ☐ a.m. ☐ p.m. in _____.
*Month, Day, Year*                    *Time*                              *Courtroom Number*

FILED DATE: 9/3/2025 2:21 PM    2025CH09023

Case Number <u>2025CH09023</u>

## Going to Court for a Date Certain Summons

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person** at: _____
Courtroom Address          Courtroom Number

☐ **Remotely** (video or telephone)

    **By video conference** at: _____
Video Conference Website

    Log-in information: _____
Video Conference Log-in Information, Meeting ID, Password, etc.

    **By telephone** at: _____
Call-in Number for Telephone Remote Appearance

To find out more about remote court options:

Phone: _____  or  Website: _____
Circuit Clerk's Phone Number          Website URL

_____     _____

## 3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT

a. I am asking for the following amount of money in my *Complaint/Petition*: $ _____.
(Enter 0 if you are not asking for money)

b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.

    ☐ Yes    ☑ No

## 4. DEFENDANT/RESPONDENT'S INFORMATION

a. Number of Defendants/Respondents being served:

    ☑ I am having 1 Defendant/Respondent served and their information is on this form below.

    ☐ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: _____.
Number

b. First Defendant/Respondent's **primary address/information** for service:

Name: <u>TEA DATING ADVICE, INC.</u>
First, Middle, and Last Name, or Business Name

Registered Agent's Name *(if you are serving the Registered Agent of a business)*:

<u>LEGALINC CORPORATE SERVICES INC.</u>
First, Middle, and Last Name

Street Address: <u>131 CONTINENTAL DRIVE SUITE 305</u>
Street, Apt #

City, State, ZIP: <u>NEWARK, DELAWARE 19713</u>
City          State          Zip

Telephone: _____  Email: _____

Case Number 2025CH09023

c.  **Second address** for this Defendant/Respondent:
☑ I do **not** have another address where the Defendant/Respondent might be found.
☐ I have another address where this Defendant/Respondent might be found. It is:

Street Address: _____
*Street, Apt #*

City, State, ZIP: _____
*City*                                          *State*                    *Zip*

Telephone: _____  Email: _____

d.  Person who will serve your documents on this Defendant/Respondent:
☐ Sheriff in Illinois  ☐ Special process server  ☐ Licensed private detective
☑ Sheriff outside Illinois: New Castle _____
*County & State*

---

**PLAINTIFF/PETITIONER INFORMATION:**

*Enter your information below.*

Name Jasmine Valdez _____
*First, Middle and Last Name*

Registered Agent's name, if any _____
*First, Middle and Last Name*

Street Address 211 W Wacker Drive, Suite 200B _____
*Street, Apt #*

City, State, ZIP: Chicago, IL 60606 _____
*City*                                          *State*                    *Zip*

Telephone: (312) 767-7903 _____  Email: jay@jaykumarlaw.com _____

Be sure to **check your email every day** so you do not miss important information, court dates, or documents from other parties.

---

🛑 **STOP**  The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: _____     *Seal of Court*

Clerk of the Court: _____

**To be filled in by an officer or process server:**

Date of Service: _____

*Fill in the date above and give this copy of the Summons to the person served.*

---

**Note to officer or process server:**

◎ If **1** is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.
◎ If **2** is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.
  ▪ If **2** is checked **and 3b** is checked yes, the *Summons* must be served at least 3 days before the court date.
◎ Fill in the date above and give this copy of the *Summons* to the person served.
◎ You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.

FILED DATE: 9/3/2025 2:21 PM   2025CH09023

*Case Number* <u>2025CH09023</u>

FILED DATE: 9/3/2025 2:21 PM 2025CH09023



# WHAT'S NEXT

## NEXT STEPS FOR PERSON FILLING OUT THIS FORM:

When you file a lawsuit, you must notify the person or business you are suing of the court case by having the *Summons* and Complaint or Petition delivered to them. This is called "serving" them.

File your *Summons* and Complaint or Petition with the Circuit Clerk in the county where your court case should be filed. The Circuit Clerk will "issue" the *Summons* by putting a court seal on the form.

