**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SMONE HONEYCUTT, JERESA WHITE, SHANTEL SAGO, JASMINE VALDEZ, RODNEKA PERRY, ERIC DIAZ, MARK SULLIVAN, and CRAIG HATFIELD, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>TEA DATING ADVICE, INC.<br><br>Defendant. | ) | Case No. 1:25-cv-10885<br><br>Hon. Martha Pacold |

**JOINT INITIAL STATUS REPORT**

## I. Nature of the Case

### A. Attorneys of Record

Counsel for Plaintiffs

Evan Meyers
Eugene Y. Turin
Jordan R. Frysinger
**MCGUIRE LAW, P.C.**
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
eturin@mcgpc.com
jfrysinger@mcgpc.com

Jay Kumar
**JAY KUMAR LAW**
211 W. Wacker Drive, Suite 200B
Chicago, IL 60606
Tel: (312) 767-7903
jay@jaykumarlaw.com

Counsel for Defendant

Joel C. Griswold
Bonnie Keane DelGobbo
Katharine H. Walton
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700
Chicago, IL 60606-2859
Telephone:(312)416-6200
Facsimile:(312)416-6201
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com
kwalton@bakerlaw.com

Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
Tel: (312)233-1550
(312)233-1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

**B. Nature of Claims**

Plaintiffs bring a consolidated putative class action asserting claims under:

- Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* (on behalf of a User Class and a Non-User Class).
- Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1 *et seq.* (on behalf of a Non-User Class).

Plaintiffs allege that Defendant Tea Dating Advice, Inc. ("Tea Dating") collected, stored, analyzed, and used facial biometric data, including facial geometry, from Illinois residents in connection with its mobile application without providing the written notice and obtaining the written consent allegedly required under Section 15(b) of BIPA. Plaintiffs further allege that Tea Dating improperly disclosed or disseminated such biometric data to third-party vendors without obtaining consent, in violation of Section 15(d) of BIPA, and profited from the use of such biometric data in violation of Section 15(c). In addition, Plaintiffs allege that Tea Dating used non-users' names, photographs, and likenesses to advertise and promote paid services without written consent, in violation of IRPA. Plaintiffs seek to assert these claims on behalf of themselves and putative classes of users and non-users. Tea Dating denies Plaintiffs' allegations and denies that this matter is suitable for class treatment.

No counterclaims have been filed at this time.

### C. Major Legal and Factual Issues

- Whether Tea Dating collected, captured, stored, analyzed, or used facial biometric identifiers or biometric information of Plaintiffs and putative class members in connection with its mobile application, including during user registration and reverse image search functionality;
- Whether such information constitutes "biometric identifiers" or "biometric information" within the meaning of BIPA;
- Whether Tea Dating was required to, and did, provide written notice and obtain consent under Section 15(b) of BIPA;
- Whether Plaintiffs consented to or otherwise authorized Tea Dating's alleged conduct, including through applicable terms, disclosures, or user actions;
- Whether Tea Dating was required, and failed, to make publicly available a policy under Section 15(a) of BIPA;
- Whether Tea Dating disclosed or disseminated Plaintiffs' and putative class members' biometric identifiers or biometric information to third-party vendors, and if so, whether such disclosure violated Section 15(d) of BIPA;
- Whether Tea Dating profited from Plaintiffs' and putative class members' biometric identifiers or biometric information under Section 15(c) of BIPA;
- Whether Tea Dating used Plaintiffs' and non-users' names, photographs, images, or likenesses for a commercial purpose without written consent, in alleged violation of IRPA;

- Whether Tea Dating's alleged conduct was willful, reckless, negligent, or otherwise non-actionable;
- Whether Plaintiffs and putative class members suffered any cognizable damages caused by Tea Dating's alleged conduct and, if so, the nature and amount of any such damages or equitable relief;
- Whether this action should be certified as a class action, including whether Plaintiffs can satisfy all requirements of Rule 23 and whether any proposed classes are ascertainable.

**D. Relief Sought**

Plaintiffs seek a declaration that Tea Dating violated BIPA and IRPA, injunctive and equitable relief, statutory damages of $5,000 for each willful and/or reckless violation of BIPA, statutory damages of $1,000 for each negligent violation of BIPA, statutory and punitive damages under IRPA, reasonable attorneys' fees, costs, and other litigation expenses, and pre- and post-judgment interest. Tea Dating denies that it violated any law and denies that Plaintiffs or putative class members are entitled to any relief.

## II. Jurisdiction

**A.** Basis for Federal Jurisdiction:

This Court has jurisdiction over Plaintiffs' claims pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d).

## III. Status of Service

All defendants have been served.

## IV. Consent to Proceed Before a Magistrate Judge

Counsel have advised the Parties that they may proceed before a Magistrate Judge if they consent unanimously. The Parties have not unanimously consented to the jurisdiction of the Magistrate Judge.

## V. Motions

On April 30, 2026, Tea Dating filed a motion to dismiss Count III (IRPA) of Plaintiffs' Consolidated Class Action Complaint. Tea Dating argues that Plaintiffs fail to state an IRPA claim because the Complaint does not plausibly allege that Tea Dating used Plaintiffs' identities for a commercial purpose, that the claim is independently barred by the Communications Decency Act, and that the IRPA is unconstitutional as applied under the First Amendment.

The Court has already entered a briefing schedule and oral argument date for this motion.

## VI. Status of Settlement Discussions

### A. Settlement Discussions to Date

There have been no settlement discussions to date.

### B. Status of Settlement Discussions

None.

### C. Settlement Conference

The Parties do not request a settlement conference at this time.

Dated: May 7, 2026

Respectfully submitted,

MCGUIRE LAW, P.C.

By: */s/ Evan Meyers (with consent)*
Evan Meyers
Eugene Y. Turin
Jordan R. Frysinger
**MCGUIRE LAW, P.C.**
55 W. Wacker Drive, 9th Floor

BAKER & HOSTETLER LLP

By: */s/ Katharine H. Walton*
Joel C. Griswold
Bonnie Keane DelGobbo
Katharine H. Walton
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 3700

Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
eturin@mcgpc.com
jfrysinger@mcgpc.com

Jay Kumar
**JAY KUMAR LAW**
211 W. Wacker Drive, Suite 200B
Chicago, IL 60606
Tel: (312) 767-7903
Jay@jaykumarlaw.com

Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
**STEPHAN ZOURAS, LLC**
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
Tel: (312)233-1550
(312)233-1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

*Attorneys for Plaintiffs*

Chicago, IL 60606-2859
Telephone:(312)416.6200
Facsimile:(312)416.6201
jcgriswold@bakerlaw.com
bdelgobbo@bakerlaw.com
kwalton@bakerlaw.com

*Attorneys for Tea Dating Advice, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all Counsel of Record.

*/s/ Katharine H. Walton*