**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| SMONE HONEYCUTT, JERESA WHITE, SHANTEL SAGO, JASMINE VALDEZ, RODNEKA PERRY, ERIC DIAZ, MARK SULLIVAN, and CRAIG HATFIELD, individually and on behalf of similarly situated individuals, | Case No. 1:25-cv-10885 |
| *Plaintiffs*, | Hon. Martha Pacold |
| v. | |
| TEA DATING ADVICE, INC. | |
| *Defendant*. | |

**PLAINTIFFS' *UNOPPOSED* MOTION TO REMAND**

Plaintiffs Smone Honeycutt, Jeresa White, Shantel Sago, Jasmine Valdez, Rodneka Perry, Eric Diaz, Mark Sullivan, and Craig Hatfield (collectively, "Plaintiffs"), individually and on behalf of similarly situated individuals, pursuant to 28 U.S.C. § 1447(c), hereby respectfully move for entry of an Order severing and remanding their claims brought pursuant to 740 ILCS 14/15(a) and 740 ILCS 14/15(c) to their respective originating courts in the Circuit Court of Cook County, Illinois and the Circuit Court of Will County, Illinois. Defendant does not oppose the relief sought herein.

## I. INTRODUCTION

This case is a putative class action brought under the Illinois Biometric Privacy Act, 740 ILCS 14/15 *et seq*. ("BIPA"). Plaintiffs allege Defendant, through operation of its mobile application (the "Tea App"), unlawfully collected, stored, and used their facial biometrics. Plaintiffs bring claims under Sections (a), (b), (c) and (d) of BIPA. (Dkt. 23 ¶¶ 85, 96).

Pursuant to binding Seventh Circuit precedent, Plaintiffs lack the Article III standing to pursue their BIPA Section 15(a) and 15(c) claims in this Court, and thus ask that this Court sever and remand their respective Section 15(a) and 15(c) BIPA claims to their originating state courts.[1]

On May 5, 2020, the Seventh Circuit Court of Appeals issued its decision in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) ("*Bryant*"). *Bryant* addressed the question of which types of BIPA claims were sufficient to confer standing under Article III of the Constitution. *Bryant* held that the obligations created by 740 ILCS 14/15(a) of BIPA ("Section 15(a)") – namely the requirement that private entities in possession of biometrics establish a publicly-available biometric retention and destruction schedule – are owed to the public generally rather than a specific individual. Thus, the Court reasoned that such obligations were not part of BIPA's "informed consent" regime. The Seventh Circuit found that the plaintiff in *Bryant* did not suffer a concrete and particularized injury from the alleged Section 15(a) violation, and, as a result, lacked Article III standing to pursue that claim in federal court. On June 30, 2020, the Seventh Circuit modified its decision, but maintained its holding that a failure to publish a retention schedule, by itself, does not confer Article III standing. *Bryant*, 958 F.3d at 626 (as modified).

On January 14, 2021, the Seventh Circuit issued its decision in *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241 (7th Cir. 2021) ("*Thornley*"). *Thornley* analyzed 740 ILCS 14/15(c) of BIPA ("Section 15(c)"), which prohibits entities in possession of a person's or customer's biometric identifiers or information from selling, leasing, trading, or otherwise profiting from that data. *Thornley* held that Section 15(c) is the same kind of general regulation as Section 15(a). The Seventh Circuit found that the plaintiffs in *Thornley* described only a general, regulatory violation of Section 15(c), not something that is particularized to the class and concrete, and, as a result,

[1] Plaintiffs' claims under 740 ILCS 14/15(a) and (c) are asserted in their operative Consolidated Class Action Complaint. (Dkt. 23, ¶¶ 85, 96).

lacked Article III standing to pursue that claim in federal court. *Thornley*, 984 F.3d at 1248. *See also Hazlitt v. Apple Inc.*, 543 F. Supp. 3d 643, 652 (S.D. Ill. 2021) ("[W]hile the plaintiffs in *Thornley* expressly stated that they suffered no injury other than statutory aggrievement, the Court of Appeals did not find express disavowal of individual harm to be a requirement.")

