**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SMONE HONEYCUTT, JERESA WHITE, SHANTEL SAGO, JASMINE VALDEZ, RODNEKA PERRY, ERIC DIAZ, MARK SULLIVAN, and CRAIG HATFIELD, individually and on behalf of similarly situated individuals, | ) | Case No. 1:25-cv-10885 |
| *Plaintiffs*, | ) | Hon. Martha Pacold |
| v. | ) | |
| TEA DATING ADVICE, INC. | ) | |
| *Defendant*. | ) | |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO REMAND**

Pursuant to the Court's July 6, 2026 minute entry (Dkt. 35), Plaintiffs Smone Honeycutt, Jeresa White, Shantel Sago, Jasmine Valdez, Rodneka Perry, Eric Diaz, Mark Sullivan, and Craig Hatfield (collectively, "Plaintiffs"), file this Supplemental Brief to answer the Court's questions regarding Plaintiffs' motion to sever and remand Plaintiffs' claims under 740 ILCS 14/15(a) and 740 ILCS 14/15(c) ("Section 15(a)" and "Section 15(c)" claims, respectively). (Dkt. 34).

## I. THE COURT HAS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS UNDER 740 ILCS 14/15(d).

Defendant removed to federal court each of the underlying cases in this matter based on subject matter jurisdiction grounds pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d). (Dkt. 1). Article III standing is a distinct component of subject matter jurisdiction. *Macon Cnty., Ill. ex rel. Ahola v. Merscorp, Inc.*, 968 F. Supp. 2d 959, 964–95 (C.D. Ill. 2013). Article III standing requires sufficient allegations of "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."

*Spokeo, Inc., v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citing *Lujan*, 505 U.S. at 560).

As the removing party, Defendant assumes the burden to establish Article III standing for each of Plaintiffs' claims. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) (*per curiam*) (party invoking jurisdiction must establish Article III standing) (citing *Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992)).The Seventh Circuit stated in *Brill v. Countrywide Home Loans, Inc.*, "[w]hichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." 427 F.3d 446 (7th Cir. 2005). In a communication sent June 30, 2026, Defendant stated that it would not oppose remand of Plaintiffs' BIPA Section 15(a) and Section 15(c) claims. Given the lack of opposition to remand those claims – and the clear abdication of its burden to establish Article III standing for those claims – the Court should remand Plaintiffs' Section 15(a) and Section 15(c) claims to state court. *See e.g., Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834, 839 (N.D. Ill. 2017) (court not required to determine Article III standing where removing party failed to plead the existence of subject matter jurisdiction); *Mocek v. Allsaints USA Ltd.*, 220 F. Supp. 3d 910, 912 (N.D. Ill. 2016) (remanding case before deciding Article III standing issue because "the jurisdictional issue is 'easily and readily' resolved based on the parties' post-removal agreement that federal jurisdiction is lacking") (citation omitted). However, neither Plaintiffs nor Defendant has called into question whether the Court retains subject matter jurisdiction over the claims brought pursuant to Section 15(d).

While Plaintiffs do not assume the burden of establishing Article III standing for the Section 15(d) claims, Plaintiffs assert that the Section 15(d) claims sufficiently meet the concrete injury requirement of Article III standing. When considering Article III standing of BIPA claims, the Seventh Circuit has distinguished between concrete informational injuries, "where the alleged

violation deprives a person of substantive information that could plausibly alter future decision-making," and bare procedural ones, "where the alleged violation goes only to the form of the information provided or where the information would not impact future decision-making." *Cothron v. White Castle System, Inc.*, 467 F. Supp. 3d 604, 611 (N.D. Ill. 2020) (citations omitted).

Section 15(d) of BIPA requires entities to obtain a person's consent prior to disclosing or disseminating an individual's biometric data. In *Cothron*, the court held that the plaintiff's Section 15(d) claim constituted a concrete informational injury, because the defendant's alleged failure to obtain consent denied plaintiff the opportunity to object to the dissemination of her biometric information. 467 F. Supp. 3d at 613 (citing *Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 878 (7th Cir. 2020) (A "statutory violation that le[ads] to the deprivation of an opportunity, even if futile as a practical matter, can be enough to establish a concrete injury.")). Here, Plaintiffs assert a concrete informational injury by alleging that Defendant failed to obtain informed consent to disclose their biometric information. (Dkt. 23 ¶¶ 42, 53, 85, 96). *See also Figueroa v. Kronos Inc.*, 454 F.Supp.3d 772, 781–83, (N.D. Ill. 2020) ("With both Section 15(b) and Section 15(d)] claims, [p]laintiffs were denied an opportunity to withhold their consent to the collection or dissemination of their data…. Under *Crabtree*, the denial of that opportunity is sufficiently concrete to confer standing."). Thus, Plaintiffs here have Article III standing and the Court has subject matter jurisdiction over Plaintiffs' Section 15(d) claims.

