**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

SMONE HONEYCUTT, JERESA WHITE, SHANTEL SAGO, JASMINE VALDEZ, RODNEKA PERRY, ERIC DIAZ, MARK SULLIVAN, and CRAIG HATFIELD, individually and on behalf of similarly situated individuals,

*Plaintiffs*,

v.

TEA DATING ADVICE, INC.

*Defendant*.

Case No. 1:25-cv-10885

Hon. Martha Pacold

**ORDER SEVERING AND REMANDING PLAINTIFFS' CLAIMS UNDER 740 ILCS 14/15(a) AND 740 ILCS 14/15(c)**

Pending before the Court is Plaintiffs' Smone Honeycutt, Jeresa White, Shantel Sago, Jasmine Valdez, Rodneka Perry, Eric Diaz, Mark Sullivan, and Craig Hatfield (collectively, "Plaintiffs") Motion to Remand, [34]. Having considered the motion and the parties' responses, [37], [38], to the show-cause order, [35], the Court hereby grants the motion and orders as follows:

1. Plaintiffs' Motion to Remand is GRANTED;

2. The court lacks subject matter jurisdiction over Plaintiffs' claims under 740 ILCS 14/15(a), which allege that defendant "failed to make publicly available a written biometric retention and destruction policy" "as required by 740 ILCS 14/15(a)." [23] ¶¶ 85(a), 96(a). Plaintiffs alleging only a violation of section 15(a)'s provision "requiring development of a 'written policy'"—as opposed to "the provision requiring compliance with" that policy—lack a "concrete and particularized injury" as required for Article III standing. *Bryant v. Compass Grp.*

*USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020). Because Plaintiffs lack standing to bring their section 15(a) claims, the court lacks subject matter jurisdiction to resolve those claims. *See Silha v. ACT, Inc.*, 807 F.3d 169, 172–73 (7th Cir. 2015).

3. The court also lacks subject matter jurisdiction over Plaintiffs' claims under 740 ILCS 14/15(c), which allege that defendant "profited directly and/or indirectly from the use of biometric information collected from" Plaintiffs "as prohibited by 740 ILCS 14/15(c)." [23] ¶¶ 85(f), 96(f). Plaintiffs alleging only that a defendant violated section 15(c)'s prohibition against "the operation of a market in biometric identifiers and information" lack a "concrete and particularized" injury as required for Article III standing. *See Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1247 (7th Cir. 2021) (observing that plaintiffs might have standing for section 15(c) claims if they allege a personal injury such as deprivation "of the opportunity to profit from [one's] biometric information"). Because Plaintiffs lack standing to bring their section 15(c) claims, the court lacks subject matter jurisdiction to resolve those claims. *See Silha*, 807 F.3d at 172–73.

4. Pursuant to 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 21, the Court severs Plaintiffs' claims under 740 ILCS 14/15(a) and 740 ILCS 14/15(c) and directs the Clerk to remand the claims to their respective state courts in the Circuit Court of Cook County, Illinois and the Circuit Court of Will County, Illinois. *See Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010) ("If some parts of a single suit are within federal jurisdiction, while others are not, then the federal court must resolve the elements within federal jurisdiction and remand the rest—unless the balance can be handled under the supplemental jurisdiction."). The Court retains jurisdiction over Plaintiffs' remaining claims. Plaintiffs shall file an amended

complaint containing the remaining claims within fourteen (14) days of the Court's entry of this Order.

5. The severed section 15(a) and (c) claims are remanded as follows:

a. In the Circuit Court of Cook County, Illinois: *Honeycutt et al. v. Tea Dating Advice, Inc.*, No. 2025CH08182 (Plaintiffs Honeycutt, White, and Sago); *Valdez v. Tea Dating Advice, Inc.*, No. 2025CH09023 (Plaintiff Valdez); and *Perry v. Tea Dating Advice, Inc.*, No. 2025CH08668 (Plaintiff Perry).

b. In the Circuit Court of Will County, Illinois: *Diaz v. Tea Dating Advice, Inc.*, No. 2025MR000408 (Plaintiffs Diaz, Sullivan, and Hatfield).

Dated: August 4, 2026

/s/ Martha M. Pacold
Martha M. Pacold
U.S. District Court Judge