Have the sheriff or a private process server serve the *Summons* and a copy of the Complaint or Petition on the Defendant/Respondent. You cannot serve the *Summons* yourself.



> Learn more about each step in the process and how to file in the instructions:
> ilcourts.info/how-to-summons.

## NEXT STEPS FOR PERSON RECEIVING THIS DOCUMENT:



**You have been sued:**
- Read all documents attached to this *Summons*.
- All documents referred to in this *Summons* can be found at ilcourts.info/forms. Other documents may be available from your local Circuit Court Clerk's office or website.
- You may be charged filing fees, but if you cannot pay them, you can file an *Application for Waiver of Court Fees (Civil)*.
- When you go to court, it is possible that the court will allow you to attend the first court date in this case in-person or remotely by video or phone. Contact the Circuit Court Clerk's office or visit the Court's website to find out whether this is possible and, if so, how to do this.

**If Section 1 on page 1 of this *Summons* is checked (30-day summons)*:*
- You **must** file official documents called an *Appearance* and an *Answer/Response* with the court within 30 days of the date you were served with this *Summons*.
- If you do not file an *Appearance* and *Answer/Response* on time, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.
- After you fill out the necessary documents, you need to electronically file (e-file) them with the court. To e-file, you must create an account with an e-filing service provider. For more information, go to ilcourts.info/efile. If you cannot e-file, you can get an exemption that allows you to file in-person or by mail.
- You should be notified of any future court dates.

**If Section 2 on page 1 of this *Summons* is checked (date certain summons):**
- You **must** attend court on the date listed in Section 2 of this *Summons.*
- If you do not attend that court date, the judge may decide the case without hearing from you. This is called "default." As a result, you could lose the case.

**Need Help? ¿Necesita ayuda?**
- Call or text Illinois Court Help at 833-411-1121 or go to ilcourthelp.gov for information about going to court, including how to fill out and file documents.
- Llame o envíe un mensaje de texto a Illinois Court Help al 833-411-1121, o visite ilcourthelp.gov para obtener información sobre los casos de la corte y cómo completar y presentar formularios.
- You can also get free legal information and legal referrals at illinoislegalaid.org.
- If there are any words or terms that you do not understand, please **visit Illinois Legal Aid Online** at ilao.info/glossary. You may also find more information, resources, and the location of your local legal self-help center at: ilao.info/lshc-directory.

FILED DATE: 9/3/2025 2:21 PM   2025CH09023

*Case Number* 2025CH09023 _____

# PROOF OF SERVICE OF SUMMONS AND COMPLAINT/PETITION

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☐ **Alias Summons**

*Check if this is not the 1ˢᵗ Summons issued for this Defendant/Respondent.*

**COUNTY:** Cook ▼

*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** Jasmine Valdez

*Who started the case.*        *First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** Tea Dating Advice, Inc.

*Who the case was filed against.*

_____

_____

*First, Middle, and Last Name, or Business Name*

2025CH09023 _____

**Case Number**

🛑 STOP   Do not complete the rest of the form. **The sheriff or special process server will fill in the form.**
Give them one copy of this blank *Proof of Service* form for each Defendant/Respondent who will be served.

My name is _____ and I state:

*Officer/Process Server First, Middle, Last Name*

## SERVICE INFORMATION

Defendant/Respondent: _____

*First, Middle, Last Name, or Business Name*

☐ I was not able to serve the *Summons* and Complaint/Petition on the Defendant/Respondent named above.

**- or -**

☐ I served the *Summons* and Complaint/Petition on the Defendant/Respondent named above as follows:

☐ **Personally** on the Defendant/Respondent:
   ☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____  Race: _____

   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

   Address, Unit#: _____

   City, State, ZIP: _____

☐ On **someone else at the Defendant/Respondent's home** who is at least 13 years old and is a family member or lives there:
   Name of person served: _____

   *First, Middle, Last Name*

   ☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____  Race: _____

   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

   Address, Unit#: _____

   City, State, ZIP: _____

   and by sending a copy to this Defendant/Respondent in a postage-paid, sealed envelope to the above

   address on this date: _____.