Plaintiffs here have alleged the same procedural violation of the first provision of Section 15(a) as the plaintiff in *Bryant*. (Dkt. 23, ¶¶ 41, 52). With regards to Section 15(c), Plaintiffs have alleged nothing more than a regulatory violation. (Dkt. 23, ¶¶ 43, 54). Thus, Seventh Circuit precedent dictates that Plaintiffs lack Article III standing to pursue such claims in federal court. Accordingly, because Defendant removed Plaintiffs' cases from the Circuit Court of Cook County, Illinois,[2] and the Circuit Court of Will County, Illinois,[3] Plaintiffs' Section 15(a) and Section 15(c) claims must be severed and remanded to their respective originating courts as a matter of law.

## II. PROCEDURAL HISTORY

Plaintiffs Honeycutt, White, and Sago initiated this action in the Circuit Court of Cook County, Illinois on August 6, 2025, captioned *Honeycutt et al. v. Tea Dating Advice, Inc.*, No. 2025CH08182. On September 10, 2025, Defendant removed the action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d). (Dkt. 1).

Plaintiff Valdez filed a separate action in the Circuit Court of Cook County, Illinois on August 29, 2025, captioned *Valdez v. Tea Dating Advice, Inc.*, No. 2025CH09023. On October 2, 2025, the action was removed to the Northern District of Illinois. *Valdez v. Tea Dating Advice, Inc.*, No. 1:25-cv-12050 (N.D. Ill.) ("*Valdez*").

---

[2] *Honeycutt v. Tea Dating Advice, Inc.*, No. 2025CH08182; *Jasmine Valdez v. Tea Dating Advice, Inc.*, No. 2025CH09023; and *Rodneka Perry v. Tea Dating Advice, Inc.*, No. 2025CH08668.

[3] *Diaz v. Tea Dating Advice, Inc.*, No. 2025MR000408.

Plaintiff Perry filed a separate action in the Circuit Court of Cook County, Illinois on August 20, 2025, captioned *Perry v. Tea Dating Advice, Inc.*, No. 2025CH08668. On October 2, 2025, the action was removed to the Northern District of Illinois. *Perry v. Tea Dating Advice, Inc.*, No. 1:25-cv-12045 (N.D. Ill.) ("*Perry*").

Plaintiffs Diaz, Hatfield, and Sullivan filed their action in the Circuit Court of Will County, Illinois on August 7, 2025, captioned *Diaz v. Tea Dating Advice, Inc.*, No. 2025MR000408. On September 9, 2025, the action was removed to the Northern District of Illinois. *Diaz v. Tea Dating Advice, Inc.*, No. 1:25-cv-10895 (N.D. Ill.) ("*Diaz*").

On February 12, 2026, this Court entered a finding of relatedness, reassigning and consolidating the *Valdez*, *Perry*, and *Diaz* cases with this case. (Dkt. 17).

On March 16, 2026, Plaintiffs filed the operative Consolidated Amended Complaint, asserting multiple BIPA claims against Defendant. (Dkt. 23). Specifically, Plaintiffs have alleged that Defendant violated four separate subsections of BIPA: (1) Section 15(b), which requires private entities collecting biometric data to make certain disclosures and obtain the subject's informed written consent to collection; (2) Section 15(d), which requires private entities to obtain the consent of individuals prior to disclosing, redisclosing, or otherwise disseminating their biometric information or biometric identifiers; (3) Section 15(a), which requires, among other things, that private entities in possession of biometric information make publicly available a biometric data retention and destruction policy; and (4) Section 15(c), which prohibits entities in possession of a person's biometric identifiers or information from selling, leasing, trading, or otherwise profiting from that data. (Dkt. 23, ¶¶ 85, 96). Plaintiffs also alleged Defendant violated the Illinois Right of Publicity Act, 765 ILCS 1075/1, *et seq.* ("IRPA").

On April 30, 2026, Defendant moved to dismiss Count III of Plaintiffs' Consolidated Amended Complaint (the IRPA claims), and such motion is currently being briefed. (Dkts. 27-29). The Court recently granted Plaintiffs' unopposed motion for extension of time to respond to Defendant's Motion to Dismiss. (Dkt. 22).