## II. THE COURT HAS AUTHORITY UNDER 28 U.S.C. § 1447(C) TO SEVER AND REMAND SPECIFIC CLAIMS.

The Court has authority to remand only Plaintiffs' Section 15(a) and (c) claims because of a lack of Article III standing related specifically to those claims. "If some parts of a single suit are within federal jurisdiction, while others are not, then the federal court must resolve the elements within federal jurisdiction and remand the rest—unless the balance can be handled under the

supplemental jurisdiction." *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010) (citations omitted). Supplemental jurisdiction does not extend to claims for which the plaintiff lacks Article III standing. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006). If a court determines it must remand some, but not all, claims, then it may sever those claims under the authority granted by Fed. R. Civ. P. 21 to "sever any claim against a party." *See also Gaffney v. Riverboat Servs. of Ind., Inc.*, 451 F.3d 424, 443-44 (7th Cir. 2006) (approving severance where "[t]he validity of the claims before us does not depend, as a matter of law, on the outcome of the severed claims"); *Hebel v. Ebersole*, 543 F.2d 14, 17 (7th Cir. 1976) ("logically separable" claims could be severed); *Figueroa v. Kronos Inc.*, 2020 WL 4273995, at *5 (N.D. Ill. July 24, 2020) (severing and remanding BIPA claims).

In *Bergquist*, the Seventh Circuit considered claims that were removed pursuant to CAFA's extension of diversity jurisdiction, all of which the district court subsequently remanded after determining it lacked subject matter jurisdiction over some of the claims. 592 F.3d at 818-819. The Seventh Circuit ruled that the district court's decision to remand *every* claim was error, however, because "[f]ederal law does not permit a district judge to remand the complete litigation just because portions belong in state court." *Id.* Rather, the district court was obligated to remand only the claims for which it could not exercise subject matter jurisdiction. *Id.* Severance under Rule 21 also reconciles § 1447(c)'s reference to a "case" with the Court's obligation to return only the claims over which it lacks jurisdiction: once the Section 15(a) and 15(c) claims are severed, they proceed as independent actions, and it is those separate actions—each a "case" within the meaning of § 1447(c)—that are remanded to the originating state courts.

Following *Bergquist*, judges in the Northern District of Illinois have consistently severed and remanded claims under 740 ILCS 14/15 for lack of Article III standing, pursuant to § 1447(c).

*See e.g., Bobro v. Ryder Transportation Sols., LLC*, No. 24 CV 10807, 2025 WL 2108744, at *2 (N.D. Ill. July 28, 2025) (severing and remanding Section 15(a) claim); *Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783, 825-26 (N.D. Ill. 2022) (severing consolidated BIPA claims, remanding Section 15(a) and Section 15(c) claims which had been removed pursuant to CAFA to originating state courts); *Kashkeesh v. Microsoft Corp.*, No. 21 C 3229, 2022 WL 2340876, at *4 (N.D. Ill. June 29, 2022) (severing and remanding Section 15(a) and (c) claims); *Kislov v. Am. Airlines, Inc.*, 566 F. Supp. 3d 909, 915 (N.D. Ill. 2021); *Figueroa v. Kronos Inc.*, No. 19 C 1306, 2020 WL 4273995, at *5 (N.D. Ill. July 24, 2020); *King v. PeopleNet Corp.*, No. 21 CV 2774, 2021 WL 5006692, at *5 (N.D. Ill. Oct. 28, 2021). Accordingly, the Court should interpret 28 U.S.C. § 1447(c) as granting authority to sever and remand Plaintiffs' BIPA Section 15(a) and (c) claims.

## III. THE COURT HAS AUTHORITY TO REMAND PLAINTIFFS' AMENDED SECTION 15(c) CLAIMS.

Although Plaintiffs' BIPA Section 15(c) claims were first brought in the Consolidated Amended Complaint, the Court has authority to remand those claims to the state courts. A federal court may remand claims not asserted in the initial removed complaint but later pled in the federal action, because "[t]he plaintiff is the master of the complaint, and therefore controls much about her suit." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (internal quotation omitted).