FILED DATE: 9/3/2025 2:21 PM   2025CH09023

*Case Number* 2025CH09023

☐ On the **Business's agent:** _____
<em>First, Middle, Last Name</em>

☐ Male ☐ Female ☐ Non-Binary  Approx. Age: _____  Race: _____

On this date: _____  at this time: _____  ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

## SERVICE ATTEMPTS

I made the following attempts to serve the *Summons* and Complaint/Petition on the Defendant/Respondent:

**First Attempt:** On this date: _____  at this time: _____  ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

Other information about service attempt:

_____
_____
_____

**Second Attempt:** On this date: _____  at this time: _____  ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

Other information about service attempt:

_____
_____
_____

**Third Attempt:** On this date: _____  at this time: _____  ☐ a.m. ☐ p.m.

Address, Unit#: _____

City, State, ZIP: _____

Other information about service attempt:

_____
_____
_____

---

## SIGN

I certify under 735 ILCS 5/1-109 that:

1) everything in this document is true and correct, or I have been informed or I believe it to be true and correct, and

2) I understand that making a false statement on this form is perjury and has penalties provided by law.

Your Signature /s/_____  Print Your Name _____

You are: ☐ Sheriff in Illinois        ☐ Special process server
☐ Sheriff outside Illinois: _____  ☐ Licensed private detective, license number: _____
<em>County and State</em>          <em>License number</em>

**FEES:**

Service and Return: $_____   Miles: $_____   Total: $0.00_____

FILED
9/5/2025 3:22 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH09023
Calendar, 11
34327258

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 11

FILED DATE: 9/5/2025 3:22 PM   2025CH09023

**Appearance and Jury Demand \***                                    (12/01/20) CCG 0009

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CHANCERY _____ DEPARTMENT/_____ DISTRICT

Jasmine Valdez
_____
                                        Plaintiff

v.

Tea Dating Advice, Inc.
_____
                                        Defendant

Case No. ___2025 CH 09023___

Claimed $: _____

Return Date: _____  Time: _____

Court Date: _____  Room No.: _____

Address of Court District for Filing

### APPEARANCE AND JURY DEMAND \*

☑ General Appearance   ☑ 0900 - Fee Paid                        ☐ 0904 - Fee Waived
                        ☐ 0908 - Trial Lawyers Appearance - No Fee
☐ Jury Demand \*        ☐ 1900 - Appearance and Jury Demand/Fee Paid   ☐ Twelve-person Jury
                        ☐ 1904 - Appearance and Jury Demand/No Fee Paid  ☐ Six-person Jury

The undersigned enters the appearance of:  ○ Plaintiff  ○ Defendant

Litigant's Name: __Tea Dating Advice, Inc.__

Signature: /s/ __Bonnie Keane DelGobbo__

☑ Initial Counsel of Record   ☐ Pro Se (Self-represented)   ☐ 2810 Rule 707 Out-of-State Counsel
                                                              (pro hac vice)
☐ Additional Appearance   ☐ Substitute Appearance

● Atty. No.: __6309394__      ○ Pro Se 99500

Name: __Bonnie Keane DelGobbo/ Baker & Hostetler LLP__
Atty. for (if applicable):
__Tea Dating Advice, Inc.__

Address: __One N. Wacker Drive, Suite 3700__

City: __Chicago, Illinois__

State: __IL__  Zip: __60606__  Phone: __312-416-8185__

Primary Email: __bdelgobbo@bakerlaw.com__

**IMPORTANT**

*Once this Appearance form is filed, photocopies of this form must be sent to all other parties named in this case (or to their attorneys) using either regular mail, fax, email or personal delivery. (See Illinois Supreme Court Rules 11 and 13 for more information.)*

Pro Se Only:
☐ I have read and agree to the terms of Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**\* Strike demand for trial by jury if not applicable.**
I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

/s/ __Bonnie Keane DelGobbo__
_____
Attorney for  ○ Plaintiff  ● Defendant

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 1

FILED
9/8/2025 4:30 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH09023
Calendar, 11
34351841

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

JASMINE VALDEZ, on behalf of themselves
and all others similarly situated,

                           Plaintiffs,

against

TEA DATING ADVICE, INC.,

                           Defendant.