## III. LEGAL STANDARD

If, in a removed case, a district court finds that it lacks subject matter jurisdiction at any time, the only remedy is remand to state court. *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994); *see* 28 U.S.C. § 1447(c). Article III standing is a threshold element of federal subject matter jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Thus, if at any time Article III standing is lacking over a removed claim, the appropriate disposition is to remand that claim to the originating state court. *See* 28 U.S.C. § 1447(c); *Collier*, 889 F.3d at 897; *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010).

## IV. UNDER *BRYANT*, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' SECTION 15(a) CLAIMS.

Plaintiffs allege that Defendant violated Section 15(a) by failing to make publicly available a biometric retention and destruction schedule prior to storing their biometric information. (Dkt. 23, ¶¶ 41, 96). In *Bryant*, the plaintiff's allegations were exactly the same: that the defendant violated Section 15(a) by "possessing the Plaintiff's and the Class's fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information." *Bryant v. Compass Group, Inc.*, No. 19-cv-06622, Dkt. 1-1 (N.D. Ill.), attached hereto as Exhibit A, ¶ 52. The Seventh Circuit determined this alleged violation of Section 15(a)'s first provision was insufficient to confer Article III standing:

> Bryant alleged only a claim under the provision of [Section 15(a)] requiring development of a "written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information,'' ***not under the provision requiring compliance with the established retention schedule and destruction guidelines*** . . . This provision is not part of the informed-consent regime, and Bryant alleges no particularized harm that resulted from Compass's violation of section 15(a) . . . We conclude that Bryant did not suffer a concrete and particularized injury as a result of Compass's violation of section 15(a).

*Bryant*, 958 F.3d at 626 (7th Cir. 2020) (emphasis added). Accordingly, under *Bryant*, Plaintiffs' allegations here do not confer Article III standing with respect to their Section 15(a) claims because, as in *Bryant*, Plaintiffs have not alleged that Defendant has failed to comply with any established retention schedule or destruction guidelines—nor have they alleged any particularized harm that resulted from Defendant's violation of 15(a).

The Seventh Circuit addressed Article III in relation to Section 15(a) again in *Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146 (7th Cir. 2020) ("*Fox*"). In *Fox*, the plaintiff did "not allege a mere procedural failure to publicly disclose a data-retention policy. Rather, [the plaintiff] allege[d] a concrete and particularized invasion of her privacy interest in her biometric data stemming from [the defendant's] violation of the full panoply of its section 15(a) duties – the duties to develop, publicly disclose, and *comply with* data retention and destruction policies – resulting in the wrongful retention of her biometric data after her employment ended, beyond the time authorized by law." *Fox*, 980 F.3d at 1149 (emphasis in original). The Seventh Circuit considered this alleged "unlawful retention" of Fox's biometric data to be a concrete and particularized "privacy injury" similar to an unlawful collection of biometrics under 740 ILCS 14/15(b). In *Fox* the Seventh Circuit reaffirmed its holding in *Bryant* that "a mere failure to publicly disclose a data-retention policy" is insufficient to confer Article III standing. *See id.* at 1154. Here, like the plaintiff in *Bryant*, and unlike the plaintiff in *Fox*, Plaintiffs' 15(a) claims are

based solely on the allegation that Defendant failed to develop a publicly available data-retention policy. (Dkt. 23, ¶¶ 41, 96). Plaintiffs do not allege that Defendant has unlawfully retained their biometrics beyond the time authorized by law. (*See id.*)