In *Royal Canin*, the Supreme Court granted certiorari to resolve a Circuit split concerning whether the existence of subject matter jurisdiction is determined by examining an original removed complaint or the operative post-removal amended complaint. *Royal Canin U. S. A., Inc.*, 604 U.S. at 29–30. The Court ultimately held that held that a post-removal amendment of a complaint deprived the district court of federal jurisdiction as well as supplemental jurisdiction over the remaining state-law claims, and remanded the claims to state court. *Id.* at 44. This

confirms that the jurisdictional analysis is dynamic; the Court must assess jurisdiction based on the operative complaint, and when federal jurisdiction disappears, the state-law claims (whether original or newly added by amendment) belong in state court.

Remanding newly added claims also comports with the general principle that when a court evaluates a motion to remand, "a plaintiff's choice of forum is presumed valid, and the Court must resolve any doubts about jurisdiction in favor of remand." *D.C. ex rel. Cheatham v. Abbott Labs. Inc.*, 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018) (citing *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) ("Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.")). Here, Plaintiffs' choice of forum for its Section 15(a) and Section 15(c) claims is the state court. Further, the Supreme Court's directive to assess the operative complaint for jurisdiction, combined with the *Bergquist* court's directive to remand claims for which the court lacks subject-matter jurisdiction, also provides authority to remand the Section 15(c) claims.

## IV. THE CONSOLIDATED CASES MUST BE SEPARATELY REMANDED.

If the Court were to remand the Section 15(a) and 15(c) claims, then four separate remands to their respective state courts would follow because consolidation pursuant to Rule 42(a) does not completely merge cases, and state courts are not bound by federal court decisions to join cases together.

### A. Consolidated Cases Retain Separate Identities for Remand Purposes.

It is a foundational rule that consolidation does not merge separately filed cases into a single indissoluble action, and that each case retains its separate identity for jurisdictional and procedural purposes. *See Hall v. Hall*, 584 U.S. 59, 66 (2018) ("Over 125 years, this Court, along with the courts of appeals and leading treatises, interpreted [consolidation] to mean the joining

together—but not the complete merger—of constituent cases"). As the Supreme Court explains, consolidation serves to enable efficient case management "while preserving the distinct identities of the cases and the rights of the separate parties in them." *Id.* at 67.[1] Accordingly, the cases are treated individually in procedural and jurisdictional decisions.

For example, in *Maggio v. F.D.I.C.*, the court addressed a motion to sever and remand within a consolidated action, where one of the claims was up for dismissal pursuant to Rule 54(b). 2011 WL 3489887, at *2 (N.D. Ill., 2011). The court ultimately found that once it issued final judgement on one of the claims, there was no basis for federal jurisdiction over the remaining claims within the consolidated action. *Id.* Pursuant to 28 U.S.C. § 1447(c), the *Maggio* court remanded the remaining claims in the consolidated action back to their respective state courts for further proceedings. *Id.* at *3. Likewise, should the Court here decide it lacks jurisdiction over Plaintiffs' respective Section 15(a) and Section 15(c) claims, it must apply that decision to *each* of the consolidated cases and remand their claims to *each* of their respective state courts.

**B. Federal Consolidation Does Not Bind State Courts.**

When a federal district court consolidates cases that were removed from state court, and then subsequently remands those cases, the federal court consolidation is not binding on the state courts. Federal courts' pre-remand consolidation rulings lack preclusive effect in state courts, particularly where remand is for lack of federal jurisdiction. 18B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478.4 (3d ed. Apr. 2026 Update). Similarly, law-of-the-case doctrine acknowledges federal court consolidation rulings but does not deprive state courts of authority post-remand to sever consolidated matters and adjudicate independently. *Id.* Thus, upon remand, the federal court's consolidation rulings lose their binding

[1] Therefore, the Seventh Circuit's commentary in *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) does not apply to a post-consolidation amended complaint for procedural and jurisdictional purposes.

effect, and the cases proceed separately in their respective state courts, consistent with the sovereign authority of those courts. *Id.*; *see also Kislov v. Am. Airlines, Inc.*, 566 F. Supp. 3d 909, 915 (N.D. Ill. 2021) (stating Illinois courts are not required to follow federal standing principles and have expressly rejected them).