Case No. 25CH09023

**JURY TRIAL DEMANDED**

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff JASMINE VALDEZ, by and through her attorney, JAY KUMAR
LAW, move for entry of an order certifying the Class proposed below, appointing
Plaintiff as Class Representative, and appointing Plaintiff's counsel as Class
Counsel, pursuant to 735 ILCS 5/2-801. If this Court alternatively determines that
more evidence is necessary to decide this motion, Plaintiff respectfully requests that
this ruling be deferred pending the completion of relevant class discovery.

## I.       INTRODUCTION

This is a putative class action complaint arising from Defendant's violations
of the Illinois Biometric Information Privacy Act ("BIPA"). Defendant owns and
operates the mobile app "Tea" – designed to give women an anonymous forum to
discuss potential safety concerns with respect to men in their local dating market.
In order to ensure that users on the app are women, Defendant requires users to be
approved by uploading a selfie of themselves and a photo of their ID, using facial

FILED DATE: 9/8/2025 4:30 PM    2025CH09023

recognition to verify that the user is female. However, the collection, retention, storage, and use of the biometric information collected failed to conform to the requirements of BIPA.

Recognizing the power of biometric information to identify people, and the evolving understanding of the ways in which biometric identifiers can be used, 740 Ill. Comp. Stat. 14/5, the General Assembly created several safeguards to help ensure that Illinois residents can maintain control over their biometric information. Companies may only collect information if they inform individuals up front what they are doing, and obtain informed written consent to do so, 740 Ill. Comp. Stat. 14/15(b), and must establish publicly available guidelines regarding when they will destroy that information, 740 Ill. Comp. Stat. 14/15(a). Companies collecting biometric information must also store and protect biometric data within a reasonable standard of care within the industry. 740 Ill. Comp. Stat. Ann. 14/15(e)(1).

**Proposed Class.** Pursuant to 735 ILCS 5/2-801, Plaintiffs seek to certify the following Class:

**All Illinois residents who had their facial geometry captured, collected, possessed, received, stored, otherwise obtained and/or used, by Defendant in Illinois.**

While the proposed Class is subject to the statute of limitations, Defendant has only operated the Tea App since 2023, so there are no anticipated issues with respect to the scope of potential Class members. All of the statutory requirements for class certification are met, as explained below.

FILED DATE: 9/8/2025 4:30 PM    2025CH09023

## II.    ARGUMENT

The proposed class should be certified because the prerequisites for the maintenance of a class action are met here. 735 ILCS 5/2-801 Provides that:

> "Prerequisites for the maintenance of a class action. An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1) The class is so numerous that joinder of all members is impracticable.
>
> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3) The representative parties will fairly and adequately protect the interest of the class.
>
> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy."

Because the state statute is modeled after Rule 23 of the Federal Rules of Civil Procedure, federal court opinions with respect to Rule 23 are persuasive authority for class certification issues in Illinois. *Avery v. State Farm Mut. Auto. Ins. Co., 216 Ill. 2d 100, 125, 835 N.E.2d 801, 819 (2005)*. "If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation." Damasco v. Clearwire Corp., 662 F.3d 891, 896 (7th Cir. 2011), overruled by Chapman v. First Index, Inc., 796 F.3d 783 (7th Cir. 2015). Chapman overruled Damasco and related cases only "to the extent they hold that a defendant's offer of full compensation moots the litigation or otherwise ends the Article III case or controversy.*" Chapman v. First Index, Inc., 796 F.3d 783, 787 (7th Cir. 2015)*. A plaintiff must file a class certification motion in order to prevent a Defendant's

FILED DATE: 9/8/2025 4:30 PM    2025CH09023

unilateral tender from destroying standing class certification of the proposed Class Representative. *Joiner v. SVM Mgmt., LLC, 2020 IL 124671, ¶ 58, 161 N.E.3d 923, 939.* Accordingly, Plaintiff brings this Motion for Class Certification early, as an abundance of caution, given the low statutory damages of BIPA, and the potential for a pick-off.