Courts in this Circuit consistently hold that Section 15(a) allegations that do not allege unlawful retention beyond the proscribed period are insufficient to confer Article III standing. *See, e.g.*, *Colon v. Dynacast, LLC*, No. 20-cv-3317, 2021 WL 492870, at *5 (N.D. Ill. Feb. 10, 2021) ("[T]he Court reads the complaint as alleging a section 15(a) claim based only on Defendant's failure to publish its data policy—not Defendant's failure to comply with any data policy. As explained in *Bryant, the Court lacks jurisdiction over this claim*") (emphasis in original); *Marquez v. Google LLC*, No. 20-cv-4454, 2020 WL 6287408, at *2 (N.D. Ill. Oct. 27, 2020) (remanding Section 15(a) claim under *Bryant* where the plaintiff alleged the defendant failed to "provide a publicly available written policy regarding its schedule and guidance for the retention and permanent destruction of individuals' biometrics"); *Cottingham v. Ultimate Software Group, Inc*. No. 20-cv-01172, Dkt. 26 (C.D. Ill. May 25, 2021)[4] (granting remand of Section 15(a) claim and stating that when assessing standing, "what the Court cannot do is haphazardly lump all of the subsections of BIPA violations together to find standing exists for the entire case. Based on *Bryant*, *Fox*, and *Thornley*, the Court must consider the violations alleged under each subsection to determine whether that portion of the case should be remanded"); *Burlinski v. Top Golf USA Inc.*, No. 19-cv-06700, 2020 WL 5253150, at *4 (N.D. Ill. Sept. 3, 2020); *Stauffer v. Innovative Heights Fairview Heights, LLC*, No. 20-cv-00046, 2020 WL 4815960, at *7 (S.D. Ill. Aug. 19, 2020).

In sum, because Plaintiffs' Section 15(a) claims seek relief under only the first provision of Section 15(a), Plaintiffs lack the Article III standing required by *Bryant* to pursue the claims in

[4] The *Cottingham* Memorandum Opinion and Order is attached hereto as Exhibit B.

federal court. And because a federal court has subject matter jurisdiction over a claim only if a plaintiff has Article III standing to bring it, this Court lacks jurisdiction over Plaintiffs' Section 15(a) claims. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019).

## IV. UNDER *THORNLEY*, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' SECTION 15(c) CLAIMS.

Plaintiffs allege that Defendant violated Section 15(c) by profiting directly and/or indirectly from the use of biometric information it collected. (Dkt. 23, ¶¶ 43, 54). Likewise, the *Thornley* plaintiffs alleged that the defendant violated Section 15(c) when it "sold access to Plaintiffs' and the Class' biometric identifiers and biometric information in the Clearview AI App and Database . . . or otherwise profited in Illinois from such biometric identifiers and biometric information." *Thornley v. Clearview AI, Inc.*, No. 20-cv-03843, Dkt. 1-1 (N.D. Ill.), attached hereto as <u>Exhibit C</u> ¶ 15). The Seventh Circuit determined this alleged violation of Section 15(c) was insufficient to confer Article III standing:

> Our job is to decide whether [plaintiffs] have Article III standing to pursue the case they have presented in their complaint. We have concluded that they do not: ***they have described only a general, regulatory violation, not something that is particularized to them and concrete***. . . . Outside of the clumsily named area of "complete preemption," [plaintiffs] may choose to rely exclusively on state law and avoid federal-question jurisdiction. And here, they may take advantage of the fact that ***Illinois permits BIPA cases that allege bare statutory violations***, without any further need to allege or show injury.

*Thornley*, 984 F.3d at 1248–49 (7th Cir. 2021) (emphasis added) (citation omitted). In making this determination, the Seventh Circuit provided examples of particularized and concrete harm under Section 15(c), for example, asserting "that by selling her data, the collector has deprived her of the opportunity to profit from her biometric information"; "that the act of selling her data amplified the invasion of her privacy that occurred when the data was first collected, by disseminating it to

some unspecified number of other people"; or "that the scraping of data from social media sites raises the cost of using those sites in some respect." *Id.* at 1247. Like the plaintiffs in *Thornley*, here Plaintiffs have not alleged that Defendant injured them specifically, rather just that profiting from biometric information is "a necessary component of Defendant's business model." (Dkt. 23 ¶¶ 84, 95). In sum, Plaintiffs' allegations do not confer Article III standing with respect to their Section 15(c) claims because they have not alleged any particularized harm that resulted from Defendant's violations of 15(c).