Should the Court grant Plaintiffs' Motion to Remand, Plaintiffs will file an amended pleading with the remaining counts under Section 15(b) and Section 15(d) of BIPA, along with the IRPA counts currently within the operative complaint. The BIPA Section 15(a) and (c) counts, once remanded, will be heard in accordance with the state courts' rules.

## V. DISMISSAL OF PLAINTIFFS' CLAIMS IS NOT THE APPROPRIATE REMEDY.

Dismissal is not the appropriate remedy here because, once a court determines it lacks subject matter jurisdiction over a removed claim, § 1447(c) makes remand mandatory. In *Burlinski v. Top Golf USA Inc.*, 2020 WL 5253150 (N.D. Ill. Sept. 3, 2020), the court agreed that the plaintiffs' standing-barred Section 15(a) claims belonged in state court, reasoning that "because there is no Article III jurisdiction over the Section 15(a) claims, it makes sense to sever and remand those claims back to state court." *Id.* at *4. Although the *Burlinski* court ultimately effectuated that result by deeming the severed claims dismissed without prejudice to refiling in state court, *id.* at *8, the disposition it reached is the same relief Plaintiffs seek here. Where the severed Section 15(a) and 15(c) claims can be returned directly to the very state dockets from which they were removed, direct remand is the more precise mechanism for accomplishing that result. The text of 28 U.S.C. § 1447(c) confirms as much, providing that, absent subject matter jurisdiction, the removed case "*shall be remanded*." (emphasis added). *See Intl. Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (rejecting futility as a basis to withhold remand where the state court could still exercise jurisdiction over the claims).

Within the Seventh Circuit, courts have consistently treated remand under § 1447(c) as mandatory—not discretionary—when subject-matter jurisdiction is lacking over claims. In *Mocek v. Allsaints USA Ltd.*, the court held that remand to state court was *required* following removal of a putative class action where the parties agreed that federal jurisdiction was lacking, and confirmed that remand under § 1447(c) is mandatory. 220 F. Supp. 3d 910, 913 (N.D. Ill. 2016). The *Mocek* court rejected the defendant's attempt to obtain outright dismissal with prejudice in lieu of remand, as remand was the only relief to which defendant was entitled. *Id.* at 914. *See also Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) (*per curiam*) (holding remand was required and dismissal was error). Here, the only appropriate remedy is to sever and remand, as the court is required to do so because § 1447(c) provides no discretion to dismiss.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs Smone Honeycutt, Jeresa White, Shantel Sago, Jasmine Valdez, Rodneka Perry, Eric Diaz, Mark Sullivan, and Craig Hatfield respectfully request that the Court enter an Order: (i) severing and remanding Plaintiffs' claims under 740 ILCS 14/15(a) to their respective originating courts as set forth above; (ii) severing and remanding Plaintiffs' claims under 740 ILCS 14/15(c) to their respective originating courts as set forth above; and (iii) for such other and further relief the Court deems reasonable and just.

Dated: July 27, 2026

Respectfully submitted,

SMONE HONEYCUTT, JERESA WHITE, SHANTEL SAGO, JASMINE VALDEZ, RODNEKA PERRY, ERIC DIAZ, MARK SULLIVAN, and CRAIG HATFIELD, individually and on behalf of similarly situated individuals

By: /s/ *Ethan D. Coniglio*
*One of Plaintiffs' Attorneys*

Evan M. Meyers
Eugene Y. Turin
Jordan R. Frysinger
Ethan D. Coniglio
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
eturin@mcgpc.com
jfrysinger@mcgpc.com
econiglio@mcgpc.com

Jay Kumar
JAY KUMAR LAW
211 W. Wacker Drive, Suite 200B
Chicago, IL 60606
Tel: (312) 767-7903
Jay@jaykumarlaw.com

Ryan F. Stephan
James B. Zouras
Catherine Mitchell Duffy
STEPHAN ZOURAS, LLC
222 W. Adams Street, Suite 2020
Chicago, Illinois 60606
Tel: (312)233-1550
(312)233-1560 f
rstephan@stephanzouras.com
jzouras@stephanzouras.com
cmitchell@stephanzouras.com

*Attorneys for Plaintiffs and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 27, 2026, I caused the foregoing *Plaintiffs' Supplemental Brief in Support of Motion to Remand* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ *Ethan D. Coniglio*