**Numerosity**. Defendant has approximately three million users of the Tea app – though that number may be growing after mainstream publicity it received following the data breaches (ironically). There are certainly hundreds, if not thousands, of users who have downloaded and submitted verification photos through the app within Illinois. The exact number of Illinois residents is only known to the Defendant. At this stage, Plaintiff need only provide an estimate as to the number of users. However, Plaintiff counsel briefly reviewed some of the postings through the Plaintiff's app, and there indeed appeared to be dozens and dozens of postings within the Chicago area alone. *Exhibit 1, Plaintiff's Counsel Affidavit.* Plaintiff will produce an exact number of Illinois residents during discovery.

**Common Questions of Law and Fact**. To satisfy the statutory requirement that a common question of fact or law predominates over questions affecting only individual class members, the plaintiff must show that the successful adjudication of his individual claim will establish a right of recovery in favor of the other class members. *Bayeg v. Admiral at the Lake, 2024 IL App (1st) 231141, ¶ 37* (citing *S37 Management, Inc. v. Advance Refrigeration Co., 2011 IL App (1st)*

FILED DATE: 9/8/2025 4:30 PM   2025CH09023

*102496, ¶ 17)*. Determining whether issues common to the class predominate over individual issues requires the court to identify the substantive issues that will control the outcome of the litigation, assess which issues will predominate, and then determine whether these issues are common to the class. *Id*. Issues common to the class predominate if a judgment in favor of the class members would decisively settle the entire controversy so that all that would remain is for the other class members to file proof of their claim. *Id*. The common questions include:

(1) whether Defendant collects, captures, or otherwise obtains biometric identifiers or biometric information from Illinois users,

(2) whether Defendant obtained valid written consent from Illinois users before capturing, collecting, or otherwise obtaining biometric data or information,

(3) whether Defendant had a publicly available policy regarding its use of biometric data,

(4) whether Defendant's storage of any biometric data or information belonging to Illinois users fell below the industry standard of security,

(5) whether Defendant's actions violate BIPA,

(6) whether Defendant's actions in violating BIPA were willful or reckless

(7) whether Plaintiffs are entitled to damages or injunctive relief

Thus, the commonality requirement is easily met – as there would be hardly any individual variation in factual or legal matters within the proposed Class.

**Adequate Representation**. The test to determine the adequacy of representation is whether the interests of those who are parties to the case are the same as those who are not joined and whether the litigating parties fairly represent those not joined. *CE Design Ltd., 2015 IL App (1st) 131465, ¶ 16*. The bar for representational adequacy is low. *Bayeg, 2024 IL App (1st) 231141, ¶ 55*. For a class representative to be considered adequate, the class representative must: (1) be a member of the class; (2) not be seeking relief that is potentially antagonistic to non-represented members of the class; and (3) have the desire and ability to prosecute the claim vigorously on behalf of herself and the other class members. *Ballard RN Ctr., Inc. v. Kohll's Pharmacy & Homecare, Inc., 2014 IL App (1st) 131543, ¶ 46 (reversed in part on other grounds)*. Additionally, "[d]ue process requires that the plaintiffs' attorney be qualified, experienced, and able to conduct the proposed litigation. *Clark v. TAP Pharm. Prods., Inc., 343 Ill. App. 3d 538, 551, 798 N.E.2d 123, 133–34 (2003)*

The interests of Ms. Valdez align with the rest of the proposed class. Both Plaintiff and the proposed class are seeking statutory damages for BIPA violations with respect to their collection of biometric data through facial scans, the lack of adequate written notices, publicly availably written policies, and inadequate storage of biometric data. Plaintiff's interests are in no way divergent from those of

FILED DATE: 9/8/2025 4:30 PM   2025CH09023

the proposed class. Plaintiff's counsel has regularly engaged in class action work in the areas of consumer protection and civil rights and thus will adequately protect the interests of the proposed Class. Consequently, the adequacy requirement is satisfied.