Courts in this Circuit consistently hold that allegations a defendant sold, traded, leased or otherwise profited from biometric data in violation of Section 15(c) are insufficient to confer Article III standing without particularized allegations of harm. *See, e.g.*, *Halim v. Charlotte Tilbury Beauty Inc.,* No. 23-cv-94, 2023 WL 3388898, at *10 (N.D. Ill. May 11, 2023) (remanding Section 15(c) claim under *Thornley* because plaintiff did not "allege that [d]efendants have injured her in any discernable way that violates § 15(c)"); *Kashkeesh v. Microsoft Corp.,* No. 21-cv-3229, 2022 WL 2340876, at *4 (N.D. Ill. June 29, 2022) ("because the Seventh Circuit's understanding of Section 15(c) as imposing a general regulatory rule retains its precedential force . . . [p]laintiffs do not have standing to pursue their Section 15(c) claim in federal court"); *Gorgas v. Amazon.com, Inc.*, No. 22-cv-5159, 2023 WL 4173051, at *2 (N.D. Ill. June 23, 2023) (granting remand and noting that inclusion of factual details about how defendant profits does not "articulate[] how the [plaintiffs] have suffered a personal, individual harm resulting from the commercial transaction benefiting [defendant]"); *Hogan v. Amazon.com, Inc.*, No. 21-cv-3169, 2022 WL 952763, at *7 (N.D. Ill. Mar. 30, 2022) (same); *Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783, 816 (N.D. Ill. 2022) (defendant "profited from their biometric data ... by marketing the Respondus Monitor product"); *Carpenter v. McDonald's Corp.*, No. 21-cv-02906, 2021 WL 6752295, at *4 (N.D. Ill.

Nov. 1, 2021) (allegations were "little, if any, more than a recitation of the general regulatory violation proscribed by Section 15(c)"); *King v. PeopleNet Corp.*, No. 21 CV 2774, 2021 WL 5006692, at *4 (N.D. Ill. Oct. 28, 2021) (the plaintiff's allegations that the defendant marketed its software and gained a "competitive advantage in the biometric timekeeping marketplace isn't an injury particular to [plaintiff]"); *Hazlitt v. Apple Inc.*, 543 F. Supp. 3d 643, 647 (S.D. Ill. 2021) (same). In sum, because Plaintiffs' Section 15(c) claims allege bare statutory violations, Plaintiffs lack the Article III standing required by *Thornley* to pursue the claims in federal court. As with Plaintiffs' Section 15(a) claims, this Court lacks jurisdiction over Plaintiffs' Section 15(c) claims.

## V. THIS COURT'S LACK OF SUBJECT MATTER JURISDICTION REQUIRES REMAND OF PLAINTIFFS' SECTION 15(a) AND SECTION 15(c) CLAIMS TO THE RESPECTIVE ORIGINATING STATE COURTS.

Plaintiffs' lack of Article III standing for their Section 15(a) and Section 15(c) claims requires that such claims be severed from their other claims and remanded to the Circuit Court of Cook County, Illinois and the Circuit Court of Will County, Illinois – the courts from which this case was removed – because where a district court lacks subject matter jurisdiction over a removed claim, the only authorized result is remand to the originating state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded") (emphasis added); *Collier*, 889 F.3d at 897 (7th Cir. 2018) ("[Section] 1447(c) required the district court to remand this case to state court, because it does not satisfy Article III's requirements"); *Bergquist*, 592 F.3d at 819 (where some parts of a removed case are within federal jurisdiction and others are not, partial remand is appropriate).

Accordingly, this Court may safely follow the numerous district courts in this Circuit that have severed and remanded BIPA claims for lack of subject matter jurisdiction. *See, e.g.*, *Hazlitt v. Apple Inc.*, at *7 (severing and remanding Section 15(c) claim to state court); *Colon*, 2021 WL

492870, at *5 (severing and remanding Section 15(a) claim to the Circuit Court of Cook County, Illinois); *Burlinski*, 2020 WL 5253150, at *4 ("[B]ecause there is no Article III jurisdiction over the Section 15(a) claims, it makes sense to sever and remand those claims back to state court, as the Plaintiffs have requested"); *Stauffer*, 2020 WL 4815960, at *8 ("Plaintiff does not have Article III standing for her Section 15(a) claims . . . [those claims] are remanded to the Twentieth Judicial Circuit, St. Clair County, Illinois"); *Kloss v. Acuant, Inc.*, No. 19-cv-6353, 2020 WL 2571901, at *2 (N.D. Ill. May 21, 2020) ("Applying the *Bryant* Court's holding, we conclude that we lack subject-matter jurisdiction over [plaintiff's] Section 15(a) claims . . . . The Court accordingly severs and remands [plaintiff's] claims under Section 15(a) back to state court for lack of subject-matter jurisdiction"); *Rogers v. BNSF Railway Company,* No. 19-cv-03083, Dkt. 97 (N.D. Ill. Aug. 25, 2021) ("Herein Plaintiff's claim under Section 15(a) of the Illinois Biometric Information Privacy Act is severed and remanded to the Circuit Court of Cook County."); *Roman v. ZK Technology LLC*, 23-cv-15058, Dkt. 38, (N.D. Ill. Oct. 21, 2024) (reversing dismissal of plaintiff's Section 15(a) claim and ordering remand upon motion for reconsideration).