**Fair and Efficient Adjudication of the Controversy**. The fourth requirement is that a class action is an "appropriate method for the fair and efficient adjudication of the controversy." In deciding whether the fourth requirement for class certification is met, "a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain." *Walczak v. Onyx Acceptance Corp., 365 Ill. App. 3d 664, 679, 850 N.E.2d 357, 371 (2006)*. Where the first three requirements have been satisfied, the fair and efficient adjudication requirement may be considered satisfied as well. *Id.* Further, Further, "[a] controlling factor in many cases is that the class action is the only practical means for class members to receive redress—particularly where the claims are small." *Gordon v. Boden, 224 Ill. App. 3d 195, 203–04, 586 N.E.2d 461, 467 (1991)*.

Here all Plaintiffs have relatively small individual claims, $1,000 for a negligent violation of BIPA, and at most, $5,000 for an intentional or reckless violation. 740 Ill. Comp. Stat. Ann. 14/20 (a)(1-2). Without proceeding as a class, a significant number of the proposed Class would be unable to bring their claims individually. Moreover, it does not appear that the Defendant will have any unique

FILED DATE: 9/8/2025 4:30 PM    2025CH09023

FILED DATE: 9/8/2025 4:30 PM   2025CH09023

defenses that may vary per plaintiff – as all Class members appear to have been subjected to a uniform sign-up process. Finally, the previous three requirements have been adequately satisfied.

## III.  CONCLUSION

For all of the above reasons, the requirements of 735 ILCS 5/2-801 are easily satisfied. Thus, Plaintiff respectfully prays for this Court to certify the proposed class, appoint Ms. Valdez as Class Representative, and appoint Jay Kumar Law as Class Counsel. Plaintiff also respectfully requests that the Court may defer ruling on this motion pending the exchange of any necessary discovery and that Plaintiff may be able to supplement the submitted briefs, particularly with respect to the numerosity requirement.

Respectfully Submitted on behalf of Plaintiff,

**/s/ Jay Kumar**

Jay Kumar Law
Jay Kumar
211 W. Wacker Dr, Suite 200B
Chicago, IL 60606
Tel: 312-767-7903
Jay@jaykumarlaw.com
Attorney No. 60100
ARDC: 6319314
*Counsel for Plaintiff and the Putative Class*

FILED DATE: 9/8/2025 4:30 PM   2025CH09023

CERTIFICATE OF FILING

I hereby certify that on September 8th, 2025, I caused the foregoing

<u>Plaintiff's Motion for Class Certification</u> to be electronically filed with the

Clerk of Court using the Cook County E-Filing system.


**<u>/s/ Jay Kumar</u>**

Counsel for Plaintiff and the Proposed Class

FILED
9/8/2025 4:30 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH09023
Calendar, 11
34351841

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## CHANCERY DIVISION

JASMINE VALDEZ, on behalf of themselves
and all others similarly situated,

Plaintiffs,

against

TEA DATING ADVICE, INC.,

Defendant.

Case No. 25CH09023

**JURY TRIAL DEMANDED**

## AFFIDAVIT OF JAY KUMAR

1. I am above 18 years of age and a resident of Illinois.
2. I have personal knowledge of the facts of this affidavit, and if called as a witness, I can testify competently about them.
3. I personally viewed postings within Defendant's "Tea" app by viewing the Plaintiff's app on her phone, sometime during the first week of August 2025.
4. I witnessed that the app populated numerous postings of men in the Chicago area.
5. Although I did not precisely count how many separate accounts were posting, I scrolled by several dozen.
6. Because of my viewing of postings on the apps, I have an independent and good faith reason to believe the number of potential class members at least exceeds 40 or 50 plaintiffs.

Under the penalties provided by Illinois law, the undersigned certifies that the statements set forth in this affidavit are true and correct.

Respectfully submitted and attested to on September 8th, 2025,

**/s/ Jay Kumar**
Counsel for Plaintiff and the Proposed Class