Notably, Plaintiffs' lack of standing to bring their Section 15(a) and Section 15(c) claims in *this* Court does not preclude Plaintiffs from proceeding with the claims in the Circuit Court of Cook County, Illinois or the Circuit Court of Will County, Illinois, where the cases were initially filed. Indeed, the Illinois Supreme Court has held that Illinois courts are "not required to follow federal law on issues of standing, and ha[ve] expressly rejected federal principles of standing." *Lebron v. Gottlieb Mem'l Hosp.*, 930 N.E.2d 895, 917 n.4 (Ill. 2010); *Greer v. Ill Hous. Dev. Auth.*, 524 N.E.2d 561, 574 ("[T]o the extent that the State law of standing varies from Federal law, it tends to vary in the direction of greater liberality").

Accordingly, this Court should sever Plaintiffs' BIPA Section 15(a) and Section 15(c) claims (from the BIPA Section 15(b), Section 15(d), and IRPA claims) and remand those claims to the respective originating courts from which they were removed, each of which has the jurisdiction to adjudicate the Section 15(a) and Section 15(c) claims. Specifically, the Court should remand the foregoing Section 15(a) and (c) claims from the following cases to the Circuit Court of Cook County, Illinois: *Honeycutt et al. v. Tea Dating Advice, Inc.*, No. 2025CH08182 (Plaintiffs Honeycutt, White, and Sago); *Valdez v. Tea Dating Advice, Inc.*, No. 2025CH09023 (Plaintiff Valdez); and *Perry v. Tea Dating Advice, Inc.*, No. 2025CH08668 (Plaintiff Perry). The Court should remand the Section 15(a) and (c) claims from *Diaz v. Tea Dating Advice, Inc.*, No. 2025MR000408 (Plaintiffs Diaz, Sullivan, and Hatfield) to the Circuit Court of Will County, Illinois.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs Smone Honeycutt, Jeresa White, Shantel Sago, Jasmine Valdez, Rodneka Perry, Eric Diaz, Mark Sullivan, and Craig Hatfield respectfully request that the Court enter an Order: (i) severing and remanding Plaintiffs' claims under 740 ILCS 14/15(a) to their respective originating courts as set forth above; (ii) severing and remanding Plaintiffs' claims under 740 ILCS 14/15(c) to their respective originating courts as set forth above; and (iii) for such other and further relief the Court deems reasonable and just.

Dated: June 30, 2026

Respectfully submitted,

SMONE HONEYCUTT, JERESA WHITE, SHANTEL SAGO, JASMINE VALDEZ, RODNEKA PERRY, ERIC DIAZ, MARK SULLIVAN, and CRAIG HATFIELD, individually and on behalf of similarly situated individuals

By: /s/ Ethan Coniglio
*One of Plaintiffs' Attorneys*

Evan M. Meyers
Eugene Y. Turin
Jordan R. Frysinger
Ethan D. Coniglio
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
eturin@mcgpc.com
jfrysinger@mcgpc.com
econiglio@mcgpc.com

Jay Kumar
JAY KUMAR LAW
211 W. Wacker Drive, Suite 200B
Chicago, IL 60606
Tel: (312) 767-7903
Jay@jaykumarlaw.com

Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
STEPHAN ZOURAS, LLC
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
Tel: (312)233-1550
(312)233-1560 f
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

*Attorneys for Plaintiffs and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 30, 2026, I caused the foregoing *Plaintiffs' Unopposed Motion to Remand* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ Ethan Coniglio